UNITED STATES DISCRICT COURT
DISTRICT OF MASSACHUSETT

# 03 -v 11422 MLW

| | |
|---|---|
| STEVEN DRURY<br>　　Plaintiff<br><br>V.<br><br>THE NEW ENGLAND REGIONAL COUNCIL OF<br>CARPENTERS, CARPENTERS LOCAL UNION NO.<br>107, THOMAS HARRINGTON, ART SISKO, SIMON<br>JAMES, and KENNEDY & ROSSI, INC.<br>　　Defendants | )<br>)<br>)<br>)  C.A. NO.<br>)<br>)<br>)<br>)<br>)<br>) |

MAGISTRATE JUDGE _____

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED N/A
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 7-30-03

## NOTICE OF REMOVAL

　　Defendants New England Regional Council of Carpenters, Carpenters Local Union No. 107, Thomas Harrington, Art Sisko and Simon James hereby remove this action from the Superior Court of the Commonwealth of Massachusetts, Worcester Division to the United States District Court for the District of Massachusetts. The basis for removal is as follows:

　　1. Plaintiff filed this action in the Superior Court of the Commonwealth of Massachusetts on or about May 30, 2003.

　　2. The New England Regional Council of Carpenters first received a copy of the summons and complaint on July 25, 2003, and defendant Kennedy & Rossi first received a copy of the summons and complaint on or about July 25, 2003. The other defendants have not been served with a copy of the summons and complaint.

3. Pursuant to 28 U.S.C. §1446(b) this Notice of Removal is filed within 30 days of defendants' receipt of the complaint.

4. Defendants New England Regional Council of Carpenters and Carpenters Local Union No. 107 are labor organizations within the meaning of 29 U.S.C. §152, and defendants Thomas Harrington, Art Sisko and Simon James are officers and/or employees of those labor organizations.

5. Plaintiff Steven Drury is a member of defendant labor organizations.

6. In his complaint, plaintiff asserts claims that the defendants violated his rights as a union member under the "LMRDA" (also known as Labor Management Reporting and Disclosure Act, 29 U.S.C. §401 et seq.) (Complaint ¶13, page 6).

7. As such, plaintiff's action is one of which this Court would have had original and exclusive jurisdiction pursuant to 29 U.S.C. §412, and accordingly, plaintiff's action is subject to removal pursuant to 28 U.S.C. §1441.

8. In his complaint plaintiff asserts claims that the defendants violated his rights under the first, sixth and eighth amendments to the United States Constitution (Complaint ¶1, pages 1 and 2) and asserts that defendants disclosed his Social Security number to defendant Kennedy & Rossi in violation of the United States Code, Title 42, chapter 7, Section 408. (Complaint ¶13, page 7, top paragraph).

9. As such, plaintiff's action is one of which this Court would have had original jurisdiction pursuant to 28 U.S.C. §1331, and accordingly, plaintiff's action is subject to removal pursuant to 28 U.S.C. §1441.

2

10. Counsel for defendants New England Regional Council of Carpenters, Thomas Harrington, Carpenters Local Union No. 107, Art Sisko and Simon James has consulted with counsel for the Kennedy & Rossi, Inc. who has advised that they assent to the removal of this action.

11. Defendants are filing in the state Superior Court and serving on plaintiff notice of their filing of this Notice of Removal.

Date:   July 30, 2003                    Respectfully submitted,

                                         Aaron D. Krakow
                                         BBO #544424
                                         KRAKOW & SOURIS, LLC
                                         225 Friend Street
                                         Boston, MA 02114
                                         (617) 723-8440
                                         Facsimile: (617) 723-8443

                                         _____
                                         Attorney for defendants New England Regional
                                         Council of Carpenters, Carpenters Local Union
                                         No.107, Thomas Harrington, Art Sisko and
                                         Simon James

## CERTIFICATE OF SERVICE

I, Aaron D. Krakow, hereby certify that I caused a copy of the foregoing to be sent this 30th day of July, 2003 to Steven R. Drury, 18 Drury Lane, Templeton, MA 01468 and Gretchen Hamilton, attorney for Kennedy & Rossi, Inc., One Maguire Road, Lexington, MA 02321 by overnight mail.

