UNITED STATES DISCRCT COURT
DISTRICT OF MASSACHUSETT

| | |
|---|---|
| STEVEN DRURY,<br><br>    Plaintiff,<br><br>V.<br><br>THE NEW ENGLAND REGIONAL COUNCIL OF CARPENTERS, CARPENTERS LOCAL UNION NO. 107, THOMAS HARRINGTON, ART SISKO, SIMON JAMES, and KENNEDY & ROSSI, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. NO. 03-11422-MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION FOR RELIEF FROM L.R. 81.1
## REQUIREMENT TO FILE COPY OF STATE COURT RECORD

Defendant New England Regional Council of Carpenters (NERC) respectfully moves for relief from the requirement of Local Rule 81.1 that the removing party file a certified copy of the state court record within 30 days on the ground that the state court is refusing to provide a certified copy of the record. In support of its motion, defendant NERC sates as follows:

    1. Plaintiff pro se filed this action in the Worcester County Superior Court, and NERC filed its Notice of Removal in this Court on July 30, 2003.

    2. On July 31, 2003, defendant filed in the Superior Court notice of its filing of the Notice of Removal, together with a copy of the Notice of Removal itself.

    3. In order to comply with its obligations under Local Rule 81.1, at the same time it made its filings in the Superior Court on July 31, 2003 defendant NERC also requested in writing that the court provide a certified copy of the state court record.

4. On or about August 1, 2003, plaintiff Drury filed in the Superior Court a document entitled Motion to Deny the Removal of Defendants to Federal Court.

5. Notwithstanding the express mandate of 28 U.S.C. § 1446(d) that "the State court shall proceed no further unless and until the case is remanded" by the federal court, the state court scheduled a hearing on plaintiff's motion for August 25, 2003.

6. The Superior Court Clerk's Office has advised the undersigned counsel's office that it has been directed not process the removal until after the Superior Court rules on plaintiff's motion, and that it will not provide NERC with the requested certified copies of the record until after the ruling.

7. Defendant believed that it would have sufficient time after the August 25 hearing to obtain and file with this Court certified copies of the state court record.

8. At the hearing on August 25, 2003, however, Superior Court Judge John S. McCann advised that it was the policy of the court not to proceed with a hearing on a motion involving a pro se party in the absence of a court reporter, that there was no court reporter available, and that, as a result, the hearing would have to be rescheduled.

9. The hearing on plaintiff's motion is currently scheduled for September 22, 2003.

10. Despite diligent efforts, defendant NERC has been unable to secure a certified copy of the state court record within the time provided by Local Rule 81.1.

Wherefore, defendant NERC respectfully requests that it be granted an extension of time to file a certified copy of the state court record until 30 days after the Superior Court's September 22, 2003 hearing, or October 22, 2003.