UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN DRURY,<br><br>    Plaintiff,<br><br>V.<br><br>THE NEW ENGLAND REGIONAL COUNCIL OF CARPENTERS, CARPENTERS LOCAL UNION NO. 107, THOMAS HARRINGTON, ART SISKO, SIMON JAMES, and KENNEDY & ROSSI, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. NO. 03-11422-MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF CHRISTOPHER N. SOURIS

Christopher N. Souris, under penalties of perjury, hereby declares based on personal knowledge as follows:

1. I am counsel of record for the Union defendants in this action, and submit this Declaration in connection with both their opposition to plaintiff's motion to remand and their motion to dismiss.

2. Attached as Exhibit A is a copy of excerpts of the Union's collective bargaining agreement, including Article VIII, Section 5, to which plaintiff refers in paragraph 9 of his Complaint.

3. Attached as Exhibit B is a copy of the letter sent by Art Sisko to plaintiff on June 21, 2000 to which plaintiff refers in paragraph 13 of his Complaint.

I declare under penalties of perjury that the foregoing is true and correct this 12th day of September 2003.

_____
Christopher N. Souris

## CERTIFICATE OF SERVICE

I, Christopher N. Souris, hereby certify that I caused a copy of the foregoing to be sent by first class U.S. mail this 12th day of September, 2003 to Steven R. Drury, 18 Drury Lane, Templeton, MA 01468, Gretchen Hamilton, attorney for Kennedy & Rossi, Inc., One Maguire Road, Lexington, MA 02321 and Douglas W. Phillips, Holland & Knight, 10 St. James Street, Boston, MA 02116.

_____
Christopher N. Souris

# Exhibit A

may be made by company payroll check not later than Thursday except that payment is to be made no later than Wednesday when a holiday falls on Friday.

When payment is made by check, the Employer shall make suitable provisions locally for cashing of checks without charge to the employee. The Union may require an Employer to pay in cash or certified check whenever a check is not honored or whenever there is doubt of the ability of the Employer to meet its financial obligations under this agreement. In the event that any wage check is not honored by the bank on which it is drawn for reason of insufficient funds, there shall be a penalty of one day's pay for each check drawn. Any charges incurred by the employee because of a bad check will be reimbursed by the employer.

The Employer, when paying by check, shall have a detachable stub to be retained by the employee. The Employer shall include on the check stub and/or on the pay envelope the following information:

> Name of Employer - Name or Identification of Employee - number of hours worked - social security deduction - federal withholding deduction - state withholding deduction - net pay of employee - dates covered by pay.

The Employer shall furnish to each employee a statement in writing giving the period of his or her employment and his or her gross earnings upon written request of employee within thirty (30) days.

Carpenters shall not be required to fill out or sign any forms, whether before or after being hired, except those required by Federal and State law, with the exception of acknowledging the receipt of copies of company policies regarding sexual harassment and/or safety.

Section 6. Carpenters who do not receive their pay before the end of their normal work day and who are required to wait beyond quitting time for their pay shall be paid extra for the waiting time at the straight-time rate.

Section 7. Carpenters who voluntarily quit are to be paid not later than the first regular payroll day following.

Section 8. Carpenters shall be paid during their working hours and at the station of their work. Otherwise, they shall be allowed not less than fifteen (15) minutes to reach the job site office of the employer to get the pay.

## ARTICLE 9

### Dues Assessment

Section 1. The employer shall deduct 2.5 percent of the total package paid to an individual carpenter (or any other amount subsequently and lawfully decided) for each hour worked by each carpenter working within the territorial jurisdiction of this Agreement. The employer shall

5. The failure of the Employer to pay wages provided herein

## ARTICLE 25

### Breach of Agreement

Only the Employer who violates the terms of this Agreement shall be liable for such violations, and neither the Associations nor the other members of the Associations shall be held liable therefore. Liability of the Associations hereunder shall be limited to the case of a violation hereof by the Association. In the event any member of the Associations violate the terms of this Agreement, the Union shall not take punitive measures against Associations or any members thereof except the offending member.

## ARTICLE 26

### Grievance and Arbitration

<u>Section 1.</u>    In the event a grievance arises, other than jurisdictional disputes, a meeting shall be held between the contractor or its accredited representatives and the Union. For Association employers, if a settlement is not reached at this point, the parties shall contact the Association of which the contractor is a member. A representative of the Association shall confer with representatives of the Union and the contractor to endeavor to settle the dispute. Any grievance not filed in writing within sixty (60) days from the day of the occurrence on which the grievance is based, shall be forever barred. If the dispute is not settled at this conference, it shall be subject to arbitration.

