UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEVEN DRURY, )
)
    Plaintiff, )
)
V. )
) C.A. NO. 03-11422-MLW
THE NEW ENGLAND REGIONAL COUNCIL OF )
CARPENTERS, CARPENTERS LOCAL UNION NO. )
107, THOMAS HARRINGTON, ART SISKO, SIMON )
JAMES, and KENNEDY & ROSSI, INC., )
)
    Defendants. )
)

## MEMORANDUM OF UNION DEFENDANTS IN OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL

Defendants New England Regional Council of Carpenters, Carpenters Local 107, Thomas Harrington, Art Sisko and Simon James respectfully submit this memorandum in opposition to plaintiff's motion to disqualify the undersigned counsel and his firm from representing defendants.

### ARGUMENT

Plaintiff claims that defendant's counsel should be disqualified because (1) since plaintiff is a dues-paying member of the Union, he in effect is paying for defense counsel's attorneys fees in connection with plaintiff's case against defendant and (2) counsel may become a witness in this matter. He alleges that both circumstances create a conflict of interest. Both grounds are baseless.

1. As an initial matter, if accepted, plaintiff's argument about the use of his dues payments would disqualify *any* lawyer from representing a Union for a fee in a dispute with a member since the only source of Union funds is membership dues. Whomever the Union hires would be paid from the same source. Defendant is aware of no authority for disqualifying counsel representing a labor organization in all disputes involving members of the organization merely because the member pays dues into the organization's general fund from which the organization pays its attorneys fees.

Additionally, although the undersigned represents plaintiff's Union, he does not and has never represented plaintiff himself. The *Union* represents plaintiff for collective bargaining purposes. The undersigned represents the Union, but his client in all matters dealing with the Union's collective bargaining functions is the Union itself and not individual Union members. Accordingly, there is no sense in which the undersigned is representing "both the buyer and seller," as plaintiff put it, and there is no conflict of interest.

2. Plaintiff's assertion that counsel "may be called as a witness" is equally baseless. A central feature of this case is the application of a provision of the Union's collective bargaining agreement dealing with filling out and signing federally mandated employment forms such as the IRS Form W-4 and the INS I-9. Plaintiff views that contract provision to be "vague in its terms." Accordingly, plaintiff asserts the Union's counsel may have to be called "to explain the terms and meaning of the contract." Even if the clause eventually is deemed to be vague or ambiguous, there is no circumstance which counsel can imagine in which he would be permitted to explain, *as a witness in an evidentiary hearing*, the meaning of the contract clause at issue. The clause was, by definition, the product of collective bargaining and any ambiguities in

2

its terms can be addressed as an evidentiary matter by parole evidence presented by the union and employer parties to the negotiation of the agreement.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to disqualify should be denied.

Date:  September 12, 2003          Respectfully submitted,

Christopher N. Souris
BBO #556343
KRAKOW & SOURIS, LLC
225 Friend Street
Boston, MA 02114
(617) 723-8440
Facsimile:  (617) 723-8443

Attorney for defendants New England Regional Council of Carpenters, Carpenters Local Union No.107, Thomas Harrington, Art Sisko and Simon James

## CERTIFICATE OF SERVICE

I, Christopher N. Souris, hereby certify that I caused a copy of the foregoing to be sent by first class U.S. mail this 12th day of September, 2003 to Steven R. Drury, 18 Drury Lane, Templeton, MA 01468, Gretchen Hamilton, attorney for Kennedy & Rossi, Inc., One Maguire Road, Lexington, MA 02321 and Douglas W. Phillips, Holland & Knight, 10 St. James Street, Boston, MA 02116.

Christopher N. Souris

3