United States District Court,
~~Worcester Superior court~~
\
District ~~county Worcester~~, being in Commonwealth of Massachusetts republic    Boston.

Steven Roland Drury        plaintiff        Civil action # ~~WOCV2003-01066~~
                                            C 03-11422 - MLW

VS

Defendants

The New England regional Council of Carpenters,

Carpenters local 107 Mr .Art Sisko (in his personal compacity

Simon James (and his personal compacity )        **Supportive argument**

Thomas Harrington  (in his personal compacity )        **to jurisdiction ( state )  &**

Kennedy & Rossi , Ing  and owners  ( not known )  **(short) Brief  in support of law suit**

                                    **& motions  to STRIKE DISMISSAL,**

---

Now Comes  Plaintiff (Mr  Steven Roland Drury  In propria persona , sui juris  ) Plaintiff

reserves all  common-law rights and Constitutional  rights and waves none. (  Plaintiff

reserves jurisdiction over his person  in law at  All Times )

The past acts of the defendants which happened in the jurisdiction of the State of

Massachusetts where  by the said defendants,  claim due to reference in the plaintiff

complaint that due to [labor  management relations act ] said forth known as ( LMRA)

the plaintiff  may be in jurisdiction of federal court ,However the plaintiff only gave

reference to such violations  in alignment in the complaint   The plaintiff does not have to

pursuit his case to federal court or file with the LMRA  and time would prevent such

matters as they went forth by , NLRB  and EEOC , The plaintiff seek union  administrative

remedy there of an it was denied by the union The Plaintiff is allowed in law to file a action and to protect his ( Drury ) rights under his Constitutional The rights to pursue in Art III court is his objective , to seek remedy , The Plaintiff file his complaint in a state jurisdiction under art 3 court , but , due to the acts of the defendants and the subject matter is within The powers of the state decide .to cancel his case held in state court and await jurisdiction matters over person and subject matter , The plaintiff points to this case as there is case law see , In pennoyer Vs Neff plaintiff incorporates this herein into his complaint that federal court doesn't have power over the people who are not within the territorial borders of the federal government The plaintiff Can not surrender his jurisdiction over his person or the subject matter as all acts happen within state jurisdiction the Defendants must show that the acts was upon or with in a territorial boarder or enclave not control by the state Commonwealth of Massachusetts the defendants has represented an agency LMRA as a matter of jurisdiction and wants the plaintiff to wave his said jurisdiction rights by removing his case The plaintiff says NO and means NO , to the federal court , under 1441 , The Defendants claim that the subject matter jurisdiction is in the public interest and must be decide as a matter of law in the federal court and under union contracts subjects matters for the federal court The defendants claim that the plaintiff must exhaust all administrative remedy The plaintiff answer to all the above is as follows   The LMRA

has no jurisdiction over the subject matter it is not before that agency and the plaintiff doesn't have to file his action with such as its a matter of jurisdiction The union question before this court on the contract is agree with the contract says what it says however it doesn't say what the defendants want it to mean , The plaintiff states that the subject

matter is a matter of law all ready presently written and has been given to the defendants

in good faith whereby they discharge the plaintiff, The defense Can not show the

honorable court "any law " in which the plaintiff would be bond by duties or force to sign

and give a SS# to work within the united States of America and without UNITED

STATES the defendants can not show any law or reg. that would demand the plaintiff

to sign a I-9 form or a w-4 form , however the plaintiff will provide documents in

question to the court for proof, , The defense can not show a claim that would entitle

them to not represent there acts as a discrimination or out right threat to the plaintiffs

right to earn a liviling supported under the rights of the Massachusetts Constitution

This case arises form state contracts and state corporations

under state jurisdiction The plaintiff file his complaint correctly and does not wish to

move his claim however he wants the court to ID itself as a art 3 court "in-law" as

required . The defendants want intrepretation of the union contract are to suit there

understanding with there signatory contracts the plaintiff agrees that the contract

statement art 8 section 5 says what it says, however it is the defendants who intrepid the

contract be include such terms that are not presently worded within the contract or in law

as the case may well be as to the w-4 or to whom it applies , which must be a question for

the court or jury to answer , The plaintiff also points out that it is the defendants without

authority to do so that demanded and discharge the plaintiff for not providing a SS# and I-

9 signature and or signature on the w-4 when the plaintiff provide attachments and

affidavit In law to the defendants upon which the defendant had no liability in law or

reason other then to discriminate the plaintiff by way of force and intimidation to

comform to the will of the defendants and to punish the man (the plaintiff and his family )

not to mention that they want me to sign a forms  with a jurat under law and because the

contract states only under federal and state requirements  plaintiff understand that

meaning to provide if he question such documents  that someone should provide the law

requirement , the plaintiff understanding of the income  to be see  Eisner vs macomber

252 u,s 189  And the duties or right to tax  on work under case law see _ Jack Cole  Vs

Mcfarland 377 s,w, 453

 And Redfield vs Fisher, 292p.813 ___  s well as other cases  not shown  held for jury _ The

plaintiff feels his  right to earn a living  has been taken form him due to the defendants

forcing  there  interest and will upon him and refusing to give referrals  callin form the

union hall this is in part due to not giving SS#  or signing  w-4  there way and  or signing

and placing private information  on  INS I-( 9) form s when reg. 274 under intermeanate

workers ( part time ) the status of natives not adress plaitiff beleaves he  may  not have to

provide this form  also natives ( being born in one of 50  states consider  ) in the union of

states  doesn't have to provide  ID and should have no dealing with INS I-9  forms title is

for  non citizen and permited citizen  to work withinthe united states jurisidtion  the

plaintiff will show that the form is of federal jurisdiction and has no enforcement upon his

natural being  due to he is not in the jurisdiction and doesn't work for listed employers on

the form

As to the jurisdiction of the state


_The plaintiff  prays the court understands that this may issue  be a matter between  the

two parties and the plaintiff [only ] That this matter before the court  is a private dispute

see korp vs Raytheon co. 707F .supp.63 68 70 ( d mass  1989)  also Barry vs national

colleciate athletic ass'n  707 f supp 57 -60 ( d mass 1988)  in support of his claim

The plaintiff requests this  honorable  court to dismiss all motions filed in federal court

due to the defendants  mistakening   issue And forward  the case is a state jurisdiction

matter   and to bar all motion  that did not include  sworn affidavits  sign by in form by

said  defendants  , , plaintiff prays the court  keep or / remand  it back to place of  state

jurisdiction The plaintiff  prays the court not  dismiss the case  for not adhearing to some

process or rule as the plaintiff is not a lawyer or member of the bar   that  would  deny  the

Plaintiff  due process The defense seeks  removal  due to due process  issue  question

being federal public issues or union contract  The plaintiff , has the right to file his case

IN law  in the state court jurisdiction where said acts  happen  The  defendants  issues

before the court are taken out of content of the complaint  without  the meaning of a

complaint being  place in particular 's by the plaintiff . NO  request by the defendants

however  was enter  to make  a more define  issue  in the complant  the defendants choose

not to ask about the meaning   and held there  interpretation  to the up most particulars  ,in

the complaint . filed by the Plaintiff " DRURY "  Drury  reserved the right to make a more

defind complaint if the court allows

---

## Motion to strike dismissal by defence

 THE  defendants motions to dismiss  Drury case   are full of statements and conjecture

not support by oath attest too or sign by defendants to which they repersent , the motion

include  NO affidavits , sign by  the defendants nor any  given  oath  to truth , and all file

with the federal court not the state as a pursumion not proven plaintiff prays for the court to stricken all motion to dismissal

---

### Jurisdiction / venue   issue s

The defendants part causeing a jurisdictional problem , now bring address   this has cause problem s for the last  2 mo , with jurisdiction and venue as to the plaintiff The plaintiff can not afford to go to Boston to file or be heard , when Worcester has a federal court and is within the  30 miles  30 to the plaintiff and defendants . Plaintiff prays to the court he being given worcester venue , see FCJPR 1391 (b)  Plaintiff states its  lot to travel cost wise when he has no lawful  money , if jurisdiction is moved t federal court ( boston )

The plaintiff  ask the court to dismiss there motions and  to remand this case to state jurisdiction  and to dismiss all filed motions in the federal court  as a matter of record  ,

 The defendants lawyers has cause a disruption The defense  took the case  to federal court on his presumptions  and cost the plaintiff  needless  wits dates and  summons  that where lost  The  court dates  were cancel  for the peliminary  injunction  by  the acts of the defendants  lawyers removel  which hulted all matter before the court due to jurisdiction

Due to defendant moving such matters to federal court under FCJPR 1441 the court action or subject matter , jurisdiction and venue must agree with FCJPR 1349  the defendant  have pleaded that due to union incorporation under congress the jurisdiction is federal, however , the united States under FCJPR must own 1/2 of the intrest  this is not

true in the sence of ownership of the carpenters union . also Kenndey and Rossi is

incorporated with the state of Massachusetts and to be view as a citizen The plaintiff ask

the court to resume the matter in state jurisdiction and to resume a date at the cost of

the defendants , for his hearing for preliminary injuction and to send notices of summons

at cost by the defense, The plaintiff wants to present documents that support his

standing , The plaintiff prefers to work within his rights as a paid member in good

standing in union as a carpenter and would retain a lawyer but can not afford one due to

the union stand on his rights Plaintiff wants remedy and comes to the court for protection

the plaintiff has on going a retirement within the union and wants to resume this . The

defendants have no authorization under law to pervent plaintiff form not signing form

not supported by law that applies to his native born citizenship and under the union

signatory contractors do not have the right to discharge the Plaintiff .The plaintiff

wishes a date to be place and he wishes to continue his preliminary injuction upon the

union, its agents and Kennedy and Rossi as the court allows

---

## Time requested answer to defendants 301 LMRA motion

the plaintiff ask the court additional time .due to eye injury in first part of the mo of oct

plaintiff cound not work on his paper work due to eye injury , plaintiff also adds that

section 301 of the labor management relations act NOT be consider as the plaintiff was

only referring to such acts as being violation the plaintiffs did not file a complaint with

LMRA and would have been limited and that agency has no jurisdiction to hear the

complaint file on may 30 /03 which is form around the Massachusetts constitution its

civil rights issue and  under conversion counts and violation of wrongful discharge as well as referrals to violation of law  .

---

### Right to file  perserved  In -law

The  plaintiff s  file his complaint  on may 30 2003  well within the time  under <u>GL . c 260 ss 5 b action alleging employment , civil rights , discrimination</u> which is 3 year commencement ,

the above statements Now ,  to be   incorporated in his complaint  , plaintiff  understand that  under rule 8 (a) allows a complaint need only be written

a statement of jurisdiction

b short and plaint statement of claim and why plaintiff id entitle to relief

c a demand for judgment of some kind

---

### Plaintiff  Brief in Opposition to Motion to Dismiss

1  To the  filing by Defendants to date  being , Motions to dismiss,) as to plaintiff did not state a claim  to which remedy can be granted  plaintiff now provides  Arguments, and facts (in law ) to his claims  incorporated into his complaint  at all times  ,The Plaintiff seeks  Opposition to dismissals ,  to jurisdiction of his person  , venue , rules violations 7.1 and 81.1 and his complaint , Time , jurisdiction of the court ,

all which are in opposition to the [ Defendants ,]  The plaintiff is not a lawyer or member

of the bar the plaintiff acts im.propria persona  ( in ones own proper person )

The plaintiff asks this honorable  Court for consideration due to his not owning rule books

and will try to resume the particulars in the subject matter as to law   and his case before

this court  the plaintiff at al times reseved is right to a jury trial

The plaintiff regulations  on the subject matter are as follows  plaintiff ask the court to

make record of the understanding  put forth here  and to allow reasonable time to provide

particular interpretation of the subject matter under the courts consideration.( in law)    to

provide  documents  in support of the plaintiff standing  This is an absolute requirement

after reading the defendants  answers and motions.

