UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETT

| | |
|---|---|
| STEVEN DRURY,<br><br>    Plaintiff,<br><br>V.<br><br>THE NEW ENGLAND REGIONAL COUNCIL OF CARPENTERS, CARPENTERS LOCAL UNION NO. 107, THOMAS HARRINGTON, ART SISKO, SIMON JAMES, and KENNEDY & ROSSI, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. NO. 03-11422-MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## UNION DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS

The Union defendants respectfully submit this memorandum in support of their motion to dismiss.

### ARGUMENT

Plaintiff cannot escape the fact that, at bottom, his complaints concerning the Union are based on its refusal to file a grievance for him following his June 2000 discharge by Kennedy & Rossi and for deciding and advising him in writing that same month that it would no longer refer him to work opportunities based on his persistent refusal to fill out and sign the W-4 and I-9 forms or provide employers with his Social Security number. Grievance handling and work referrals are core functions of labor unions acting in their representative

broadly preempts all state claims that purport to regulate a union acting in its representative capacity.

Even if one were to disregard the statute of limitation issue, which bars his claims in this case, he still has no claims on the merits under a duty of fair representation theory. In assessing a duty of fair representation claim in this case, the Court is not called upon to rule on the merits of each of the plaintiff's fanciful claims concerning the federal income tax system or even concerning the meaning of the provision of the collective bargaining agreement on which he relies. If the Union's conclusion that the W-4 and I-9 forms with Social Security numbers are required by federal law had some reasoned basis, no further inquiry into the conclusion is required. Judicial review of the Union's decisions in these matters is strictly limited, because a union violates its duty of fair representation only if its conduct "is wholly irrational." Air Line Pilots Ass'n v. O'Neill, 499 U.S. 65, 78 (1991). Based on the authorities cited in the Union's opening brief, it simply is undeniable that the Union's conclusions here were not wholly irrational.

If anything is "wholly irrational" in this case, it is plaintiff's apparent and zealous belief that federal income taxes are voluntary. But that, of course, is not the real issue here. It is sufficient that the Union had a reasonable basis for taking the position that it took. Accordingly, summary judgment must be granted to the Union defendants.

Finally, plaintiff attached a 75 page tome that he purports to "incorporate" into his brief and that makes a variety of arguments to the effect that federal income taxes are

# KRAKOW & SOURIS, LLC

ATTORNEYS AT LAW
225 FRIEND STREET
BOSTON, MASSACHUSETTS 02114

AARON D. KRAKOW
CHRISTOPHER N. SOURIS*

GERALD A. FELD
OF COUNSEL

*ALSO ADMITTED IN NEW YORK

October 30, 2003

TELEPHONE (617) 723-8440
TELECOPIER (617) 723-8443
TOLL FREE (888) 628-8200

MARK G. KAPLAN
COLIN R. CONFOEY
OF COUNSEL

United States District Court
Office of the Clerk
1 Courthouse Way, Suite 2300
Boston, MA 02210

RE:  Steven Drury v. New England Regional Council of Carpenters, et al
     C. A. NO. 03-11422-MLW

Dear Sir/Madam:

Enclosed for filing in the above referenced matter please find Union Defendants' Reply Memorandum in Support of Their Motion to Dismiss.

Thank you for your attention to this matter.

Very truly yours,

Mary K. Ebert for
Christopher N. Souris

Encs.
C:  Steven Drury
    Douglas Phillips. Esq.