                                         _____
                                         Aaron D. Krakow

# EXHIBIT A

07/28/2003 14:12 FAX 617 268 1884    CELIA McDONOUGH    KRAKOW SOURIS    ☐004
Case 4:03-cv-11422-FDS    Document 1    Filed 07/30/2003    Page 5 of 12

Cert mail, 0015300003 8528 7234

Commonwealth of Massachusetts republic
WORCESTER SUPERIOR COURT

*************************************************************************

CIVIL ACTION
Verified Complaint

Case # **03-1065 D**

Steven Roland Drury    Plaintiff    In propria persona

VS

Date **May 30 2003**

The New England Regional Council of Carpenters
Thomas Harrington in his (individual Capacity) and as ,Executive Secretary - Treasurer
Carpenters Union local 107, union officers of Executive board under the ,
New England Regional Council of Carpenters local 107 ,
Art Sisko Officially and in his (individual Capacity) and as agent of
local 107 Carpenters union  Simon James, officially and in his (individual Capacity) and as
Senior Agent of Carpenter local 108 ,107 , ect
of New England  Regional Council of Carpenters
Kennedy & Rossi, Inc. and owner ,
Defendant 's

RECEIVED

MAY 3 0 2003

CLERK OF COURTS
WORCESTER COUNTY

*************************************************************************

Parties
Plaintiff

1. Plaintiff names is Steven Roland Drury his current mailing address ,c/o 18 Drury lane

   Templeton , Massachusetts, republic (federal postal zone ) "inf. only ", [01468] )

   I am a natural born Citizen of one of the 50 sovereign States being the
Commonwealth of Massachusetts ( republic ) Drury is protected .Under the state
Constitution and Declaration of Rights   Drury is also a Citizen of the united States of
America and protect thereby  under federal Constitution and The Bill of Rights.
Drury demands all his unalienable rights at all times
. The Plaintiff is  member of local 107 Carpenters Union and joiner of America  My
membership is in good standing  ( Drury is paid till dec. 2003 ) .I have been a member for
(22 )years  At all times relevant to this complaint the Plaintiff   continues to be a member
of local 107 Carpenters union.  further  At all times relevant to this complaint the Plaintiff
shall hereby be known form this point on as " Drury" .  Drury reserved all common law
rights and constitutional rights at all times at to the 8th and 6 amen of U.S Constitution
within this complaint  as stated

The Plaintiff has Rescinded his social security number. The Plaintiff's religious beliefs and religious freedoms, guaranteed by the state and federal constitutions, reserved this right This information have been told to all the Defendants. The Defendants refuse to accommodate at all times in the material to this complaint any and all Drury's religious beliefs. Drury has shown, to work in the united States of America, a citizen does not have to have a SSN. The union and its agents and signatory companies (Defendants) have Impinged upon Drury's freedom of speech and State and federal Constitutional rights. upon this issue End .

## Defendants

2 The Defendant, New England Regional Council of Carpenters (herein referred to as "NERCC") is a labor organization with a principal business address located at 803 summer street 4th floor, South Boston, Massachusetts The "NERCC" represent all of new England At All Times NERCC is material to this complaint

3 The Defendant, Thomas Harrington (hereafter referred to as "Harrington") at all times Harrington is relevant to this Complaint in his official and personal compassidy with and including the NERCC in his office compassidy as Executive secretary - treasurer his working address is 803 summer street, 4th floor South Boston ma.
federal postal zone [02127-1616 . Harrington home address unknown

4 The Defendant, Art Sisko (hereafter referred to as "Sisko") at all times material to this Complaint is an official of the NERCC and acting agent for local 107 Carpenters union, Sisko working address is 29 endicott street worcester ma 01610, Sisko home address unknown at this time Sisko at all time relevant to this complaint

5 The Defendant, Carpenters Union hall local 107 ( hereafter referred to as local 107 ) at
all times local 107 union is relevant to this complaint, Local 107 principal business address at 29 Endicott St., Worcester, Massachusetts 01610

6 The Defendant, Kennedy & Rossi (hereafter referred to as same ) at all times Kennedy and Rossi is relevant to this Complaint Kennedy and Rossi is a business, located at 1 Maguire rd , Lexington , Massachusetts , 02420 Owner name not known at this time. Plaintiff reserves the right to amend complaint to include owner as a Defendant. personally , Kennedy and Rossi are a local state business and performing such work under contract with brotherhood of Carpenters "NERCC" in the Commonwealth of Massachusetts

7 The Defendant Simon James (hereafter referred to as "James ") at all times material to this complaint is a Senior Agent his working address is 29 oakland street , Springfield , Ma 01108 "James" home address is not known at this time Plaintiff reserves the right to add/ amend to add Mr Simon James to his complaint Officially and personal capacity