<u>Section 2.</u>  A Committee shall be appointed as an arbitration board to consist of not more than two (2) members from the Union and not more than two (2) members from the Association to who will be referred any grievance involving an interpretation of this contract including grievances concerning contractors who are not members of the Associations. Association members shall have the option of waiving the joint board step and proceeding directly to the American Arbitration Association. The association members must exercise this option within seven (7) days of the grievance. The board shall meet to consider and act on the matter within three (3) days, and the decision of the board shall be final and binding on both parties. The board shall make its decision within seventy-two (72) hours. In the event of the failure of the board to arrive at a solution, the case shall be referred to one of the of following two arbitrators-- Mark Irvings and Larry Katz -- in rotating order, and the arbitration shall be conducted under the voluntary labor arbitration rules of the American Arbitration Association, and the decision of the umpire shall be final and binding on both parties. The board of arbitration or umpire shall not have the power to add to, subtract from, or modify any term of this agreement. The cost of the arbitration shall be borne equally by both parties to the grievance. The time deadlines may be extended by agreement between the Union and the Association. A non-association employer whose actions are the subject of a Grievance shall have no say in extending the deadlines.



# Exhibit B

NEW ENGLAND REGIONAL COUNCIL OF CARPENTERS, AFL-CIO

# United Brotherhood of Carpenters and Joiners of America

29 ENDICOTT STREET
WORCESTER, MA 01610



TELEPHONE (508) 755-3034
FAX (508) 752-6714

ART SISKO
REGIONAL COUNCIL REPRESENTATIVE
WORCESTER OFFICE

21 June 2000

Mr Steven R Drury
18 Drury Ln
Templeton MA 01468-1317

Dear Brother Drury:

I am writing in response to your undated fax concerning your recent referral to and layoff by Kennedy & Rossi.

As we have explained many times before, our collective bargaining agreement permits employers to mandate that employees fill out and sign any pre-hire forms required by law and that, since the INS-9 and the IRS W-4 are required by federal law, employers who refuse to hire you or who lay you off for refusing to fill out and sign the forms are not violating the agreement. For this reason, we will not process a grievance concerning your discharge by Kennedy & Rossi.

As you know, the National Labor Relations Board in recently dismissing your unfair labor practice charge, expressly stated that the Union did not violate its duty of fair representation in refusing to process a grievance concerning your discharge by another employer under similar circumstances.

This is also to advise that, based on your persistent refusal to fill out and sign the federally mandated forms and the repeated problems that have arisen as a result of that refusal, we can no longer refer you to employment opportunities. As you know, this Union frequently receives requests from signatory contractors for referrals of unemployed carpenters on less than a day's notice. One important feature of our collective bargaining relationship with contractors is their ability to rely on the Union as a source of meeting fluctuating staffing needs on very short notice. A contractor who calls the Union for a referral of a carpenter the next day does so because the contractor needs to have an additional carpenter on the job and working the next day. Referring a carpenter who we know the contractor requesting the referral will not be able to hire because the carpenter, as a matter of principal, refuses to sign the forms that the government requires it to have its employees sign obviously disrupts the contractor's operations and threatens our relationship with such contractors.

Particularly now with the new mobility provision in our collective bargaining agreement, many employers are not required to use the Union as a source of staffing for construction projects in our area. Employers who request carpenters for the next day but who get carpenters that we know are unemployable are going to feel that they cannot rely anymore on Local 107 for their

staffing needs, and they now can and will go elsewhere--someting that would adversely affect the interest of all Local 107 members who use the Local for referrals.

We have encountered no signatory contractor willing to hire a carpenter who refuses to sign the federal forms. In fact, as we understand it, employers are required to have their employees sign the federal forms and violate the law and face monetary liability and other sanctions if they fail to do so.

Accordingly, as long as you refuse to fill out and sign the I-9 and W-4 forms, we can no longer refer you to contractors requesting referrals.

As we have explained to you in the past, however, the Union does not operate as exclusive hiring hall. Consequently, members are free to, and a great many do, solicit their own work and make their own arrangements with contractors for employment. You are free to do so yourself, and we encourage you to do so. We also work hard to keep abreast of upcoming construction projects in the Local's area and to advise members particularly in membership meetings, so they can go solicit their own work. We encourage you to take advantage of these opportunities. We also suggest you notify prospective employers at the outset that you refuse to sign the federal forms so that they do not end up in the same position that the employers to whom we have referred you recently found themselves. If you find a contractor who will hire you without requiring you to sign the federal forms, let us know immediately and we will keep you in mind if it requests referrals.

Of course, if you ever change your mind and agree to sign the federal forms, let us know and we will consider you again for referrals.

Fraternally,

*[signature]*

Art Sisko

cc:   Simon James, Sr Council Representaive

AS/cd