 The plaintiff also request oral  court time  along with  documents to be shown  in support

of his relief  request and or rights to justice   the plaintiff and the defence  must  define

words and meaning  (in law ) that may come up for time to time which are absolute to

understanding IRC as part of the four corner doctrine

The plaintiff  sees under rule 8 (a) (2) federal rules eliminate the code requirement of

pleading " facts constituting a cause of action in stead the rules provide for a short and

plain statement of a claim for relief " complaint"  The plaintiff file such a complaint as to

the course of action as a civil rights matter under GL .c 260  in the state court SJC within

the time limits  and ask for relief as to the sum of 1 million in silver or gold  under the

united States Constitution  art 1 sec 10 "lawful money"  ( see cover sheet , in court

record )  The  Plaintiff  did file his complaint within the limits of GL .c 260 civil rights

action which  allows 3 years under MGL in SJC   federal court must allow the state court

rules and laws to apply (as to filing ) if the court refuses state jurisdiction The plaintiff
reserves his right to appeal such matters

further the plaintiff respectfully denies and moves to place , in conversely the union legal
authority, by it agents and in the defendents personal compacity and kennedy and rossi
over plaintiff personal rights not withstanding , no where in his union oath did he wave
his civil rights or dual Constitutional rights within its contract the plaintiff is a member
and is used by contractors who are signatory [only ] union labor, To force the plaintiff
under law to provide a SS# or to sign w-4 or I-9 forms /and force the plaintiff out of
work by way of referrals form the hall being 95% of his ability to work within his union
and to further not allow or accept attachments to such documents in converse as w-4 I-9
and use of SS# where by the union has not provided proof nor has Kenndey and Rossi
the plaintiff Demands the court to allow relief the plaintiff also has been harm by his
being force to sign such documents including a jurat to his IMF file as well as other
government files and will need to correct them which is costly

AS evidence that under a jurat any person must be sworn to such contents in that
document under law to statement within instruments such as w-4 or I-9 that person
must do so with knowingly and willingly and with full knowledge to the statements or
facts within such a instruments or document . The plaintiff Can not sign such forms
when he has questions as to jurisdiction and subject matter as to law or to whom they
apply or within his bible instruction that the plaintiff believes that the following scriptural
citations refer to the idolatry or worship of the beast system , and that it is held belief and
his convictions ( his Creed) that the Socal security number is refer to revelation 13: 17
revelation 14: 9-10 : 1 Chronicles 21 : 1-3

further the plaintiff union contract only states a requirement to sign forms under law

the plaintiff questions the defendants countless times to give him the law to whom it

applies and seeks the law which would required the plaintiff to sign such forms the

plaintiff has raise the issue that the contract wording is vague within the rewiteing of the

union contract the contract the plaintiff has been force count less times , the contract can

not include such subject matter as to forms w-4 and I-9 or release of a SS# why is it not

worded that way as a matter of law as a requirement that the union contract doesn't even

state any document what so ever . The Defendants required however over the past years

and demand of the plaintiff the use of a SS# on such documents as of a matter of law

And stated so in there pleading the defendants also state w-4 is enforce by IRS but in a

resent GAO report dated Sept. 15 2003 questable w-4 , under finding . states " under

current law IRS does not have statutory authority to impose a penalty to enforce

employers to compliance with reporting requirements The reporting requirement's was

promulgated in the treasury regulations not the IRS the union has only given IRC sites

The defendants Therefore can not show legal enforcement that would cause the

defendants harm as to a IRC code as a requirement of employees as a matter of law as to

the w -4 USCS sec 67 penalties sec 6721 (c) Exception for de-minimis failures to

include all required information, Under USCS sec 6724 waiver (a) reasonable cause

waiver reads No penalty shall be impose under this part with respect to any failure if it is

shown that such failure is due to reasonable cause and not willful neglect the the fine

upon a employer is 50 FRN or US Dollars per person

Further plaintiff being force to release of SS# to The defendants there demand notices

  further discriminate the plaintiff rights and defendants did so without legal

authority union was told of his religious beliefs and given documents as well as defendants Kennedy and Rossi who chose to violated his religious beliefs and punish the plaintiff by discharging him Under the Ashwander Doctrine anyone who partakes of the benefit or privileges of a given statue or anyone who even places himself into a prosition where y he may avail himself those benefits at will can not reach a constitutional grounds to redress in the courts Ashwander vs,TVA 287 us ,288,56,s ct 466 The plaintiff doesnt wish to partake but is being force to do so The defendants refusal to hear his file complaints and stating to not representing him in union document refusing to listen on matters forthwith and further punishing Drury which is on going to date by including NO referrals from "callin "unfairly and with prejudice , with the understanding then unless he sign such forms which again continue to date plaintiff relies on callin as to 95% of his ability to work union ,this is a violation of title VII

As a matter of law such numbers as a SS# Social security numbers are not requirements to work within the 50 states of the union / without the united States The defendants demand this of the plaintiff and relies upon a vague wording in the union contract according to Hamer Vs State , 89 ne 850 and Commissioner vs weinfeld 30 NYS 2d 36 a affidavit of belief ( creed) in regarding social insurance is sufficient in making a declaration , this was attempted , The defendants goes on to state that plaintiff does not state any claim which remedy can be granted when plaintiff Drury has a bona fide or sincerely held religious belief as to his use of SS# as ID to his person plaintiff in past have has given defendants legal notice and has talk to them , they refuse to allow him is rights

reference to title 26 IRC 301.6109 -1 (C) which was in effect at the time however

public law (101-239) respectfully provides no penalty shall be impose on a employer if

the employer ask the employee and fails to get a ID number as long as the employer

inform the IRS in a timely matter my attachments filed with the employer kenndey and

rossi and notices to the union would have been sufficient for this purpose  In the

pleading of the defendants support a title VII 1964 civil rights violation see, EEOC VS

INFORMATION

SYSTEM CONSULTING  CA3 -92 -0169 -T .The plaintiff moves to incorperate this

case into his pleading on his behalf s and will filed the case with the court at a later date

this will be , Attachment A and reserves it as evidence A letter form the SSA and his

Congressman whereby he wrote to his inquiry and was answer due to the ongoing

suffering condition problems cause by the defendants the document willbe enter into

evidence the " the social security act does NOT Require a person to have a SSA # to

live and work in the united States is what the documents state " whereby title 26, CFR

301.6109-l(d) states an individual . whereby uS .or foreign who is an employer or is

engaged in a trade or business as a sole proprietor **should use** an employer identification

number as require by returns , statements, or there in other documents these documents

and there related instruction do not apply to the plaintiff fact is the wording **should use** is

**a request** to some and **require to** by others to which it may applies but not to the

defendant one must look further inside the regulation to whom it applies The regs

support only that non resident or foreign persons are required to have SS# or citizen who

wish to be covered under the act of SSA / social security act

The plaintiff will add Attachment B as Evidence (SSA document) the plaintiff adds attachment C ( ssa document ) as Evidence plaintiff adds attachment D (SSA Document )

The plaintiff sites as a matter of law , USC title 42 Chap 7 sec 408 , A-8 part 8* where by the law makes it a Felony to force anyone to reveal his or her SS# the law states in general whoever ...(8) discloses , uses, or compels the disclosure of a social security number of any person in violation of the laws if the united states laws , shall be guilty of a felony and upon conviction thereof shall be fined under title 18 USC or imprisoned for not more then 5 years or both the defendants are in the plaintiff view violating such law and includes and incorporates this in his complaint as a matter of law in his pleading the plaintiff also sites case law **Jack Cole Vs Mcfarland ,337 S.W. 2d 453** Plaintiff sites such case as a matter of right to tax liberty to earn a livilyhood as a justified right protected under the Constitution of the state of Massachusetts and the united States of America as to his understanding further plaintiff understanding under IRC SS 6041 (c) the plaintiff is only required to finish his name and address to the employer <u>No social security number is required by statue see section 205 (c) (2) (C) of the social security act the law requires the individual to disclose the use of the number under authority and its use of is to be said to be mandatory or voluntary</u>

further ,plaintiff is a Native born Americans of which the plaintiff [is] and is **protected individual** by the united State Constitution and Massachusetts Constitution whereby his rights are enhance without the meaning of the 14 amen and reserved his natural born

natives rights , under both state and federal constitution Plaintiff believes he is not to be force to taking a benefit nor force to sign a I-9 form under the law 8 USC ss 1324 (A) 1324 (b ) the law requires the employer to fill out the form whereby a ss# is not required under the act it includes , anti -discrimination act , the civil rights act of 1974 and the privacy act of 5 U.S.C.A 552 (a) all which prohibits discrimination of protective individuals . The Plaintiff also sites **USC, Title 18 , 241 , 242 , 245** of the criminal code under the law which states to deny any right or privilege or benefit provide by law this understanding now incorporated in his complaint

The plaintiff has "Kennedy and Rossi" the employers per intake rules and has read them and no where in the rules does it require a newly hire union worker to sign forms that are not required of that hire hand

seeing that as fact The law is simple union contract can not violated the law nor can the union wave any constitutional rights nor can the union by its agents " will" or else attitude discharge a brother member of its budy form a job or be force to sign administrative contracts as a demand or be discharge

In addressing the I-9 form INS requires the employer under the title 1324 A and B to fill out the form The form is a federal form and has its jurisdiction there of ,However The I -9 form bottom right side 2ed paragraph form the bottom states that **the required information is voluntary** ( this is intself a oxymoron ) . then the form state however may not start a job the regs however state the employer has 3 days and under 274 temp employees are exempt , however there is no law that would require a native born citizen of birth in on of the 50 states of the union to follow such a law fact is Constitution protect the right to happiness and liberty owning property that being my right to earn and eat

The plantiff has a open contract agreement being union member for a retairment which is being held back due to the agents and signatory contractors see supportive documents, E INS issue, futher the requested information in the INS form such being a SS# is not even, required but, no one would know unless they new the law it doesn't say volutary or mandated or give a purpose. On the form, it should state its not be required this is supported Under SSA regulation. The INS authority sets up the standard for what the UNITED STATES "believe" that is to say the legal fiction is that everyone is a U.S. citizen or national ( this makes all the human people subject to its jurisdiction in and without the united states, ) the plaintiff see it another way he is not a fiction but a bondifie natural native born " Freemen" in the republic of the Commonwelath of Massachusetts This being his said Citizen Status, not being 14 amen condistion needed, The other issue is that "Empolyer" is define on the INS form I-9 as to incude " only recruiter and referrers for a fee, who are agricultural associations, agricultural employers, or farm labor contractors, the word inclued black law define means what ever come after only, the attest section under penalty in section 1 considers all citizens or national of the united States to be in the jurisdiction there of however the plaintiff is in state jurisdiction what is stated in the regs (274 all ) as to employers who hire union personal temp wise for a time needed not long term is beleave / to be exempt by the plaintiff under the regulation set forth (274 all) never-the less the plaintiff gives a statement of citizenship stamp by a notary to the employer again this should be attachment that would exempt the employer form any violations plaintiff prays for relief

# Exhibit A

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### v.
### INFORMATION SYSTEMS CONSULTING

### TABLE OF CONTENTS

| No. | Filed | Pages | Document Description |
|-----|-------|-------|----------------------|
| 1 | 1/27/92 | 4 | Complaint |
| | | 1 | Civil Cover Sheet |
| 2 | 1/27/92 | 1 | Summons |
| 3 | 3/9/92 | 3 | Defendant's Motion to Dismiss |
| 4 | 3/9/92 | 25 | Defendant's Brief in Support of its Motion to Dismiss |
| | | 2 | Exhibit A: Form I-9, Employment Eligibility Verification |
| 5 | 4/1/92 | 16 | Plaintiff's Response to Defendant's Motion to Dismiss (No. 3 and 4 above) |
| | | 1 | Exhibit 1: Affidavit of Bruce Hanson |
| | | 2 | Exhibit 2: Affidavit of Scott T. Brasher |
| | | 1 | Exhibit A: Letter to EEOC (8/30/89) |
| | | 2 | Exhibit 3: Affidavit of Brian McGovern |
| | | 1 | Exhibit 4: Charge of Discrimination (8/16/89) |
| | | 4 | Exhibit 5: ISC Statement of Position (11/8/89) |
| | | 4 | Exhibit A: Affidavit of Tim Fitzpatrick (9/29/89) |
| | * | 3 | Exhibit 6: EEOC Letter of Determination (5/2/90) |
| 6 | 4/9/92 | 4 | Defendant's Motion and Brief for Protective Order |
| 7 | 4/16/92 | 10 | Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss (No. 5 above) |
| 8 | 4/20/92 | 6 | Order Denying Defendant's Motion to Dismiss (No. 3 and 4 above) and Declaring Moot Defendant's Motion for Protective Order (No. 6 above) |
| 9 | 4/30/92 | 3 | Defendant's Original Answer |
| 10 | 5/21/92 | 2 | Initial Scheduling Order |
| 11 | 5/26/92 | 3 | Scheduling Order No. 2 |
| 12 | 7/9/92 | 2 | Agreed Protective Order |
| 13 | 7/24/92 | 3 | Scheduling Order No. 3 |
| 14 | 11/3/92 | 7 | Consent Decree (Paragraph 8 is a permanent injunction) |
| | | 1 | Exhibit A: EEOC Notice |

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

JAN 27 1992

NANCY DOHERTY, CLERK

By _____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

EQUAL EMPLOYMENT OPPORTUNITY      )
COMMISSION,                       )
                                  )
                Plaintiff,        )    CIVIL ACTION NO.
                                  )
v.                                )
                                  )    C O M P L A I N T
INFORMATION SYSTEMS CONSULTING    )
A DIVISION OF DIVERSIFIED HUMAN   )    CA3 - 92 - 0169 - T
RESOURCES GROUP,                  )
                                  )
                Defendant.        )
_____    )

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices on the basis of religion, Christian Fundamentalist, and to make whole Bruce Hanson. Bruce Hanson was terminated by the Defendant because he refused to obtain a Social Security number. Bruce Hanson advised the Defendant that obtaining or using a Social Security number was in conflict with his religious beliefs.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. Section 2000-5(f)(1) and (3).

2.    The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United

States District Court for the Northern District of Texas, Dallas Division.

## PARTIES

3.    Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1) of Title VII, 42 U.S.C. Section 2000e-5(f)(1).