Statement of Facts

8 The Plaintiff has been a union member for approximately 22 years . Drury is a member currently in good standing with the Defendants union hall " local 107 ". Drury pays yearly union dues @ sum of 20 dollars per month to local 107. Drury presently has only 6.7 points in 22 years towards Drury property ie (retirement) This is due to Defendants actions. over the years and presently
Drury has been unemployed for 14 months presently. Drury has been instructed By the Defendants to be not given referral because of his prosition or stand on amending w-4 Irs documents and SSA use of ( id) number and I-9 , INS forms Drury always asking for the law that requires him to sign such forms . Drury has been told by union officers Defendant Sisko , Harrington, James , who all support Sisko approved instruction/ action against Drury rights The Defendants who by coercion and by intimidation and threats and interference who threaten job lost of Drurys employment . Presently Drury has not be given referrals by the union hall due to defendant Sisko decision to not send

Drury out to work by union referrals because of Drurys right to amend and provide documents upon his own behalf Drury Has been told and Blame and scorn by the defendants as a trouble maker Defendant has stated the Drury send a bad reflection on the union itself due to Drury Stand on his legal rights . Drury has relied on in the past For work referral which do not come in any longer nor does he expect any due to Sisko letter in May 2003

This has cause Drury much damages and suffering Drury has never been hire by signatory contractors sense 1990 other then by referrals form the union hall

9 As of the month of June 14 2000 , Drury was called By union rep Art Sisko "Sisko 'under the agreement and by his Sisko authority and duty told Drury to go to job site in town of Groton whereby Kennedy and Rossi had a project ongoing and a agreement with the union of Carpenter to hire members of the union Sisko has stated that under art 8 section 5 of the Carpenters agreement Sisko Can and does compel a member to sign w-4 and provide information for I-9 forms including SSA or SS# and that these forms are the forms and documents spoken on in the agreement Drury Disagrees , Drury asked time of hire for the law before he sign any document . Drury never has given permission to give documents of private information or a release of such information Drury has ask to see proof of Sisko Legal Authority to ask for such documents which was not been provided to Drury respectfully

Sisko refuse , to read or accept any documents form Drury due to Drury was not a lawyer or expert in the field Drury demand to be given written proof of Sisko legal authority to force Drury to sign w-4 or give SS# or provide I-9 personal information under law to him Drury . Drury is presently not given referrals form union rep , Art Sisko rep form union hall local 107 and is out to keep Drury form getting employment and insurance and or contributing to retirement Sisko has stated to Drury he wants Drury out of the union Sisko and James and Harrington all acting in concert perform a non performance and black balling of Drury due to any members who protect there legal right to exercise there rights on said documents or privacy rights those members who exercise there legal right

to not have a withhold agent or withhold any tax under subtitle C or subtitle A in the IRC title 26 USC

10 On or about April 4 2003 Drury sent out a letter (constructive legal notice and demand for answer ) this notice went unanswered by all of the Defendant listed , Kennedy & Rossi Art Sisko ,NERCC and Simon James , Art Sisko , Tom Harrington local 107 and its agents ect..

13 On or about June 12, 2000 Drury was sent to Defendant Kennedy and Rossi project / job site by referral form union hall to a private school in Groton Ma, whereby Drury work for three days and provide his own documents Affidavit of citizenship attachment to w-4 which were refuse by Kennedy and Rossi . Upon the 3 day Kennedy and Rossi demanded that I give them a SS# Kennedy Threaten Drury of job lost if he did not give his SS# and sign forms  Drury called the union hall whereby Drury was refuse help by union rep Art Sisko however they illegally gave my rescinded old SSA number to the Defendant Kennedy and Rossi agents who were Andrew Taulus , Bill Madox , Jhon Schromn , ALL Interfere with Drury rights and demanded by intimidation without union representation (Barry said Steward ) was ask to attend but refuse , and by threaten Drury prosition /job Kennedy and Rossi by use of Coercion told Drury Better sign w-4 the right way and provide his SS# or he is out of here Drury did refuse but only before signing such forms w-4 and I-9 forms but did not provide his SS# and Drury requesting to see the law and Kennedy and Rossi authority to ask for such information on the matter There was no present of the union steward or rep whereby no representation was able for Drury who ask for it and was refuse . Kennedy and Rossi did not give Drury any recourse other then to comply with the will of Kennedy and Rossi Drury call Union Hall . Drury was refuse union representation twice and then was layoff and told to leave the project Drury dad soon after died from his sickness Drury was taken care of his father and needed the work Drury did provided his signature upon a w-4 and INS I-9 form however sign them under duress and sign line 7 in the w-4 claiming exempt , when paid his last check taxes where not withheld ,even as it as a issue by said Kennedy and Rossi agents working for the

defendant Kennedy and Rossi , who state you can not take taxes out if we don't have your number ? Drury was then order off the job site and told to leave the project and was then paid off Ck # 5331 in the amount of $526.56 that week Drury received a Carpenter stamps later in the next week in the mail with stamps for the work hours work on the project Drury file a complaint (Grievance ) on June 15 , 2000 that was never given any union merit . Drury was discharge form Kennedy and Rossi and called " Crazy " Steve by the Steward on 06/13/00