4.    At all relevant times, Defendant, Information Systems Consulting, A Division of Diversified Human Resources Group ("Information Systems"), has continuously been and is now doing business in the State of Texas and the City of Dallas, and has continuously had at least fifteen employees.

5.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. Section 2000e-(b), (g), and (h).

## STATEMENT OF CLAIMS

6.    More than thirty days prior to the institution of this lawsuit, Bruce M. Hanson filed a charge with the Commission alleging violations of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.    Since at least August 15, 1989, the Defendant has engaged in unlawful employment practices at its Dallas facility, in violation of Section 703(a) of Title VII, 42 U.S.C. Section 2000e-

COMPLAINT                    2

D.   Grant such further relief as the Court deems necessary and proper.

E.   Award the Commission its costs in this action.

Respectfully submitted,

DONALD R. LIVINGSTON
General Counsel

PHILIP B. SKLOVER
Associate General Counsel

JEFFREY C. BANNON
Regional Attorney
Connecticut State Bar No. 301166

KATHERINE E. BISSELL
Supervisory Trial Attorney
Texas Bar No. 02356020

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
8303 Elmbrook Drive, 2nd Floor
Dallas, Texas  75247
(214) 767-7948
(FTS) 729-7948

**COMPLAINT**

4

# United States District Court

NORTHERN ─── DISTRICT OF ─── TEXAS

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

## SUMMONS IN A CIVIL ACTION

V.

INFORMATION SYSTEMS CONSULTING
A DIVISION OF DIVERSIFIED HUMAN
RESOURCES GROUP,

CASE NUMBER:

## CA3 - 92 - 0169 - T

Defendant.

TO: (Name and Address of Defendant)
Information Systems Consulting
A Division of Diversified Human
Resources Group
c/o Cameron Dee Sewell
1717 Main Street, #4400
Dallas, Texas 75201

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

KATHERINE E. BISSELL, SUPERVISORY TRIAL ATTORNEY
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
DALLAS DISTRICT OFFICE
8303 ELMBROOK DRIVE, 2ND FLOOR
DALLAS, TEXAS 75247
(214) 767-7948

an answer to the complaint which is herewith served upon you, within ___twenty (20)___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

NANCY DOHERTY

CLERK

DATE    JAN 27 1992

Charlie (ISS 1)

BY DEPUTY CLERK

2



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

EQUAL EMPLOYMENT OPPORTUNITY    §
COMMISSION,    §
   §
     Plaintiff,    §
   §
v.    §    CIVIL ACTION NO.
   §
INFORMATION SYSTEMS CONSULTING    §    CA3-92-0169-T
A DIVISION OF DIVERSIFIED HUMAN    §
RESOURCES GROUP,    §
   §
     Defendant.    §

## DEFENDANT'S MOTION TO DISMISS

**TO THE HONORABLE ROBERT MALONEY,
UNITED STATES DISTRICT JUDGE:**

Defendant, INFORMATION SYSTEMS CONSULTING ("ISC"), formerly a division of DIVERSIFIED HUMAN RESOURCES GROUP ("DHRG"), moves the Court to dismiss the Plaintiff's Complaint asserting claim of religious discrimination under Fed.R.Civ.P. 12(b)(6) for failure to state a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), upon which relief can be granted.

    1.     On January 27, 1992, the Equal Employment Opportunity Commission ("EEOC") filed suit against ISC alleging that the Company discriminated against Bruce Hanson because of his religious beliefs.

    2.     At a minimum, to assert a prima facie claim of religious discrimination under Title VII, the EEOC must allege in the Complaint the following elements:

    A.     an employee has a **bona fide** religious belief that conflicts with an **ISC employment requirement;**

    B.     the employee informed the employer of this belief; and

**DEFENDANT'S MOTION TO DISMISS - Page 1**

## CERTIFICATE OF SERVICE

This certifies that on the 9th day of March, 1992, a true and correct copy of the foregoing Defendant's Motion to Dismiss was served by certified mail, return receipt requested upon the following:

Katherine E. Bissell
Equal Employment Opportunity Commission
Dallas District Office
8303 Elmbrook Drive
Dallas, Texas  75247

_T. Michele Baird_
T. Michele Baird

81457/1

**DEFENDANT'S MOTION TO DISMISS - Page 3**

EEOC's allegations of religious discrimination do not state a claim upon which relief can be granted, and the Complaint should be dismissed under Fed.R.Civ.P. 12(b)(6).

## II.  ARGUMENT AND AUTHORITIES

**Plaintiff's Complaint should be summarily dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.**

The EEOC has failed to allege - and cannot allege - the elements necessary to state a claim for religious discrimination under Title VII. At a minimum, three elements must be averred to establish a prima facie claim for religious discrimination under Title VII:

(1)    an employee has a **bona fide** religious belief that conflicts with an **employment requirement**;

(2)    the employee informed the employer of this belief; and

(3)    the employee was disciplined for failure to comply with a conflicting **employment requirement.**

*Turpen v. Missouri- Kansas-Texas Railroad Co.*, 736 F.2d 1022, 1026 (5th Cir. 1984); *Brener v. Diagnostic Center Hospital*, 671 F.2d 141, 144 (5th Cir. 1982).

Failure to plead the elements of a cause of action under Title VII is proper grounds for dismissal under Fed.R.Civ.P. 12(b)(6). *Manders v. State of Oklahoma Dept. of Mental Health*, 875 F.2d 263 (10th Cir. 1989). In this case, the EEOC has failed to allege that (a) Mr. Hanson had a **bona fide** religious belief that conflicted with an **employment requirement** of ISC; and (b) that Mr. Hanson was terminated for failure to comply with the conflicting **employment requirement** of ISC. Since the defects of the Complaint cannot be cured by amendment, ISC is entitled to the entry of an order of dismissal with prejudice.

The EEOC adopted an expansive version of the *Welsh* rule in the 1980 revisions to its Guidelines on Discrimination Because of Religion. 29 C.F.R. § 1605 *et seq.* The EEOC declares that it will define "religious practices to include moral or ethical beliefs as to what is right and wrong which are **sincerely held** with the strength of traditional religious views." 29 C.F.R. § 1605.1 (emphasis supplied).

The "sincerity" element of a claim of religious discrimination under Title VII is uniformly recognized but has not been extensively litigated. In *Hansard v. Johns-Mansville Products Corp.*, 5 F.E.P. Cases 707, 708 (E.D. Tex. 1973), the Court concluded that the plaintiff had not demonstrated the "requisite sincerity of religious convictions." Other cases have found the belief at issue to be "sincere" or to constitute a "bona fide" religious belief. *See, e.g., Kettell v. Johnson and Johnson*, 337 F.Supp. 892, 893 (E.D. Ark 1972); *McGinnis v. U.S. Postal Service*, 512 F.Supp. 517, 520 (N.D. Cal. 1980).[2]

While the "truth" of a belief is irrelevant, whether or not it is "truly held" is relevant and a necessary element of Plaintiff's claim. Since as in *Hansard* and *McGinnis*, the employer has no duty to accommodate until plaintiff establishes a sincere religious belief, there must, at a minimum, be an allegation of "sincerity" in the Complaint. Under Title VII, the EEOC has the burden to allege and prove that Mr. Hanson's beliefs are "sincere" or "bona fide." *See, e.g., Philbrook v. Ansonia Board of Education*, 757 F.2d 476 (2d Cir. 1985), judgment aff'd and remanded by 479 U.S. 60 (1986).

---

[2]*Cf. Wessling v. Kroger Co.*, 554 F.Supp. 548 (E.D. Mich. 1982)(decorating church hall and preparing for Christmas play did not constitute religious observances protected by Title VII); *McCrory v. Rapides Regional Medical Center*, 635 F.Supp. 975 (W.D. La. 1986), *aff'd*, 801 F.2d 396 (5th Cir. 1986)(adultery is not an expression of religious belief entitled to protection under Title VII).

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS - Page 4**

of Religion, 29 C.F.R. § 1605.2(d). There are, of course, other instances when an employment policy or rule adopted by an employer conflicts with the religious beliefs of an employee.[3]   Without exception, religious discrimination cases arising under Title VII challenge employment policies and practices which have been adopted or promulgated by the employer or which were contained within a collective bargaining agreement. *See, e.g., Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63 (1977)(conflict with seniority system in collective bargaining agreement).

There lies the incurable defect with the EEOC's present position.   In this unprecedented case, the EEOC has not asserted, and apparently is *not* challenging, any employment rule or requirement promulgated by ISC. Instead, the EEOC contends that Mr. Hanson's religious beliefs conflict with federal law, *not* any employment rule adopted or imposed by the Company, and because he was terminated for failure to comply with federal law, ISC is somehow guilty of religious discrimination. To our knowledge, with the exception of the present case, *no* other religious discrimination case ever brought under Title VII has been grounded on a requirement that the employer and employee violate tax and immigration laws in order to comply with EEO laws. Because this novel theory is based upon a conflict between the employee's asserted religious beliefs and obligations imposed by federal law, and *not* an employment rule of ISC, the Complaint fails to state a claim under Title VII.

---

[3]Other religious practices potentially at odds with an employer's rules and regulations concern the observance of a Sabbath or other religious holiday; the need for prayer break during working hours; the practice of following certain dietary requirements; the prohibition against medical examination; and practices concerning dress and other personal grooming habits. *See* EEOC Guidelines on Discrimination Because of Religion, Appendix A to §§ 1605.2 and 1605.3.

A.    *Obligations Imposed by the Internal Revenue Code.*

ISC is required, as a matter of law, to obtain Mr. Hanson's social security number in order to withhold, pay, deposit, and report his wages for the following taxes: (1) federal income tax; (2) social security tax; (3) medicare tax; and (4) federal unemployment tax. Internal Revenue Code ("IRC" or the "Code") § 6051; Treas. Reg. §301.6051-2.    In connection with the withholding of various taxes, ISC is required by law to file a W-3 for the Company with W-2's attached for all employees.  Section 6109(a)(3) of the Code required ISC to include Mr. Hanson's social security number on each of these information returns, including Hanson's individual W-2 form.

*Every* taxpayer must be identified by a taxpayer identification number ("TIN").[5]  This identifying number must be included on every required tax paper filed with the IRS.  It must also be furnished on request to every employer and everyone else who pays to the taxpayer income required to be reported to the IRS.  Persons such as employers, who pay taxpayer income required to be reported, must request the employee to furnish his social security number, and must include the number on their information returns.  Internal Revenue Code, § 6109; Treas. Reg., § 301.6109-1.

Section 6109 of the Code, entitled "Identifying numbers," makes these obligations mandatory upon both employers and employees:

"(a)    **Supplying of identifying numbers.**  When required by regulations prescribed by the Secretary:

---

[5]There are two types of taxpayer identification numbers: social security numbers and employer identification numbers.  Social security numbers identify individuals while employer identification numbers identify corporations, partnerships and similar entities.  26 C.F.R. § 301.6109.1.

The Treasury Regulations (§ 301.6109-1) expressly impose upon Mr. Hanson the affirmative, mandatory obligation to provide ISC with his social security number. This regulation provides, in relevant part, as follows:

"**§301.6109-1  Identifying numbers.**

(b)  **Use of one's own number.**  Every person who files . . . a return, statement, or other document *shall* furnish his taxpayer identifying number as required by the forms and instructions relating thereto. *A person whose number must be included on a document filed by another person shall give the taxpayer identifying number so required to the other person on request . . . .*

(c)  **Use of another's number.**  Every person required . . . to file a return, statement or other document *shall* furnish such taxpayer identification numbers of other persons as required by the forms and the instructions relating thereto. *If he does not know the taxpayer identification number of the other person, he shall request such number of the other person. A request should state that the identifying number is required to be furnished under authority of law.*[6]  When the person filing the return, statement, or other document does not know the number of the other person, and has complied with the request provision of this paragraph, he shall sign an affidavit on the transmittal document forwarding such returns, statements or other documents to the Internal Revenue Service, so stating . . . .

(d)  **Obtaining a taxpayer identifying number - (1) Social Security Number.** Any individual required to furnish a social security number . . . *shall* apply for one, if he has not done so previously, on Form SS-5 . . . . He *shall* make such application far enough in advance of the first required use of such number to permit issuance of the number in time for compliance with such requirement. . . . *Individuals who are ineligible for or do not wish to participate in the benefits of the social security program shall obtain a social security number* if they are required to furnish such a number pursuant to paragraph (b) of this section."

---

[6]It is undisputed that ISC submitted the appropriate tax and immigration papers to Mr. Hanson upon being hired, but he refused to complete the government forms by omitting his social security number. It is also undisputed that ISC advised Mr. Hanson that his social security number was required to be furnished to the Company under authority of law. Treas. Reg. § 301.6109-1(c). In refusing to furnish ISC with his social security number after these requests, Mr. Hanson violated the obligations imposed by Treas. Reg. § 301.6109-1(b).