The Defendant Kennedy & Rossi supervisor , foreman , did work as agents in concert together to rid Mr Drury form the project . Drury ask to see the law in which his contract agreement would demand this was not entertain by the Defendants what so ever and was refused whereby Drury was never given such consideration by Kennedy & Rossi Drury Contacted Kennedy and rossi office by letter and received letter form there lawyer a letter inviting a law suit where by this was said by all agents on the job project They didn't Care to know the law they only care to remove Drury due to his question there thinking and asking for there proof , Kennedy and Rossi lawyer letter Stated what happen was a first time event for Kennedy and Rossi whereby a letter was sent to the union hall restricting .Drury form further employment with the defendant Kennedy and Rossi . Drury file a Grievance with the union on Kennedy and Rossi and was not given such hearing .due to a letter Drury received by Sisko who action not on Drury behalf but supporting The Contractor

Drury was in fact then expressly told by letter by Defendant Sisko in this letter dated later in the month of June 21 2000 Defendant Sisko stated to Drury upon his filing of his grievance "The Grievance would not be process" this is a violation under LMRDA and the bill of rights under union member rights it is non performance of union representation and responsibilities to duty to its members and damage Drury This is also violation of Drury civil rights "in law " , Drury is still persistent in refusal to fill out voluntary forms (the letter stated ( " WE CAN NO longer refer you to employment opportunities ") this letter will be introduce as evidence . The letter is hand sign by the Defendant Sisko and later confirms by Defendant Tom Harrington , and Simon James who agreed and work in concert to stop Drury rights and privacy protection rights and right to not be included in

such voluntary government programs such being SSA , The Union agents did nothing to stop the injustice happening to Drury , Drury remains unemployed

Drury civil rights and Constitutional rights has been violated Drury was intimidated and his Religious beliefs where also not entertain Every act did by defendant to Drury did Cause Drury Damages Drury is being held to a stand that the defendants have which is erroneous to the plaintiff The Defendants agents in union gave Defendants Kennedy and Rossi The plaintiffs Drury his SS# whereby the defendant uptain his SS# illegally by union local 107 and its agent Art Sisko a violation of federal Law Title 42 chap 7 sec 408 sup A-8

## Count 1

### MGL CH 12 SS 11 I Kennedy and Rossi

14 , The plaintiff realleges and incorporates the preceding paragraphs 9, 10,13

defendant Kennedy and rossi by means of Threats and intimidation and coercion to interfered or attempt to control the plaintiffs right to exercise his rights secured by the united States Constitution and the Massachusetts declaration of rights

## Count 2

### M.G.L Ch 12 SS 11 I Art Sisko

15 The Plaintiff Realleges and incorporates the preceding in (9 , 10 , 13 in concert with defendants in such paragraphs , did by means of threats and intimidation and coercion to interfered or attempt to control the plaintiff by preventing the plaintiff right to exercise his rights secured by the united States Constitution and Massachusetts Declaration of Rights

## Count 3

### M.G.L Ch 12 SS 11 I Tom Harrington

16 The plaintiff realleges and incorporates the preceding 9, 10 , 13 in concert with the defendants in such paragraphs ,did by means of threats and intimidation and coercion to interfered or attempt to control the plaintiff by preventing the rights to exercise his rights secured by the united States Constitution and Massachusetts Declaration of Rights

## Count 4

### M.G.L Ch .12 ss 11 I Simon James

The plaintiff realleges and incorporates the preceding 9, 10, 13 in concert with Defendants in such paragraphs, did by threats, intimidation and coercion interfered or attempt to control the plaintiff rights by preventing plaintiff his rights secured by the united States Constitution and the Massachusetts Declaration of Rights

Wherefore the plaintiff Steven R Drury demands judgment against the defendants Kennedy and Rossi, Arts Sisko, Carpenter Union hall 107, NERCC, Tom Harrington, Simon James, in amount to be determined at trail, plus interest, retirement cost, and Cost.

Plaintiffs Claim trial by Jury

By In propria persona

Steven R Drury
c/o 18 Drury lane
Templeton, Massachusetts
federal postal zone [01468]
dated May 30 2003