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS - Page 10**

Not only was Mr. Hanson obligated to obtain a social security number, he was also required to furnish it to ISC. The Treasury Regulations mandate that an employee *"shall,* on the day on which he enters the employ of an employer for wages" provide his social security card or number to his employer. 29 C.F.R. § 31-6011(b)-2(b) ("Duties of employee with respect to his account number"). If an employee is unable to furnish the social security number:

> the employee shall furnish to the employer a statement in writing, signed by the employee, setting forth the date of the statement, the employee's full name, present address, date and place of birth, father's full name, mother's full name before marriage, and the employee's sex, including a statement as to whether the employee has previously filed an application on Form SS-5 and, if so, the date and place of such filing. The information required by this subdivision shall be furnished on Form SS-5, if a copy of Form SS-5 is available. *The furnishing of such a Form SS-5 or other statement by the employee to the employer does not relieve the employee of his obligation to make an application on Form SS-5 and file it with a district office of the Social Security Administration* as required by paragraph (a) of this section. . . .

29 C.F.R. § 31-6011(b)-2(b)(1)(iv). The EEOC does not allege in the Complaint that Mr. Hanson provided such a statement, and it is undisputed that he did not.

Assuming Mr. Hanson had a social security number but failed to provide it on his date of hire, the Regulations command that he *"shall* promptly thereafter show the card to the employer." 29 C.F.R. § 31-6011(b)-2(b)(2). An employee who does not have an account number card on his date of hire *"shall,* upon receipt of an account number card from the Social Security Administration, promptly show such card to the employer, if he is still in the employ of that employer." *Id.*

to accommodate an employee's religious beliefs, undue hardship should exist as a matter of law. Conduct should be judged by its legality, not by its punishment.

The EEOC, however, takes the opposite view. Claiming that the penalty under the tax laws is affordable and possibly avoidable, the EEOC demands that the employer disregard these legal obligations and condone the unlawful activity in order to accommodate an employee's religious beliefs.

(1)    *Section 6676 Penalties.*

At times relevant to this case, the Internal Revenue Code provided for penalties for failing to provide a social security number. Section 6676 of the Internal Revenue Code, entitled "Failure to supply identifying numbers," provided, in pertinent part, as follows:

"(a)    **In general.** If any person who is required by regulations prescribed under section 6109-

(1)    to include his TIN in any return, statement, or other document,
(2)    to furnish his TIN to another person,[8] or
(3)    . . . to include in any return, statement, or other document made with respect to another person the TIN of such other person,

fails to comply with such requirement at the time prescribed by such regulations, such person shall, unless it is shown that such failure is due to reasonable cause and not to willful neglect, pay a penalty for $5 for each such failure described in paragraph (1) and $50 for each such failure described in paragraph (2) or (3), except that the total amount imposed on such person for all such failures during any calendar year shall not exceed $100,000."

---

[8]Under the Treasury Regulations, Mr. Hanson could avoid these penalties by establishing to the satisfaction of the district director or the director of the regional service center that his failure to provide his social security number to ISC was due to reasonable cause. 26 C.F.R. § 301.6676-1(c). ISC has been unable to locate any decision which could support a claim that reasonable cause exists based solely upon one's religious beliefs.

addition, the $20,000 penalty limitation of Section 6723(a) does *not* apply.  28 U.S.C. § 6723(b).[11]

The penalty provided in Section 6723 may be waived if it is established to the IRS that the failure to include the social security number was due to reasonable cause and not to willful neglect.  Reasonable cause may be established by submitting a written statement to the IRS setting forth all the facts alleged as constituting reasonable cause.  The statement must be signed and contain a declaration that it is made under penalty of perjury.  *See* Former IRC § 6724(a); Treas.Reg. § 301.6723-1A(d).  One's religious beliefs have *not* been found to constitute reasonable cause.

In an effort to establish reasonable cause, ISC would have had to submit a written statement to the IRS that was signed, contained a penalty of perjury declaration and set forth all the facts in support of the reasonable cause position.  Code §6724(c)(1).  At the time Mr. Hanson's employment was terminated, the regulations to §6724 of the Code did not contain a definition of reasonable cause and no case law or administrative ruling had been issued regarding the reasonable cause exception to a penalty for failure to include correct information.  Accordingly, even if ISC had prepared and submitted a written statement explaining its failure to include a social security number on Mr. Hanson's W-2, it still might not have avoided liability for failure to comply with § 6724.

---

[11]The penalties provided in section 6723 are coordinated with the penalties of section 6676.  No penalty will be imposed under subsection 6723 if a penalty has been imposed under section 6676 (relating to failure to supply identifying number) with respect to the same return or statement).  26 U.S.C. § 6723(c).

which did not include his social security number. Alternatively, both Mr. Hanson and ISC could be penalized under section 6723 of the Code. As Mr. Hanson disclaims any intent to provide ISC or any other employer with his social security number and assuming Hanson remained employed despite his intentional disregard of his obligations to obtain and provide his employer with his social security number, both Mr. Hanson and his employer could be subject to the higher penalties ($100.00 per document) under section 6723.[12]

C.    *1402(g) Exemption*

There is only one exemption from payment of social security taxes, the so-called "Amish Provision" because only members of the Amish or Mennonite congregations may qualify for the exclusion. Under section 1402, individuals with conscientious objections to social security insurance because of their adherence to the established teachings of a religious sect of which they are members can apply for exemption from the *self-employment tax*. Internal Revenue Code §1402(g)(1). An individual who wishes to obtain a tax exemption on religious grounds must file an application for exemption and waiver of benefits with the IRS. Before the exemption is granted, the applicant is required to waive all benefits and payments under the Social Security Act. IRC §1402(g)(1)(B). Again, it is important to note that the exemption provided by 1402(g) is available only to self-employed individuals and does not apply to employers or employees. *United States v. Lee*, 455 U.S.

_____

[12]Intentional disregard is treated as occurring when the person who files the return knowingly or willfully fails to include correct information when the return is filed. Facts to be considered for this purpose include (a) whether there is a pattern of repeatedly failing to include correct information; (b) whether there is a failure to timely correct errors after a written request; and (c) whether the person could reasonably be expected to discover the error and if so, whether timely correction was made. *See* Former IRC § 6723(b); Treas.Reg. 301.6723-1A(e)(1). Such a pattern of a knowing and willful failure to obtain and provide a social security number exists under the facts of this case.

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS - Page 18**

All employees must print or type their complete name, address, date of birth, and **Social Security Number.** The block which correctly indicates the employee's immigration status must be checked. If the second block is checked, the employee's Alien Registration Number must be provided. If the third block is checked, the employee's Alien Registration Number or Admission Number must be provided, as well as the date of expiration of that status, if it expires.

All employees must sign and date the form.

Instructions on completing Employment Eligibility Verification, attached as Exhibit "A". (emphasis added).

Given the clear instructions provided by the INS about completing the I-9 Form, an employee must fill in the box labeled social security number with his respective social security number. In the instant case, it is undisputed that Mr. Hanson did not fill in the box labeled social security number on his I-9 Form. Mr. Hanson's failure to complete section 1 of his I-9 Form makes his form incomplete, and ISC is liable for failing to ensure proper completion of the form. *Mester Mfg. Co. v. I.N.S.*, 879 F.2d 561 (9th Cir. 1989)(it is the employer, not the employee, who is liable for any defects in the I-9 Form).

Because Mr. Hanson failed to complete his I-9 Form, ISC became subject to a civil penalty in an amount not less than $100.00 and not more than $1,000.00. 8 C.F.R. § 274a.10(b)(2). There is no exception, under the regulations discussing penalties for violating IRCA, that would permit ISC to escape liability for having an incomplete form. Given the important public policy behind the enactment of IRCA, the statute requires full compliance to avoid liability.

In the instant case, Plaintiff cannot assert even the first element of a religious discrimination claim because completion of the I-9 Form, which requires a social security number, is a legal obligation, rather than an ISC employment requirement. ISC had no

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS - Page 20**

The Supreme Court has recognized that a statutory requirement that applicants provide a social security number is wholly neutral in religious terms and uniformly applicable. *Bowman v. Roy*, 476 U.S. 693, 703 (1986). In *Bowman*, the Supreme Court upheld a federal statutory requirement that participants in federal aid programs provide their social security numbers to the agencies administering the programs. The *Bowman* case involved parents who applied for food stamps but refused to provide a social security number for their two year old daughter because of their sincere religious conviction that the government's widespread use of a unique numerical identifier for their daughter would deprive her of spiritual power. In upholding the statutory requirement that applicants for government aid provide a social security number, the Court recognized that the social security number requirement promotes a legitimate and important public interest and that use of the number is a reasonable means of promoting this goal. 476 U.S. at 710. The Court also recognized that given the diversity of beliefs in our pluralistic society and the necessity of providing government benefits with sufficient operating latitude, some incidental neutral restraints on the free exercise of religion are inescapable.[13]   *Id.*   Because Mr. Hanson has chosen to enter into a commercial activity, employment, as a matter of choice, the limits he is able to accept on his own conduct as a matter of faith are not to be superimposed on the statutory schemes which are binding on others in that activity.

---

[13]In the instant case, Mr. Hanson is legally obligated to make payment of social security taxes because he does not fall within the one recognized exception to payment of these taxes. The only recognized exemption to payment of social security taxes is provided for in 26 U.S.C. §1402(g). The exemption provided by §1402(g) is available only to self-employed individuals and does not apply to employers or employees. Consequently, because Mr. Hanson is an employee, he does not fall within the express provisions of §1402(g).

There is likewise no supporting legal authority under Title VII that supports the argument that an employer is liable for religious discrimination because the employer terminates an employee who refuses to comply with federal law. To require ISC to participate in and condone Mr. Hanson's violations of law as an accommodation to his religious beliefs constitutes "undue hardship" as a matter of law and implicates constitutional concerns. The Supreme Court has previously held in *TWA v. Hardison* that an employer was not required by Title VII to violate a seniority system in a collective bargaining agreement. The argument is more compelling when the employer must violate federal law.[14]

For the foregoing reasons, ISC respectfully requests the Court to dismiss, with prejudice, the EEOC's Complaint filed in this action pursuant to Fed.R.Civ.P. 12(b)(6).

Respectfully submitted,

GARDERE & WYNNE
A Registered Limited Liability Partnership
1601 Elm Street, Suite 3000
Thanksgiving Tower
Dallas, Texas  75201
Telephone: (214) 999-3000
Telecopier: (214) 999-4270

By: _____
Dan Hartsfield
State Bar No.  09170800
T. Michele Baird
State Bar No.  01561600

---

[14]Section 701(j) does not require that in accommodating an employee's religious beliefs that an employer override an established seniority system, nor does it require an employer to take steps that go beyond those that a reasonable person would take. *Turpen v. Missouri, Kansas, Texas Railroad Co.*, 736 F.2d 1022, 1028 (5th Cir. 1984). Defendant submits that, as a matter of law, violating federal law goes beyond the steps that a reasonable person would take.

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS - Page 24**

# EMPLOYMENT ELIGIBILITY VERIFICATION

**1 EMPLOYEE INFORMATION AND VERIFICATION:** (To be completed and signed by employee.)

| Name: (Print or Type)   Last | First | Middle | Maiden |
|---|---|---|---|

| Address: Street Name and Number | City | State | ZIP Code |
|---|---|---|---|

| Date of Birth (Month/Day/Year) | Social Security Number |
|---|---|

I attest, under penalty of perjury, that I am (check a box):

☐ A citizen or national of the United States.
☐ An alien lawfully admitted for permanent residence (Alien Number A _____ ).
☐ An alien authorized by the Immigration and Naturalization Service to work in the United States (Alien Number A _____
or Admission Number _____ expiration of employment authorization, if any _____ ).

I attest, under penalty of perjury, the documents that I have presented as evidence of identity and employment eligibility are genuine and relate to me. I am aware that federal law provides for imprisonment and/or fine for any false statements or use of false documents in connection with this certificate.

| Signature | Date (Month/Day/Year) |
|---|---|

**PREPARER/TRANSLATOR CERTIFICATION** (If prepared by other than the individual). I attest, under penalty of perjury, that the above was prepared by me at the request of the named individual and is based on all information of which I have any knowledge.

| Signature | Name (Print or Type) | | |
|---|---|---|---|
| Address (Street Name and Number) | City | State | Zip Code |

**2 EMPLOYER REVIEW AND VERIFICATION:** (To be completed and signed by employer.)

Examine one document from those in List A and check the correct box, **or** examine one document from List B **and** one from List C and check the correct boxes. Provide the *Document Identification Number* and *Expiration Date,* for the document checked in that column.

| List A<br>Identity and Employment Eligibility | | List B<br>Identity | and | List C<br>Employment Eligibility |
|---|---|---|---|---|
| ☐ United States Passport | | ☐ A State issued driver's license or I.D. card with a photograph, or information, including name, sex, date of birth, height, weight, and color of eyes.<br>(Specify State)_____ | | ☐ Original Social Security Number Card (other than a card stating it is not valid for employment) |
| ☐ Certificate of United States Citizenship | | | | |
| ☐ Certificate of Naturalization | | ☐ U.S. Military Card | | ☐ A birth certificate issued by State, county, or municipal authority bearing a seal or other certification |
| ☐ Unexpired foreign passport with attached Employment Authorization | | ☐ Other (Specify document and issuing authority) | | |
| ☐ Alien Registration Card with photograph | | | | ☐ Unexpired INS Employment Authorization Specify form<br># _____ |
| *Document Identification*<br># _____ | | *Document Identification*<br># _____ | | *Document Identification*<br># _____ |
| *Expiration Date (if any)*<br>_____ | | *Expiration Date (if any)*<br>_____ | | *Expiration Date (if any)*<br>_____ |

**CERTIFICATION: I attest, under penalty of perjury, that I have examined the documents presented by the above individual, that they appear to be genuine, relate to the individual named, and that the individual, to the best of my knowledge, is authorized to work in the United States.**

| Signature | Name (Print or Type) | Title |
|---|---|---|
| Employer Name | Address | Date |

Form I-9 (03/20/87)
OMB No. 1115-0136



U.S. Department of Justice
Immigration and Naturalization Service



UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U. S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

APR - 1 1992

NANCY DOHERTY, CLERK

By _____

Deputy

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
         Plaintiff, )
)
v. )
)
INFORMATION SYSTEMS CONSULTING, )
A DIVISION OF DIVERSIFIED HUMAN )
RESOURCES GROUP, )
)
         Defendant. )
)

CIVIL ACTION NO.

CA3-92-0169-T

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

JEFFREY C. BANNON
Regional Attorney
Conn. Bar No. 301166

KATHERINE E. BISSELL
Supervisory Trial Attorney
Texas State Bar No. 02356020

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
8303 Elmbrook Drive
Dallas, Texas  75247
(214) 767-7948



## TABLE OF AUTHORITIES

### CASES

Conley v. Gibson,
    355 U.S. 41 (1957) . . . . . . . . . . . . . . .    4,  5

Mester Mfg. Co. v. INS,
    879 F.2d 561 (9th Cir. 1989) . . . . . . . . .    11

Trans World Airlines v. Hardison,
    432 U.S. 63 (1977) . . . . . . . . . . . . .    9

Turpen v. Missouri-Kansas-Texas R. Co.,
    736 F.2d 1022 (5th Cir. 1984) . . . . . . . . .    6,  7

### STATUTES

8 U.S.C. § 1324 (Supp. 1992) . . . . . . . . . .    11

26 U.S.C. § 6109(a)(3) (Supp. 1992) . . . . . . . .    8

26 U.S.C. § 6723 (Supp. 1992) . . . . . . . . . .    10

26 U.S.C. § 6724(a) (Supp. 1992) . . . . . . . . .    10

26 U.S.C. § 6724 (Supp. 1992) . . . . . . . . . .    10

26 U.S.C. § 6676 (1989) . . . . . . . . . . . .    9

Public Law 101-239 Title VII, Section 7711(b)(1),
    Dec. 19, 1989, 103 Stat. 2393 . . . . . . . . .    10

Fed. R. Civ. P. 8 . . . . . . . . . . . . . . . .    2

Treas. Reg. § 301.6109-1(c) (1991) . . . . . . . .    8

Treas. Reg. § 310.6676-1 (1989) . . . . . . . . .    9

•

The Commission states that it is unnecessary under the Federal Rules of Civil Procedure to state detailed and specific facts regarding its claim of religious discrimination on behalf of Mr. Hanson in the Commission's complaint.    Fed. R. Civ. P. 8.    Mr. Hanson has a bona fide religious conviction which prohibits him from obtaining a social security number.    Further, the defendant has admitted that it knew of Mr. Hanson's belief but made the decision to terminate Mr. Hanson soley because he refused to obtain a social security number.    Finally, as explained more fully below, the defendant could have accommodated Mr. Hanson's religious conviction without suffering undue hardship.    For these reasons the Commission requests that the Defendant's Motion to Dismiss be denied.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On August 16, 1989, Mr. Bruce Hanson filed a charge of discrimination with the EEOC against the defendant, Information Systems Consulting.    In his charge of discrimination, Mr. Hanson alleged that he had been discharged from his employment because he did not have a social security number.    Mr. Hanson alleged that he had been discriminated against because of his religion, Christian Fundamentalist, in violation of Title VII.    (Copy of the Charge of Discrimination is attached as Exhibit 4).    Mr. Hanson holds a sincere religious conviction that a social security number is the "mark of the beast" as set forth in the Holy Bible, Book of Revelations, and to obtain a social security number would be in

**PLAINTIFF'S RESPONSE TO**
**DEFENDANT'S MOTION TO DISMISS**                                          2

he would not obtain a social security number. The Commission determined that the defendant failed to accommodate Mr. Hanson's religious belief against obtaining a social security number. Specifically, the Commission determined that the applicable IRS rules and regulation provided that an employer need only request a social security number from an employee and sign an affidavit that the request had been made. Further IRS regulations provide for a waiver of penalties for reasonable cause. A copy of the letter of determination is attached as Exhibit 6.

## II. THE COMMISSION'S COMPLAINT IS SUFFICIENT UNDER RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE

The defendant argues that the Commission's complaint should be dismissed because the Commission has failed to plead detailed facts to establish a claim of religious discrimination. The law is well established that a claimant is not required to set forth specific facts to support general allegations of discrimination. Conley v. Gibson, 355 U.S. 41, 47 (1957). Rule 8 of the Federal Rules of Civil Procedure requires only that the complaint contain "a short and plain statement of the claim that will give the defendant fair notice of the plaintiff's claim and the ground upon which it rests." Id. at 47. The Federal Rules of Civil Procedure allow such "notice" pleading because of the liberal opportunity for discovery and other pretrial procedures designed to define more narrowly the disputed issues and facts. Id. at 48. Further, a court may dismiss a claim pursuant to Rule 12(b)(6) only if it

PLAINTIFF'S RESPONSE TO                                          4
DEFENDANT'S MOTION TO DISMISS

Mr. Hanson was discharged for his failure to comply with the conflicting employment requirement. Once the Commission establishes the prima facie case, the burden shifts to the employer to show that it was unable to reasonably accommodate the employee's religious belief without undue hardship. Turpen v. Missouri-Kansas-Texas R. Co., 736 F.2d 1022 (5th Cir. 1984).

### A. Mr. Hanson has a bona fide religious belief that prohibits him from obtaining a social security number and he advised the defendant of his belief.

As the Commission established during its investigative process, Mr. Hanson has a sincere religious conviction that a social security number represents the "mark of the beast" as set forth in the Book of Revelations of the Bible. Mr. Hanson believes that to obtain a social security number would be in direct contradiction to the teachings of the Bible. (Affidavit of Bruce Hanson attached as Exhibit 1). Also attached to this memorandum is the affidavit of Scott Brasher, who also attests to Mr. Hanson's religious belief. (Affidavit of Scott Brasher attached as Exhibit 2).

The defendant has admitted in its statement of position to the Commission that Mr. Hanson was told by Mr. Fitzpatrick that in order to remain employed he had to obtain a social security number. (Defendant's statement of position to the EEOC, including affidavit of Mr. Fitzpatrick, attached as Exhibit 5). When Mr. Hanson indicated that he would refuse to comply with this requirement he was discharged by the defendant. There is also no dispute that Mr. Hanson notified the defendant of his religious conviction against

suffering penalties by the IRS and therefore it would suffer undue hardship. However, the applicable Internal Revenue Code provisions and IRS regulations do not support the defendant's contention.

Indeed, the Internal Revenue Code and the regulations promulgated pursuant to the code do not contain an absolute requirement that an employer provide an employee social security number to the IRS. Internal Revenue Code Section 6109(a)(3) states:

> Any person required under the authority of this title to make a return, statement or other document with respect to another person, shall request from such other person, and shall include in any return statement, or document, such identifying number as may be prescribed for securing proper identification of such other person.

26 U.S.C. § 6109(a)(3) (Supp. 1992).

The IRS regulation interpreting Section 6109 provides:

> If he does not know the taxpayer identifying number of the other person, he shall request such number of the other person. A request should state that the identifying number is required to be furnished under the authority of law. **When the person filing the return, statement, or other document does not know the number of the other person, and has complied with the request provision of this paragraph, he shall sign an affidavit on the transmittal document forwarding such returns, statements, or other documents to the Internal Revenue Service so stating.** (emphasis added)

Treas. Reg. § 301.6109-1(c) (1991).

The applicable IRS statute and regulation place a duty on the employer to request a taxpayer identifying number from the employee. If a document must be filed and the employer has been

must show that an accommodation would require the employer to incur greater than a de minimis cost or impose greater than a de minimis imposition to establish undue hardship).

The Omnibus Budget Restoration Act, Public Law 101-239, Title VII, Section 7711(b)(1), Dec. 19, 1989, 103 Stat. 2393, repealed Section 6676 of the Internal Revenue Code effective for statements or documents filed after December 31, 1989. Since December 31, 1989, Section 6723 of the Internal Revenue Code, 26 U.S.C. § 6723 (Supp. 1992) has governed the failure to comply with information reporting requirements. Section 6723 states that a penalty of $50.00 shall be assessed for each failure to comply with a reporting requirement. However, Internal Revenue Code Section 6724, 26 U.S.C. § 6724 (Supp. 1992), provides for a waiver of any penalties assessed under the code upon a showing of reasonable cause. Section 6724(a) provides:

> No penalty shall be imposed under this part with respect to any failure if it is shown that such failure is due to reasonable cause and not willful neglect.

26 U.S.C. § 6724(a) (Supp. 1992).

While no court has ruled that a religious conviction is reasonable cause, the focus in this case is on the action of the employer in determining whether any penalty would be assessed. Unless the employer willfully fails to obtain the taxpayer identification number any penalty should be waived. The key fact in determining whether the defendant violated Title VII, however,

PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO DISMISS                                    10

## IV.    CONCLUSION

The Commission's complaint filed herein gave the defendant sufficient notice, pursuant to Rule 8 of the Federal Rules of Civil Procedure, of the EEOC's claim of religious discrimination under Title VII.    The Commission can establish a prima facie case of religious discrimination under Title VII.  Mr. Hanson has a bona fide religious belief that conflicted with the defendant's requirement that he provide the defendant with a social security number to remain employed.  The defendant was aware of Mr. Hanson's religious belief and failed to reasonably accommodate his belief. The Commission has stated a claim upon which relief can be granted and the Defendant's Motion to Dismiss should be denied.

Respectfully submitted

JEFFREY C. BANNON
Regional Attorney
Connecticut State Bar No. 301166

KATHERINE E. BISSELL
Supervisory Trial Attorney
State Bar No. 02356020

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
8303 Elmbrook Drive, 2nd Floor
Dallas, Texas 75247
(214) 767-7948

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,                                    )
                                               )
                    Plaintiff,                 )        CIVIL ACTION NO.
                                               )
v.                                             )        CA3-92-0169-T
                                               )
INFORMATION SYSTEMS CONSULTING                 )
A DIVISION OF DIVERSIFIED HUMAN}               )
RESOURCES GROUP,                               )
                                               )
                    Defendant.                 )
_____        )

### AFFIDAVIT OF BRUCE HANSON

I, Bruce Hanson, declare under penalty of perjury the following:

1.    I am over eighteen (18) years of age and a citizen of the United States of America.

2.    I hold a sincere religious conviction that a social security number is "the mark of the beast" as set forth in the Holy Bible, Book of Revelations.

3.    To obtain a social security number or any other type of identifying number would be in direct contradiction to the teachings of the Bible.

4.    I have never had a social security number or other identifying number.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this the 30 day of March , 1992.

_____
Bruce Hanson

PLAINTIFF'S
EXHIBIT

religious conviction that obtaining a social security number would violate the teachings of Revelations.

7. A copy of a letter I provided to the EEOC in August 1989 is attached to this affidavit as Exhibit A.


I declare under penalty of perjury that the foregoing is true and correct. Executed on this the 30th day of March , 1992.


Scott T. Brasher

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,                        )
                                   )
                Plaintiff,         )
                                   )     CIVIL ACTION NO.
v.                                 )
                                   )     CA3-92-0169-T
INFORMATION SYSTEMS CONSULTING     )
A DIVISION OF DIVERSIFIED HUMAN    )
RESOURCES GROUP,                   )
                                   )
                Defendant.         )
_____  )

## AFFIDAVIT OF BRIAN MCGOVERN

I, Brian McGovern, declare under penalty of perjury the following:

1.    This affidavit is made in support of the Commission's Response to the Defendant's Motion to Dismiss in the above-captioned litigation.

2.    I am the Deputy Director of the Dallas District Office of the Equal Employment Opportunity Commission.

3.    In such position, I a keeper of the records of investigatory files concerning charges of employment discrimination filed with the EEOC.

4.    Such files are maintained in the ordinary course of the governments operation of investigation and enforcement of claims of employment discrimination. This includes the file of Bruce Hanson v. Information Systems Consulting, EEOC charge number 310 89 2438.

5.    Attached as Exhibit 4 to the Plaintiff's Response to Defendant's Motion to Dismiss (hereinafter Plaintiff's Response) is



PLAINTIFF'S
EXHIBIT

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form.

ENTER CHARGE NUMBER

☐ FEPA

☒ EEOC   310 89 2438

## TEXAS COMMISSION ON HUMAN RIGHTS

_(State or local Agency, if any)_ _____ and EEOC

NAME _(Indicate Mr., Ms., or Mrs.)_
Mr. Bruce Hanson

HOME TELEPHONE NO. _(Include Area Code)_
(214) 539-9471

STREET ADDRESS
33 Wildwood Drive

CITY, STATE AND ZIP CODE
Flower Mound, Texas 75028

COUNTY
Denton

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME _(If more than one list below.)_

NAME
Information Systems Consulting

NO. OF EMPLOYEES/MEMBERS
15+

TELEPHONE NUMBER _(Include Area Code)_
(214) 490-1881

STREET ADDRESS
5001 Spring Valley Road

CITY, STATE AND ZIP CODE
Dallas, Texas 75244-3910

NAME

TELEPHONE NUMBER _(Include Area Code)_

STREET ADDRESS

CITY, STATE AND ZIP CODE

CAUSE OF DISCRIMINATION BASED ON _(Check appropriate box(es))_

☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION Christian Fundamentalist  ☐ NATIONAL ORIGIN
☐ AGE  ☐ RETALIATION  ☐ OTHER _(Specify)_

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE _(Month, day, year)_
8-15-89

THE PARTICULARS ARE _(If additional space is needed, attached extra sheet(s))_:

I.  PERSONAL HARM:

I was discharged.

II.  REASON FOR RESPONDENT'S ADVERSE ACTION:

Tim Fitzgerald discharged me because I do not have a Social Security number.

III.  DISCRIMINATION STATEMENT:

I believe I have been discriminated against because of my religion, Christian Fundamentalist, in violation of Title VII of the Civil Rights Act of 1964, as amended.

PLAINTIFF'S
EXHIBIT
4

☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date 8/16/89

Charging Party (Signature) _Bruce Hanson_

NOTARY - _(When necessary to meet State and Local Requirements)_

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
_Bruce Hanson_

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE _(Day, month, and year)_  8-16-89

_A. Falcon, Investigator_

EEOC FORM 5  MAR 84      PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

FILE COPY

GARDERE & WYNNE

Ms. Euniece Davis
November 8, 1989
Page 2

civil or criminal penalties for the failure to obtain a social security number for Mr. Hansen.    (Exhibit "A").    Therefore, on August 3, 1989, Respondent hired Mr. Hansen when Respondent's management was fully cognizant of Mr. Hansen's religious beliefs. At this time Mr. Fitzpatrick specifically explained to Mr. Hansen that he was being hired on the condition that Respondent would not suffer any legal penalties or violate the Internal Revenue Code for failing to obtain a social security number for Mr. Hansen.

On approximately August 14, 1989, Respondent's accounting department determined that its failure to obtain a social security number for Mr. Hansen could subject Respondent to various penalties under the Internal Revenue Code and its Regulations.    After Respondent's management reviewed this problem, it was communicated to Mr. Hansen.  Respondent explained to Mr. Hansen that if he could not provide Respondent with a social security number he would be terminated.   When Mr. Hansen refused to do so, he was terminated. (Exhibit "A").

RESPONDENT ATTEMPTED TO ACCOMMODATE THE RELIGION OF CHARGING PARTY IN SEVERAL WAYS:

Respondent made a good faith effort to accommodate the religion of Mr. Hansen.    Respondent was willing to employ Mr. Hansen without a social security number if it could do so without violating the Internal Revenue Code or its Regulations.  After Respondent discovered that it would be exposed to possible civil and criminal penalties for failing to obtain a social security number for Mr. Hansen, Respondent discovered that it could comply with the Internal Revenue Code if Mr. Hansen would be willing to obtain a tax identification number in lieu of a social security number.  This information was communicated to the E.E.O.C. in an effort to resolve this charge.  However, Mr. Hansen refused to obtain a tax identification number.  Thus, due to Mr. Hansen's refusal to obtain either a social security number or a tax identification number, Respondent could not employ Mr. Hansen without the undue hardship of suffering violations and penalties under the Internal Revenue Code and its Regulations.

RESPONDENT WOULD BE SUBJECT TO VARIOUS PENALTIES FOR FAILING TO OBTAIN A SOCIAL SECURITY NUMBER OR A TAX IDENTIFICATION NUMBER FOR CHARGING PARTY:

Respondent would be exposed to a variety of penalties under both the Internal Revenue Code and its Regulations for failing to

GARDERE & WYNNE

Ms. Euniece Davis
November 8, 1989
Page 4

Respondent attempted to accommodate Mr. Hansen's religious objections to obtaining a social security number by suggesting that he obtain a tax identification number, he refused to do so. The legal penalties to which Respondent would be exposed for failure to obtain either of these numbers from Mr. Hansen would constitute an undue burden on Respondent.

For the foregoing reasons Respondent requests that the Commission issue a decision finding no reasonable cause to believe that Respondent has violated Title VII of the Civil Rights Act of 1964 and dismiss Mr. Hansen's charge. Please direct further inquiries regarding this matter to me.

Sincerely,

Robert E. Luxen

REL:mcd:7400/GW02
Enclosure

Copy

his position.    Having never before faced a situation where a potential employee did not have a Social Security number, I explained to Mr. Hanson that I would have to check with my superiors on that issue and communicated to him that the company could not hire him if it would break any laws in doing so.    After the interview I presented Mr. Hanson's resume to my superiors, Mark McFayden, the General Manager of ISC, and Charlie Fox, the Vice President of ISC.    I explained to both of them that Mr. Hanson had stated that he was exempt from obtaining a Social Security number for religious reasons.    We also discussed the documents which Mr. Hanson claimed supported this position.    Both the managers agreed to hire Mr. Hanson on the condition that we could do so without suffering any legal penalties or violating the Internal Revenue Service Regulations for not requiring Mr. Hanson to have a Social Security number.

On Thursday, August 3, 1989, I called Mr. Hanson and informed him that ISC was interested in hiring him and asked him to come into the office and speak with me.    Later that day Mr. Hanson met with me.    At this meeting Mr. Hanson brought the documentation he referred to in his June 26 interview, including the letter from the Social Security Administration, copies of the Interal Revenue Code, and paycheck stubs.    Again Mr. Hanson represented that ISC would not violate any laws in hiring him without a Social Security number.    The documentation and the statements led me to believe that ISC could hire Mr. Hanson without a Social Security number and not suffer any legal penalties.    Mr. Hanson then signed an

AFFIDAVIT OF TIM FITZPATRICK - Page 2

Hanson confirmed that he would not obtain a Social Security number so I discharged him. He asked to speak with Mr. McFayden, who then came into the office and reiterated the company decision. Later that week I received a letter from Mr. Hanson asking me to reinstate him.

In Mr. Hanson's charge he alleges that ISC discriminated against him on the basis of his religion. This statement is untrue. The company hired Mr. Hanson when it was fully aware of his religious beliefs. Mr. Hanson was terminated solely because his failure to obtain a Social Security number placed the Company in a position where it would violate the Internal Revenue Code and would be subject to penalties if Mr. Hanson was employed. Mr. Hanson was informed that the company could not employ him without a Social Security number if such an action would break the law. Obviously, Mr. Hanson believed that the Internal Revenue Service would penalize the company with a $50 fine in view of his statement on August 15. However, Mr. Hanson neglected to tell me this before he was hired and in fact provided documentation which led me to believe otherwise.

The foregoing is true and correct to the best of my knowledge.

_Tim Fitzpatrick_
Tim Fitzpatrick

SWORN TO AND SUBSCRIBED before me on the __29th__ day of September, 1989.

_Darlene Chute_
Notary Public, State of Texas

My Commission Expires:

(673/01)

DARLENE CHUTE
COMMISSION EXPIRES
JULY 12, 1993

Print or Type Name

**AFFIDAVIT OF TIM FITZPATRICK** - Page 4

LETTER OF DETERMINATION
EEOC CHARGE NUMBER 310 89 2438
PAGE NUMBER 2

Social Security number. Its only attempt at accommodation occurred two months after the Charging Party's discharge. The Respondent at that time offered to accept a Taxpayer Identification number in lieu of a Social Security number. This was unacceptable to the Charging Party, as his beliefs do not allow him to obtain such a number.

The evidence shows that the Respondent's position is unsupported by the law as it existed at the time of the Charging Party's discharge, and as it exists now, following the passage of the Omnibus Budget Restoration Act (Public Law 101-239) on December 19, 1989.

Internal Revenue Code Section 310.6676-1, which was in effect at the time of the Charging Party's discharge, states, "Under Section 301.6109-1(c) a payer is required to request the identifying number of the payee. If after such a request has been made, the payee does not furnish the payer with his identifying number, the penalty will not be assessed against the payer." (emphasis added) Therefore, under the law as it existed on the day that the Charging Party was discharged, the Respondent could have accommodated the Charging Party without undue hardship. All that was necessary was that it request a number and so notify the Internal Revenue Service by affidavit, that it had.

The Omnibus Budget Restoration Act (Public Law 101-239) provides that "No penalty shall be imposed under this part with respect to any failure if it is shown that such failure is due to reasonable cause and not to willful neglect." The temporary regulations make clear that under the present law, if an employer requests an identifying number and so notifies the Internal Revenue Service, by affidavit, it will not be subject to any penalties for failure to report an identifying number.

The evidence supports the charge that there is a violation of Title VII of the 1964 Civil Rights Act, as amended, because of the Charging Party's religious beliefs, Christian Fundamentalist.

Section 706(b) of Title VII requires that if the Commission determines there is reasonable cause to believe that the charge is true, it shall endeavor to eliminate the alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. Having determined there is reasonable cause to believe the charge is true, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter. A representative of this office will be in contact with each party in the near future to begin the conciliation process.



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

EQUAL EMPLOYMENT OPPORTUNITY          §
COMMISSION,                            §
                                       §
        Plaintiff,                     §
                                       §        CIVIL ACTION NO.
v.                                     §
                                       §
INFORMATION SYSTEMS CONSULTING         §        CA3-92-0169-T
A DIVISION OF DIVERSIFIED HUMAN        §
RESOURCES GROUP,                       §
                                       §
        Defendant.                     §
                                       §

## DEFENDANT'S MOTION AND BRIEF FOR PROTECTIVE ORDER

Pursuant to Fed.R.Civ.P. 26(c), the Defendant, Information Systems Consulting, a

Division of Diversified Human Resources Group ("ISC"), requests the Court to grant a

protective order staying discovery in this case until the Court rules on Defendant's pending

Motion to Dismiss. In support of its motion for a protective order, Defendant would show

the Court the following:

1.      On January 27, 1992, the Equal Employment Opportunity Commission

("EEOC") filed suit against ISC claiming that it violated Title VII of the Civil Rights Act by

discriminating against Bruce Hanson because of his religion.

2.      On March 9, 1992, ISC filed a motion to dismiss the EEOC's complaint

because it fails to state a claim upon which relief can be granted. Defendant's motion to

dismiss is currently pending before this Court. The EEOC filed its response to ISC's motion

to dismiss on March 29, 1992.

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER - Page 1**

ISC is not attempting to avoid or delay discovery in this case, but rather to prevent the parties from engaging in discovery that would be moot if the Court grants the pending motion. Accordingly, ISC requests the Court to grant a protective order staying discovery proceedings in this case until it has ruled on the pending motion to dismiss.

Respectfully submitted,

GARDERE & WYNNE
A Registered Limited Liability Partnership
1601 Elm Street, Suite 3000
Thanksgiving Tower
Dallas, Texas 75201
Telephone: (214) 999-3000
Telecopier: (214) 999-4270

By: _____
Dan Hartsfield
State Bar No. 09170800
T. Michele Baird
State Bar No. 01561600

## CERTIFICATE OF CONFERENCE

On March 19, 1992, T. Michele Baird, counsel for the Defendant, conferred with Katherine Bissell, counsel for the EEOC, about the Motion to Stay Discovery. Ms. Bissell stated that the EEOC opposed the Motion to Stay Discovery.

_____
T. Michele Baird

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER - Page 3**



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | CA3-92-0169-T |
| INFORMATION SYSTEMS CONSULTING A DIVISION OF DIVERSIFIED HUMAN RESOURCES GROUP, | § § § § | |
| Defendant. | § § § | |

### DEFENDANT'S REPLY TO PLAINTIFF'S
### RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Pursuant to Local Rule 5.1 of the Northern District of Texas, INFORMATION SYSTEMS CONSULTING, a division of Diversified Human Resources Group ("ISC" or the "Company"), files this reply to Plaintiff's Response to Defendant's Motion to Dismiss ("Response"), and would show the following:

### Summary of the Reply

The Equal Employment Opportunity Commission's ("EEOC") Response to Defendant's Motion to Dismiss completely fails to refute ISC's two primary arguments for dismissal of the EEOC's complaint.

First, nowhere in its Response does the EEOC rebut the obvious and irreparable flaw in its theory of the case - that Bruce Hanson's ("Hanson") religious beliefs conflict with

legality but rather by the possibility and severity of the resulting legal sanctions if and when they are caught.

I.    *Mr. Hanson's Obligation to Provide ISC With a Social Security Number Is a Statutory Obligation not an ISC Employment Requirement.*

In its Response, the EEOC admits that to establish a prima facie claim of religious discrimination it must demonstrate that Mr. Hanson had a bona fide religious belief that conflicts with an ISC **employment requirement**. This expected concession - in light of controlling Fifth Circuit precedent - alone warrants dismissal of the Complaint.

Dismissal of the Complaint is warranted because the EEOC nowhere in its Response identifies an employment requirement of ISC that conflicts with Mr. Hanson's religious beliefs. The EEOC has not even attempted to identify a specific employment requirement of the Company, such as all employees must work on Saturdays, and then argue that Mr. Hanson's religious beliefs conflicted with this requirement and resulted in his termination.

It is beyond dispute that Mr. Hanson's obligation to obtain and furnish ISC with a Social Security number arises solely from federal law. The regulations discussed at length in Defendant's brief in support of its motion to dismiss expressly impose upon Mr. Hanson an affirmative, mandatory obligation to obtain and provide ISC with his Social Security number. See Defendant's Brief in Support of Motion to Dismiss, pp. 8-13. Likewise, these regulations require ISC to utilize the Social Security number that Mr. Hanson is obligated -

**DEFENDANT'S REPLY TO PLAINTIFF'S**
**RESPONSE TO DEFENDANT'S MOTION TO DISMISS - Page 3**

this case from every reported religious discrimination case and precludes, as a matter of law, the EEOC from stating a claim of religious discrimination.

II.    _Requiring ISC to Accommodate Mr. Hanson's Religious Beliefs Would Place an Undue Hardship on ISC._

The EEOC concentrates its response on ISC's burden to demonstrate that it reasonably accommodated Mr. Hanson's religious beliefs. In discussing ISC's obligation to reasonably accommodate Mr. Hanson, the EEOC emphasizes ISC's potential avoidance of the penalty for violating tax regulations. The EEOC's argument, again, puts the cart before the horse. The issue is not whether ISC can avoid the penalty for violating a statute to accommodate Mr. Hanson's religious beliefs, but instead whether the fact that ISC must violate the statute in the first place constitutes an undue hardship on ISC.

A.    _To Comply With The Tax Statutes, an Employer Must Require an Employee to Provide a Social Security Number to Remain Employed._

The EEOC's representation in its Response that the Internal Revenue Code and its regulations do not contain an absolute requirement that an employer provide an employee's Social Security number to the IRS is obviously erroneous. See EEOC's Response, p. 8. Section 6109(a)(3) of the Internal Revenue Code ("IRC"), cited by the EEOC, expressly states that the employer "shall" include the employee's Social Security number on the return. The plain language of this regulation states that the identifying number "shall" be included. Because of the compulsory language of the statute, ISC had **no** alternative but to require

**DEFENDANT'S REPLY TO PLAINTIFF'S**
**RESPONSE TO DEFENDANT'S MOTION TO DISMISS - Page 5**

Verification Form ("I-9 Form") state that an employer is obligated to ensure that both parts of an I-9 Form are completed.[3] There is no exception to this requirement.

The EEOC's characterization of ISC's obligations under IRCA completely fails to address the employer's obligation to maintain a completed I-9 Form on each employee. The EEOC points out that in completing the second part of the I-9 Form, an employer can rely on other documents besides a Social Security card to verify an employee's identity and verification. ISC, however, never represented that Mr. Hanson's Social Security number was required to complete the second part of the I-9 Form. It is the first part of the I-9 Form that requires a Social Security number, and the employer is responsible for ensuring that the employee completes Part I of the I-9 Form.

Mr. Hanson's I-9 Form was incomplete because he did not fill in the blank space for a Social Security number and ISC could have been fined for having an incomplete form for Mr. Hanson. Not surprisingly, the EEOC never explains how ISC could have avoided liability for failing to ensure that Mr. Hanson's I-9 form was entirely completed. The EEOC simply glosses over this issue because ISC has absolute liability for maintaining a completed I-9 for Mr. Hanson, and there are **no** exceptions to this obligation. In sum, IRCA requires ISC to maintain a completed I-9 for all employees, and its failure to maintain this document would place ISC in violation of the law.

---

[3]The regulations implementing IRCA state "[a] person or entity that hires or recruits or refers for a fee an individual for employment must ensure that the individual properly" completes section 1. Section 1 of the I-9 Form has a specific place for the employee's Social Security number.

religious beliefs must yield to the government's overriding interest in requiring utilization of a Social Security number. <u>Bowman v. Roy</u>, 476 U.S. 693, 710 (1986).

IV.    *Conclusion*

Nothing in the EEOC's response explains how it can establish a prima facie case of religious discrimination when the conflict arises between Mr. Hanson's religious belief and federal law. ISC did not promulgate the tax and immigration laws that require Mr. Hanson to obtain and furnish a Social Security number. ISC merely complied with the law.

To condone Mr. Hanson's violation of law and to require ISC to also violate the law and become subject to penalties as an accommodation to his religious belief creates an undue hardship on ISC as a matter of law. Numerous courts addressing the issue of an employer's obligation to accommodate an employee's religious belief have determined that violating a seniority system, paying overtime to one employee to cover another employee's shift, and anything else that requires more than a "de minimis expense" creates an undue hardship on an employer. Requiring an employer to violate a law certainly surpasses the minimal threshold for undue hardship.

For the foregoing reasons, ISC respectfully requests the Court to dismiss, with prejudice, the EEOC's Complaint filed in this action pursuant to Fed.R.Civ.P. 12(b)(6).

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

U. S. DISTRICT COURT
NORTHERN DISTRICT OF

**FILED**

APR 20 1992

NANCY DOHERTY, CLERK

By _____

Deputy

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,

v.

INFORMATION SYSTEMS CONSULTING,
A DIVISION OF DIVERSIFIED HUMAN
RESOURCES GROUP,

                Defendant.

CA 3-92-0169-T

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS
### AND
## DECLARING MOOT DEFENDANT'S MOTION FOR PROTECTIVE ORDER

This matter is before the court on Defendant's March 9, 1992 motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Defendant's April 9, 1992 motion for protective order. Plaintiff responded to the motion to dismiss on April 1, 1992. The court, having considered the motion to dismiss and the response, is of the opinion that the motion to dismiss should be denied.

Defendant's motion for protective order sought a stay of discovery until the court ruled on the motion to dismiss. In light of this order denying the motion to dismiss, the motion for protective order is moot.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND
DECLARING MOOT DEFENDANT'S MOTION FOR PROTECTIVE ORDER      PAGE 1

and that Defendant's motion should be dismissed.

RULE 12(B)(6) STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claim or claims stated in the complaint. The court must decide whether the facts alleged, if true, would entitle the EEOC to the legal remedy requested. Unless the answer is unequivocally "no," the motion must be denied. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Many courts view Rule 12(b)(6) motions with "disfavor" because of the role pleadings play in federal practice and the liberal policy regarding amendment: "The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982) (quoting Wright & Miller, Federal Practice & Procedure: Civil § 1357 at 598 (1969)).

The Fifth Circuit has established two primary considerations in determining the propriety of a Rule 12(b)(6) motion. First, the court must accept as true all well pleaded facts in the complaint, and the complaint is to be liberally construed in favor of the plaintiff; however, the court will not accept as true conclusory allegations in the complaint. Id. Second, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Id.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND
DECLARING MOOT DEFENDANT'S MOTION FOR PROTECTIVE ORDER    PAGE 3

fide.

Whether or not a religious belief is sincere is a question of fact.  _Philbrook v. Ansosia Bd. of Educ._, 757 F.2d 476, 482 (2d Cir. 1985) _remanded on other grounds_, 479 U.S. 60 (1986).  The court is unconvinced that the EEOC's failure to allege that Hanson's belief is "sincere" or "bona fide" requires repleading or dismissal.  Pleading that Hanson has a particular belief is sufficient to raise the issue of whether that belief falls within the scope of protection afforded by Title VII, i.e., whether it is sincere or bona fide.

### 2.  Conflicting employment requirement of ISC

To obtain relief under Title VII, the religious belief at issue must conflict with an employment requirement.  ISC argues that Hanson's belief does not conflict with a requirement imposed by ISC but, rather, the conflict is between Hanson's belief and federal law requiring persons in Hanson's situation to obtain social security numbers.  The court recognizes and is aware of the federal requirements regarding social security numbers.  However, the court is unaware of, and ISC does not cite, any federal law that requires termination of an employee because he or she refuses to obtain a social security number.

The employment practice at issue is ISC's termination of Hanson because he refused to obtain a social security number.  The fact that federal law requires an employee to obtain a social security number has no bearing on the issue of whether an employer

5.    A status conference is set for <u>October 23, 1992</u> at <u>9:00 AM</u>. Attendance at the Initial Scheduling Conference and the Status Conference is required.

The parties are directed to confer at least 14 days prior to any conference set herein, to attempt to agree upon any scheduling matters to be decided at the conference.

All conferences will be held in the courtroom, Room 15B36, U.S. Courthouse, 1100 Commerce Street, Dallas, Texas.

These and all future pretrial proceedings in this case will be conducted in accordance with this order <u>and</u> with the presiding judge's Standing Order No. 1, <u>Scheduling and Planning of Pretrial Matters in Civil Cases</u>.    A copy of Standing Order No. 1 is available in the courtroom or in the office of the United States District Clerk, in Dallas, Texas.

Plaintiff is responsible for service of copies of this order upon all parties appearing in this case between the date this order is signed and the date of the initial scheduling conference set above.    Such service shall be made no later than 10 days after the party's appearance.

Questions concerning this order should be directed to the Court Coordinator, Mrs. Jane Tate, at (214) 767-9535.

Signed: May 20, 1992.

_____
Robert B. Maloney
Presiding Judge


INITIAL SCHEDULING ORDER

### THIRD DEFENSE

Plaintiff's claim for individual relief on behalf of Bruce Hanson is barred by the applicable statute of limitations.

### FOURTH DEFENSE

Bruce Hanson has failed to take the necessary, reasonable, and/or appropriate steps to mitigate his damages, if any.

### FIFTH DEFENSE

Plaintiff's claim for individual relief for Bruce Hanson is too speculative to be permitted.

### SIXTH DEFENSE

At all pertinent times, ISC has conducted its employment policies in good faith within the meaning of and in accordance with Title VII of the Civil Rights Act ("Title VII").

### SEVENTH DEFENSE

ISC denies it has willfully or otherwise discriminated against Bruce Hanson, or in any way, failed to comply with the requirements of Title VII. Instead, any treatment accorded Bruce Hanson by ISC has been the result of ISC's legitimate, non-discriminatory, business considerations.

### EIGHTH DEFENSE

ISC's termination of Bruce Hanson did not violate Title VII, because ISC made an attempt to reasonably accommodate Mr. Hanson's religious beliefs, if any.

**DEFENDANT'S ORIGINAL ANSWER - Page 2**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

     Plaintiff,

v.

INFORMATION SYSTEMS CONSULTING
A Division of Diversified
Human Resources Group,

     Defendant.

3:92-CV-0169-T

SCHEDULING ORDER NO. 1

<u>INITIAL SCHEDULING ORDER</u>

    Pursuant to Rule 16(b), Fed. R. Civ. P., the parties will adhere to the following pretrial schedule:

1.   On **<u>July 19, 1992</u>** at **<u>9:00 AM</u>** an Initial Scheduling Conference is to be held.

2.   Unless another date is agreed to by all the parties, in writing, all general discovery must be completed no later than **<u>August 3, 1992</u>**;

3.   Motions for leave to join parties shall be filed not later than **<u>September 1, 1992</u>**;

4.   Motions for leave to amend pleadings shall be filed not later than **<u>September 1, 1992</u>**; and

INITIAL SCHEDULING ORDER

PAGE 1



2.  Unless another date is agreed to by all the parties, in writing, all general discovery must be completed no later than **August 3, 1992**;

3.  Motions for leave to join parties shall have been filed not later than **September 1, 1992**;

4.  Motions for leave to amend pleadings shall have been filed not later than **September 1, 1992**; and

5.  A status conference is set for **October 23, 1992** at **9:00 AM**.

All conferences will be held in the courtroom, Room 15B36, U.S. Courthouse, 1100 Commerce Street, Dallas, Texas.

The parties are directed to confer at least 14 days prior to any conference set herein, to attempt to agree upon any scheduling matters to be decided at the conference.

These and all future pretrial proceedings in this case will be conducted in accordance with this Order and with this court's Standing Order No. 1, Scheduling and Planning of Pretrial Matters in Civil Cases. A copy of Standing Order No. 1 is available in the courtroom or in the office of the United States District Clerk, in Dallas, Texas.

Questions concerning this Order should be directed to the Court Coordinator, Mrs. Jane Tate, at (214) 767-9535.

It is so **ORDERED**.



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL - 9 1992

NANCY DOHERTY, CLERK
By _____
Deputy

EQUAL EMPLOYMENT OPPORTUNITY §
COMMISSION, §
§
Plaintiff, §                    CIVIL ACTION NO.
§
v. §                            CA3-92-0169-T
§
INFORMATION SYSTEMS CONSULTING §
A DIVISION OF DIVERSIFIED §
HUMAN RESOURCES GROUP, §
§
Defendant. §
§

## AGREED PROTECTIVE ORDER

Before the Court for Consideration is the Motion for Protective Order by the Defendant, Information Systems Consulting, A Division of Human Resources Group (hereinafter Information Systems Consulting), pursuant to Fed. R. Civ. P. 26(c).

By agreement of the parties it is hereby ordered:

1.     That the personnel files, including salary and other benefits information, produced by the Defendant in response to Plaintiff's discovery requests shall be treated as confidential and used solely for purposes related to this litigation.

2.     That the personnel files, including salary and other benefit information, produced by the Defendant in response to Plaintiff's discovery requests absent an order by the Court, shall be disclosed only to persons legitimately connected with this lawsuit

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

JUL 24 1992

NANCY DOHERTY, CLERK

By _____
        Deputy

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

       Plaintiff,

v.

INFORMATION SYSTEMS CONSULTING
A Division of Diversified
Human Resources Group,

       Defendant.

No. 3:92-CV-0169-T

SCHEDULING ORDER NO. 3

REVISED SCHEDULING ORDER

    The previous pretrial scheduling order is vacated and this
Revised Scheduling Order is substituted.  Pursuant to Rule 16(b),
Fed. R. Civ. P., the parties will adhere to the following pretrial
schedule:

1.    A scheduling conference is set for **October 30, 1992** at **9:00
AM**;

2.    Unless another date is agreed to by all the parties, in
writing, all general discovery must be completed no later than
**November 1, 1992**;

SCHEDULING ORDER NO. 3
REVISED SCHEDULING ORDER

PAGE 1

Signed: July 24, 1992.

_____
Robert B. Maloney
Presiding Judge

States District Court for the Northern District of Texas, Dallas Division. The parties have agreed that this Decree may be entered without Findings of Fact and Conclusions of Law having been made and entered by the Court.

In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, the Commission and Information Systems Consulting, A Division of Diversified Human Resources Group agree as follows, the Court finds appropriate, and therefore it is ORDERED, ADJUDGED AND DECREED that:

1.    This Decree resolves all issues raised in the EEOC charge No. 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. This Decree further resolves all issues in the Complaint filed by the Commission in this case. The Commission waives further litigation on all issues raised in the above referenced charge and Complaint. The Commission does not waive processing or litigating charges other than the charge referred to above.

2.    The parties agree and the Court finds that this Court has jurisdiction of the subject matter of this action and of the parties, that venue is proper, and that all administrative prerequisites to filing suit have been satisfied.

3.    By entering into this Decree, the parties have not admitted any contentions regarding the allegations on the merits of this cause of action. No party shall contest the validity of this Decree nor the jurisdiction of the federal district court to

**INFORMATION SYSTEMS CONSULTING,**
**A DIVISION OF DIVERSIFIED HUMAN**
**RESOURCES GROUP**

2

(a)    a payment of $3,500.00 shall be made upon entry of the Consent Decree;

(b)    a payment of $3,500.00 shall be made four months after the entry of the Consent Decree;

(c)    a payment of $3,000.00 shall be made eight (8) months after the entry of the Consent Decree.

6.    The defendant shall make legal deductions for withholding of Federal income taxes and the employee portion of social security from the backpay checks.  The defendant shall include with the check, an itemized statement indicating specific amounts paid and deductions made.  All W-2 forms shall be provided as required by law.

7.    The defendant shall make all employer contributions to social security as required by law on the back wages to be paid to Bruce Hanson pursuant to this Consent Decree.

8.    The defendant, Information Systems Consulting, A Division of Diversified Human Resource Group, shall be permanently enjoined from terminating an employee or refusing to hire an individual for failure to provide a social security number because of religious beliefs.  If an employee or applicant for employment advises the defendant that he does not have a social security number because of his religious beliefs, the defendant shall request, pursuant to Section 6724 of the Internal Revenue Service Code, 26 U.S.C. § 6724, a waiver of any penalties that may be imposed for failing to include an employee social security number on forms and documents

INFORMATION SYSTEMS CONSULTING,
A DIVISION OF DIVERSIFIED HUMAN
RESOURCES GROUP

13.  The parties agree to pay their own costs.

SO ORDERED, ADJUDGED AND DECREED this _30_ day of _October_,
1992.

_Conn S. Maloney_
UNITED STATES DISTRICT JUDGE FOR
THE NORTHERN DISTRICT OF TEXAS


AGREED TO IN FORM AND CONTENT

**FOR THE EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION:**

DONALD R. LIVINGSTON
General Counsel

PHILLIP B. SKLOVER
Associate General Counsel

JEFFREY C. BANNON
Regional Attorney
Connecticut State Bar No. 301166

KATHERINE E. BISSELL
Supervisory Trial Attorney
Texas State Bar No. 02356020


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
8303 Elmbrook Drive, 2nd Floor
Dallas, Texas  75247
(214) 767-7948

_Bruce Hanson_
Bruce Hanson
33 Wildwood Drive
Flower Mound, Texas 75028


**INFORMATION SYSTEMS CONSULTING,
A DIVISION OF DIVERSIFIED HUMAN
RESOURCES GROUP**

6



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Dallas District Office

8303 Elmbrook Drive
Dallas, TX 75247
PH: (214) 767-7015
TDD: (214) 767-7523
FAX: (214) 767-7959

### NOTICE TO ALL EMPLOYEES
### POSTED PURSUANT TO A CONSENT DECREE APPROVED
### BY A UNITED STATES DISTRICT COURT JUDGE FOR THE
### NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

This Notice is being posted as part of the remedy agreed to pursuant to a Consent Decree between Information Systems Consulting, A Division of Diversified Human Resources Group, and the U.S. Equal Employment Opportunity Commission (EEOC) in the case EEOC v. Information Systems Consulting, A Division of Diversified Human Resources Group, Civil Action No. CA3-92-0169-T.

Federal law requires that there be no discrimination against any employee or applicant for employment because of the individual's race, color, sex, religion, or national origin, with respect to hiring, promotion, firing, compensation, or other terms, conditions and/or privileges or employment.

Information Systems Consulting, A Division of Diversified Human Resources Group, supports and will comply with such federal law in all respects and will not take any action against employees because they have exercised their rights under Title VII of the Civil Rights Act of 1964, as amended.

Specifically, Information Systems Consulting, A Division of Diversified Human Resources Group will not terminate an employee because of religious beliefs.

_____
JACQUELINE R. BRADLEY
District Director,
Equal Employment Opportunity
Commission

_____
REPRESENTATIVE, INFORMATION SYSTEMS
CONSULTING, A DIVISION OF
DIVERSIFIED HUMAN RESOURCES GROUP

### THIS IS AN OFFICIAL NOTICE
### AND MUST NOT BE REMOVED OR DEFACED BY ANYONE

This Notice must remain posted for a period of sixty (60) days and not be altered, defaced, or covered by any other materials. All question concerning this notice or compliance with its provisions may be directed to Jeffrey C. Bannon, Esq., Regional Attorney, Equal Employment Opportunity Commission, Dallas District Office, 8303 Elm brook Drive, 2nd Floor, Dallas, Texas 75247, (214) 767-7945.

EXHIBIT A

Exhibit  b



# SOCIAL SECURITY

TEH2A                                    October 6, 2000



The Honorable John W. Olver
Member, U.S. House of
  Representatives
463 Main Street
Fitchburg, Massachusetts 01420

Dear Mr. Olver:

This is in response to your inquiry on behalf of Mr. Steven Drury, 18 Drury Lane,
Templeton, Massachusets 01468, concerning the requirement for use of a Social Security
number (SSN).

*STATEMENT*

The Social Security Act does not require a person to have a SSN to live and work in the
United States, nor does it require an SSN simply for the purpose of having one.
However, if someone works without an SSN, we cannot properly credit the earnings for
the work performed, and the worker may lose any potential entitlement to Social Security
benefits.

Other laws require people to have and use SSNs for specific purposes. For example, the
Internal Revenue Code (26 U.S.C. 6109 (a)) and applicable regulations (26 CFR
301.6109-l(d)) require an individual to get and use an SSN on tax documents and to
furnish the number to any other person or institution (such as an employer or a bank) that
is required to provide the Internal Revenue Service (IRS) information about payments to
the individual. There are penalties for failure to do so. The IRS also requires employers
to report SSNs with employees' earnings. In addition, people filing tax returns for
taxable years after December 31, 1994, generally must include the SSN of each
dependent. Anyone who has questions or objections to providing an SSN for these
purposes should contact the nearest Internal Revenue Service office.

The Privacy Act regulates the use of SSNs by government agencies. They may require
an SSN only if a law or regulation either orders or authorizes them to do so. Agencies
are required to disclose the authorizing law or regulation. If the request has no legal
basis, the person may refuse to provide the number and still receive the agency's services.
However, the law does not apply to private sector organizations. Such an organization
can refuse its services to anyone who does not provide the number on request.

If Mr. Drury has additional questions, he may want to call our toll-free number,
1-800-772-1213. Our representatives there will be glad to help him. For general

Exhibit C



# SOCIAL SECURITY ADMINISTRATION

55 Lake St.
Gardner Ma   01440

Refer to:Inquiry of 07\17\96

July 24, 1996

Steven Drury
Box 324
Templeton, Ma. 01468

Mr. Drury:

This letter is in response to your office visit on July 17, 1996.   I have discussed your request with an employee  at our Regional Office and the answers you requested are in this response. You were issued a Social Security Number in 1971.   The Social Security Administration is responsible for the issuing of all Social Security Numbers.   Once a number is issued it cannot be rescinded or reissued to another person.   However, a person could choose not to use it,  It is their number.

Regarding your questions about taxes and liability you should contact the Internal Revenue Service.   IRS has jurisdiction over tax liability and collection.   I am returning the paper work you left in our office.

Sincerely,

Anthony J. Asmar
Manager

# Exhibit  D

insurance carrier will usually suggest that the company hire its own attorney, since the insurance company attorney will not be representing the interests of the company.

## § 1-9    HIRING OF ALIENS

The law forbids an employer from knowingly hiring an alien whose status does not permit employment. An employer who makes a bona fide inquiry whether a prospective employee may legally work in this country is protected.[107]

All aliens are subject to United States immigration laws that regulate entry to the United States and set the rules for their stay here. For these reasons, employers are looked to for assistance in enforcing the laws governing aliens, most of whom, at least until recently, are in this country legally. To avoid infractions of the law, employers should be familiar with the different immigration documents legal aliens will possess. Almost all aliens in this country legally must have some form of identification. There are exceptions. Canadians may enter the United States for periods of up to six months without immigration documents, but they will have evidence of Canadian citizenship. Some government officials from Mexico and Canada are admitted without documents, but they will have official identification.

### (a)  CITIZENS

With only a few exceptions, anyone born in the United States is a citizen of the United States. Citizenship is also secured through naturalization or when born in another country with a United States parent. Citizenship is lost when it is renounced or when the citizen is naturalized in another country. While United States citizens are not required to present evidence of citizenship, such as a birth certificate, naturalization papers, or the like, most of them do have some means of identification.

### (b)  ALIENS

As a general rule, anyone not a citizen of the United States is an alien. Aliens fall into one of the following groups:

1.   Immigrants are aliens admitted for permanent residence. They may own property, stay indefinitely, work, and go where they please without limitation as long as they comply with alien registration, change of address, and annual reporting laws. They may be deported

---

107.   Immigration Reform and Control Act of 1986, Pub. L. 99-603, 8 U.S.C. § 1324 *et seq.*

Substantive Law Note



**U.S. Department of Justice**
Immigration and Naturalization Service

---

Office of the General Counsel

*425 I Street NW*
*Washington, DC 20536*

Mr. Steven Roland Drury
c/o 18 Drury Lane
Templeton, MA  01468

RE:  Completion of the Form I-9

Dear Mr. Drury:

　　　This is in response to your inquiry submitted to this office through a letter to Congressman John W. Olver received by the Immigration and Naturalization Service (INS) on October 25, 2000, by telephone, and through numerous e-mails. Your primary question is whether an employee is required to include his or her social security account number on the Employment Eligibility Verification form (Form I-9). You also ask:  whether an employer must verify whether an employee who refuses to sign the Form I-9 is a "protected citizen" before the employer may discharge him or her; what is meant by "citizen or national of the United States" as that phrase is used in the employee attestation section of the Form I-9; whether presentation of a driver's license by a citizen is sufficient to meet the Form I-9 requirements; and how attesting to the Form I-9 under penalty of perjury is a voluntary act.

　　　Under the Privacy Act, federal, state, and local government agencies are prohibited from denying a United States citizen or lawful permanent resident of any right, benefit, or privilege provided by law because of his or her refusal to provide his or her social security number. There are two exceptions to this prohibition:  (1) disclosures required by federal statute and (2) disclosures to any federal, state, or local agency maintaining a system of records in existence and operating before January 1, 1975, if the disclosures were required by statute or regulation adopted prior to this date to verify the identity of the individual. In the case of the Form I-9, neither of these two exceptions apply. An employee is not required to provide his or her social security account number for proper completion of the Form I-9; provision of the social security account number is at the option of the employee.

　　　The current version of the Form I-9 (dated 11/21/91) does not state whether providing one's social security account number is optional. In February 1998, the INS issued a proposed rule and new version of the Form I-9, which, *inter alia*, proposed to include the word "optional" in the social security account number block in section 1 of the form. The INS is currently in the