united States District Court 

Worcester, District of Massachusetts republic

Steven Roland Drury    ***Plaintiff***                Civil action# 03-11422-mlw

VS

***Defendants***

The New England regional Council of Carpenters,

Carpenters local 107 Mr. .Art Sisko (in his personal capacity

Simon James (and his personal capacity )        ***memorandum of law***

Thomas Harrington  (in his personal capacity )         To support  Plaintiff's

Kennedy & Rossi , INC. and owners ( not known )     Objection to Defendants

Motion to Dismiss,

Jurisdiction AND

Jury Request

---

The Plaintiff, Steven R Drury, hereby submits this Memorandum of Law in support of his opposition and objection to all motions issue before the court by the 1 ,Defendants to dismiss 2 , federal jurisdiction , 3, objection to labor management disclosure act  class as cause for suit , 4, Plaintiffs in this case is not pro- se
 5 jury demand , 6 demand for $ 1 million in lawful back base on art 1 section 10  US Constitution 7 civil rights , 8 Wrongful Discharge 9 union lack of representation of member rights 10 venue

---

—

## Argument

1  The Defendants, New England Regional Council of Carpenters , Local 107 , their agents known as
Art Sisko , Tom Harrington , Simon James , and Kennedy & Rossi, Inc. hereinafter referred to as Defendants, unless singled out independently, such NERCC, Defendants have moved to dismiss the Plaintiff's complaint, pursuant to Rule 12 of the Mass / or F R C P. for be baseless  Defendants have requested that the court dismiss the Plaintiffs complaint in its entirety against Drury hereinafter referred to as Drury /Plaintiff  because they argue the Plaintiff has failed to state a claim upon which relief can be granted Defendants claims , baseless ,case in a civil rights and wrongful discharge as well as the union continue discrimination against and blackballing of the members Drury for years now . over his rights , referral for work his right to control his (signature ) upon documents contracts

---

## **Defendants Motion to Dismissal**
## **Time , cause .**

2. In the context of the motion to dismiss, defendants have re-intrepid ed the case of the plaintiff  his  case is Civil Rights see above , the plaintiff has 6 years under MGL to file a case in  a court  of law  The Court must  take the allegations of the complaint, as well as any interference which can be drawn from those allegations in the Plaintiff's favor, as true and correct .see
Eyal v Helen broadcasting corp , 411 mass 426 , 429, 588, N.E. 2 d 228 (1991)
California motor transport co ., Vs, trucking unlimited 404 U.S. 508 (1972)
Massachusetts Electric Company Vs Athol one INC. 391 Mass .685. 686.

(1984)

Further the complaint should **not** be dismissed for failure to state a claim unless it appears beyond a doubt that the Plaintiff can not prove the set of facts in support of his claim, which would entitle Plaintiff to relief. **The Plaintiffs union benefits and work ability has been belligerently Compromised and colluded (Blackballing ) by the Defendants have work in concert causing to wit "*damage in part*" as well as stress and emotional suffering , the lack of opportunity work and due to unemployment not being given fair referrals ( union referrals from the hall local 107 ) ( which where relied upon by the plaintiff ) pension losses and benefits ,heath, for over 2 1/2 years.** \

see Nader Vs Citron  372 mass 96, 98, 360. N.E.2d 870 ( 1977) . on the Dismissal of plaintiffs complaint can not is not an option where the allegations contained in the complaint could support relief under **ANY Theory of Law.**

Plaintiff is Quoting , Conley Vs Gibson  355 U.S. 41 , 45, 46, ( 1957)  see Whitinsville plaza, INC. vs Kotsens, 378 mass 85, 89, 390, N.E. 2d 243 (1979)

3  The Defendants have shown the court by way of their own "exhibits" (see letter addressing Kennedy and Rossi  issue discharging Plaintiff  page 3 & 4 motion to dismiss)  whereby  the agents Art Sisko  breached his duty  to represent Plaintiff, and instead, supporting  Kennedy and Rossi and their agents who  did  interfere  with the Plaintiff rights, and by threats & coercing too Plaintiff  by loss of employment  whereby Drury was discharged for not signing a W-4 and releasing his SS# (rescinded).and not being provide with the law that would compel plaintiff to sign such documents

Plaintiff's rights under M.G.L ch 12 ss 11 (H) were in fact violated that day by said Defendants having forced Plaintiff off yet another union jobs risking his earning and retirement , health insurance and other benefits due to the Defendants forcing signature on of the IRS, and INS documents .The Plaintiff is not required by legal means to sign such forms and can not be held to such without being shown the law or ,without due process in law also the fact is if the plaintiff was to sign such w-4 this documents is a contract with the government and would then be bound by such sense the defendant(s) are forcing him to sign by The unfair acts caused by the Defendants, without due process or hearing lead to the misinformation and misapplication and firing problems with the IRS . Plaintiff never-the -less. was discharged due to not signing of W-4 and not submitting a SSA numbers to private employers. Kennedy and Rossi an union signatory but not member when ask to see the law agents of Kennedy and Rossi refuse and cause discharge of Drury due to being force to sign or be discharge . violation of Drury rights under the constitution of united States of America and The bill or rights of both the Massachusetts constitution and Declaration of rights under such

4 The Plaintiff complaint as well as the letter in Defendants pleading for dismissal , however , unequivocally establishes the union agents Art Sisko interference and attempt to demand signature of w-4 as a condition of employment by union contract agreement however plaintiff has a right to know what he is signing into and without said signature the letter establishes threat of job loss by coercion to prevent the member, brother Drury, from working and securing such work within the union by means of the fair demand as well as the on going failure to dispatch drury in the union

system . The acts of defendants working in concert under color of law have and continue to breach Drury rights as a union member to be represented by his union in fair manner. Whereby Mr. . Art Sisko, Simon James , Tom Harrington all working in concert have agreed to refused to entertain his complaints or Grievance filed within the union all complaints where file d within the time given under the by laws of said union. Plaintiffs rights under the laws of the state of The Commonwealth of Massachusetts republic have been violated. The Union of Carpenters , local 107 has refused to allow said member his rights. enjoyments under the said Constitution blackballing this member form employment without legal authority to do so

Plaintiff has suffer great loses due to the unemployment force upon him by union unfair system of dispatch /or condition of employment ( w-4 ect ,,SS#) issue

Under MGL Ch 12 SS11I, the Plaintiff can prove that ( 1) the exercise or enjoyment of "rights" secured by the Constitution or its laws of the united States of America / or the Commonwealth of Massachusetts republic ( one of 50 State's of the union ) have been interfered with by said Defendants, (2) that interference was due to the threats and intimidation and or coercion by said Defendants,by said complaint file with the court forcing the Plaintiff to sign documents./or not allowing Drury to introduce documents as to status Demanding Drury to sign w-4 IRS under threats of job lose and doing this to other members of the union as well in other locals see supportive case law supportive of complaint , see

Freeman Vs Planning board of west boylston , 419 mass 548 564 cert , denied 516 U.S. 931 ( 1995

quoting Bally vs Northeastern University 713 mass .717 ( 1989) Plaintiff complaint alleges facts that would support relief under the theories of law

## 5 Plaintiffs complaint establishes the following theories of law / agreement violation

1. union violation Bylaws # 33 , Interfering , banning , /or withhold employment through malicious means for over 2/1/2 years ( forbidding a fair dispatch system rule found in by laws # 33
2. Malicious interference "blackballing " the Plaintiff form work
3. Interference with the Plaintiffs rights secured by article sixteen and one of the Massachusetts declaration of rights
4. Negligent infliction of emotional distress and economic hardship on the Plaintiff causing bankruptcy and hardship, lose of benefits punishment for filing a law suit against the plaintiff .
5. Refusing to fairly hear the Plaintiff for years after ignorance of grievances while Plaintiff is in good standing membership brought such complaints
6. Interference with the Plaintiff 1st amendment rights of free speech
7. Interference with Plaintiff right to be protected from an invasion of privacy under MGL Ch 214 ss1B
8. Breach of the bylaws of the Defendants
9. Breach of duty of fair representation
10. Breach of the constitution of the UBC
11. Interference with the Plaintiffs rights under the united States Constitution Article 1, first amendment
12. Wrongful discharge of the Plaintiff , Harrassment ,

## cont  5 Plaintiffs complaint establishes the following theories of law / agreement violation .......

13. Causing Plaintiff unnecessary hardship and bankruptcy

14. Defendants causing Plaintiff stress which inflicted emotional stress and now physical harm upon the Plaintiff

15. Violation of bill of rights of freedom of speech as well as at union meeting refusing to act in good faith to member

16. Involuntary servitude (prohibited by 13 amendment ) in forcing Plaintiff to comply with documents as a condition of work and violation in law

17 forcing member plaintiff, to use up all his benefits to survive to pay for heath care and other matters with IRS ,

—

## Rights to Work, Inviolability From Interference
## Involuntary servitude

6. Plaintiff's complaint alleges that his rights to work within the union at job site with signatory contractor under union agreement as (domestic employer) Kennedy and Rossi INC. were both interfered with by all Defendants and with malicious and intent to control plaintiff to comform too defendants wishes , . The Defendants and there agents ( supervisor's ) interfered by giving union member "Plaintiff Drury , " a choice to sign and fill in all information requested on said W-4 forms and to release a SS# or be fired/ discharged all acts were commence as a condition of employment , however Plaintiff claims 3402 (n)which supersedes all 3402 (f) ect .. plaintiff also includes  and 3402 ( n) & (p) allows Plaintiff to file in lue of said W-4 a statement of citizenship. (see reg title 26 , CFR  1-1441-5  however, subtitle A) .chapter 3 requires the employer to make copies and send them to IRS

Art Sisko and union reps as well as defendant Kennedy and Rossi Inc. and its agents refused to allow Plaintiff to secure document's to and about his property " his labor is an exchange for lawful money", whereby there is NO profit, in a legal manner or other wise as the code (IRC) allows. Defendants would not allow Plaintiff to continue working without first signing w-4 IRS government contracts , with the government, forms that are voluntary to employees as to 3402 issues in gen. defendants told plaintiff he would be removed and control by Defendants. id plaintiff refuse to give SS# and sign w-4 issue the I-9 was not introduce at this time 3-days into working on the job site , The law allows Plaintiff to enter into a contract if he so elects to be a covered employee under the SSA(Social Security Act). The Plaintiff in this case did not elect to be covered which he is entitled to do accordingly. There are constitutional protections, undisputed in law, which are also cited in the regulation under the Title 26 CFR. Plaintiff possesses the right to control his personal liberty and right to private property partaking in the nature of lawful employment, whereby each Citizen has a right to make contracts or not. keeping in mind " Labor and or its exchange it is property;" to wit Plaintiff has control and the Defendants acts are with out legal authority. Defendants are by there own pleading trying to coercion and cause collusion by controlling Plaintiff's rights and property, " to wit, earnings" and belligerent impairment of Plaintiffs right to life, liberty and pursuit of happiness. is at risk Plaintiff's acts, are not unlawful , To not sign documents could not cause the Defendants harm . Plaintiff provided the documents. as to IRC instructs , however : The Defendants want conformity, rule and control over Plaintiff as if he were a slave or subject citizen of the crown under some duty. the fact is no citizen is required to sign any contract without fully being informed of its limits and restriction

another point of law

  Plaintiffs acts under the law are correct on the subject of pre hire forms. Plaintiff is still under attack by said Defendants ( union of Carpenters ) who control referrals ) who refuse to allow him work referrals as to other members and has been singled out and not allowed such referrals. for over 2 1/2 years ongoing even longer in past is included

Plaintiff objects to this treatment by Defendants..! Vehemently, !!however The Union and there controlling by laws, controlling hiring halls or referrals to work are under title section/ # 33- Hiring halls, and to this date 04/12/04 has no printed rules to a fair dispatch system. plaintiff has ask for such sense 1999 this is delibrite act to controlling the referral of work to members

Plaintiff has requested the rules( last request April 5 2004 ) and was told they do not exist (not written rules) yet bylaws are printed there such rules are stated in bylaws of the NRCOC . the carpenters agreement The Union has gone zealously over there legal right to control Plaintiff property and punishment in this matter.  The Defendants have no legal authority to interfere with government documents. or punish the plaintiff for executing his rights , one would think a union would support such an issue and not roll over like a dog !!!! please see ----

--supporting case law see <u>Plant Vs Woods 176 mass 492 , 498m (1900)</u> and  <u>Cornellier Vs Haverhill shoe manufacturers Association 221 mass 554, 560, *Cornelliers case held that the right to labor and to its protection from unlawful interference is a constitutional as well as a common law right*</u>  <u>Coppage Vs Kanas 236 us 1. 10. 14. (1915)</u> stated *<u>the right of personal liberty and the right of private property partaking of the nature of each is a</u>*

*right to make contracts for the acquisition of property chief among such contracts is that of personal employment, by which labor and other service are exchanged ( which is an equal exchange ) for lawful money **if this right be struck down or interfered** with there is a substantial impairment of liberty* . also Barry and Donovan 188 mass 353 (1905) and Fairbanks Vs McDonald 219 Mass (1914) also see Butcher's Union CO . Vs Cresent City Co , 111.U.S. 746, 756, (1884 ) which covers the right to pursuit , commence , any lawful business or vocation, *that the property which every man has is his own labor and so it is the most sacred and inviolable. The exchange of labor for earning is held to have **no profit**, but is exchange labor Vs earning. in the defendants pleading to dismiss they claim mootness , baseless , absurdities as to this matter* see Moseanko Vs Yeutter 944 f2d 418 (8th cir ( 1991) Vencor ,Inc Vs Webb 33 F3d 840 (7th cir 1994)

7  Plaintiff is supported by all cases as in Fairbanks  Woods  and Berry they support Plaintiff's right to have his day in court to prove that the union Defendants and Kennedy and Rossi Inc. did in fact belligerently interfere with the rights of the Plaintiff.  The Defendants maliciously and with intention violated and control the Plaintiff's rights to withhold Moines as a condition of employment, without being voluntary agreed too by the Plaintiff. This simply is not lawful. and plaintiff Demands a jury trail



The Defendants interfered with benefits of employment by trying to control and make conditions of work "a privilege," not a right held within not out of union employment violating the constitutional state rights and property rights of the Plaintiff.. Further, by forced and threat to sign such contractual

agreement as a condition of employment the Defendants further damage plaintiff by discharging him and failed to pay him according to Union agreement by making him wait to next pay week , plaintiff was not fairly represent by the union agents who refuse to act upon the Plaintiff behalf or even allow a hearing later filed for Plaintiff which was controlled by the said Defendants at all times and further there is on going damages to Plaintiff " Drury "by union of carpenter local 107 for refusing Plaintiff work referrals for over a 2.& 1/2 year period. still ongoing . Defendants continue to this day in this matter without any lawful authority. punishing the plaintiff Defendants have engaged in discrimination by refusing referrals to signatory employers as other members enjoy. the union defendants have fail to assign any work to the plaintiff for over 2 1/2 years while other members have been laid off and re-assign new jobs while leaving out the plaintiff at all times . The union brotherhood "defendants" have also discriminated against other members with the same political philosophical positions relative to w-4 issue and tax withholding as has the plaintiff exercise in the last 5 years or more ,   This has caused much stress to Plaintiff not being able to perform within the union  structure or be included in fair dispatch system or even be heard or understood with **NO Resolved** plaintiff relies upon work referrals ,and has been unemployed sense  While Plaintiff remains an up to date paid member in good standing of said Union. no work has been given to Drury In a case base in Connecticut a plaintiff sued his labor union and agents to recover damages for preventing plaintiff form working within his union and his or her trade see **Wyeman Vs Deady 79 Conn 414 (1906)**
the court held to entitle the plaintiff to verdict against both defendants , no

further proof of conspiracy was required that they were joint tortfeassors in procuring the dismissal of the plaintiff by threatening and intimidation of lost of employment the plaintiff complaint supports allegation /or facts leading to this theory whereby the union agents refuse or agreed with defendant in concert working under color of law , Defendants Kennedy and Rossi ING & union of carpenters and its agents supervisor's stated herewithin have and are demanding the plaintiff to sign w-4 documents as a condition of the carpenters agreement and if the plaintiff did not or question such asking for legal statue he would be dismissed form working a clear violation , The Plaintiff right to work is also protected by Article 1 of the Massachusetts Constitution and Declaration of Rights which this case was file under and in the right jurisdiction see **Commonwealth Vs Strause 191mass ,545 78 N.E> 136** also **Cornellier Vs Haverhill shoe Manufacturers association 221 Mass 554 , 560, and Adair Vs united States 208 Us 161 , 173, 175, (1908)**
**Coppage Vs Kansas 236 U.S 1, 10 . 14 ( 1915) and Barry vs Donovan 188 mass 353 , 355-356 (1905) and plant vs woods , 176 mass 492 , 498. (1900)**

In Propria Personal pro se_
pro se litigants pleading are to be construed liberally and held to less stringent then formal see **Simmons Vs Abrozzo 49 f3d 83 (2ndVir 1995) Haines vs Kerner , 404 US 519 ,30 Led2d 652, 92 Sct 594(197**

### W-4 issue

Plaintiff under his legal rights, acts to elect not to sign W-4 or releases or give or participate in SSA program his right to contribute to his benefits or

not , nor is there a law to force Drury to release SS# , defendants represents to plaintiff that it is mandatory to provide to private employers.SS# numbers and signature as a condition of employment however , Drury has a religious compelling interest to not exercise this system due to bible clause and his understanding of such Defendant Kennedy and Rossi Ing can and should be held to this violation as they work in concern with the union , NERCC , The defendants in (all ) are not Immune form the Bill of Rights see **New York times co, vs sullivan 376 U.S, 254 265 (1964)** SC said "the test is not the form in which state power has been applied but, whatever the form , whether such power has in fact been exercised In sullivan end ].

   W-4 issue , plaintiff relies on subtitle C cha[pter 21 , 22, 23, 23A , 24, 25 Chapter 21 -23A deal with SSA chapter 24 contains The Victory Tax Act chapter 24 collection of income tax at the source current tax payment under 1943 tax payment act , Defendants site Employment taxes see , **Reg ss31 3402 (f) (2) -1 in part** , holding that its mandatory to sign as **employee** , a withholding exemption certificates see first who is the employee see title 20 CFR 404.1005 however this only states you must be a employee to be covered by SSA so we must look at **employer** at title 20 CFR 404.1009 this defines employer is a "**person** " who employs at least 1 employee what about "**person** " define chapter 79 of subtitle F in ss 7701 (1) term is to be construed to mean and include an individual , a trust , estate, partnership, association, company, or corporation . "**Wages** " is define Title 20 CRF 404 .1041 , (a) ( b) A being remuneration paid to you under entitlement to SSA ( b) remuneration paid for employment not caring what they are called , **trade or business** define in 1402 but you must go to 162 then to 7701 (a) ( 26)

**trade or business** is defines , to only includes [the performance of functions of a public office ] Chapter 24 3402 is entitlements collected at source however nowhere in 3402 itself can you fine the words income taxes , except a reference to subtitle A in three places as demonstrated in 3402 (a) (1) collection of wages *** (emphasis added ) however , Wages are Not income as to w-4 agreements we see 3402 (p)(3)(B) ( p) voluntary withholding agreement (3) Authority is held to be voluntary (B) person receiving such other payments agrees to withholding , also see Title 26 CFR 31. 3402 (p)-1 , (a)-3 , (b) (1) (I) agreement may be enter into , (b) voluntary withholding agreement are held between employee and employer (b) form and duration of agreement ( 1) ( i )

Except as provided in subdivision (ii) of this subparagraph an employee who desires to enter into an agreement under 3402 (p) shall finish his employer with form W-4 (withholding exemption certificate executed in accordance with the provisions of section 3402(f) and the regulation thereunder . The **furnishing of such form w-4** *shall* **constitute a request** for withholding keeping in mind *withholding exemption certificate* there is clearly deference between *Employee withholding allowance certificate* , both are however voluntary for employees please title 26  31 3402(n)  where **OR** starts the following is stated [ **or if the statement described in 31 .3402(n) -1 are true with respect to an individual he may furnish his employer with a sign withholding exemption certificate which contains such statements in <u>lieu of the first -mentioned certificate]   3402 (n) states notwithstanding any other provision of this section  an employer is not required to deduct and withhold any tax under this chapter upon payment of wages to an employee</u>** *** This section would direct an

employer to not withhold after an employee has given in lieu of an exemption certificate a statement including such information as the secretary may prescribe containing information certifying no liability under subtitle a and anticipation of no liability in year to come , further supportive case law   see **Long Vs Rasmussen . 281 F 236 at 238** and **Economy plumping and heating Vs U.S. . 470 F 2d 585 at 589 (1972)** whereby it states that *the revenue laws are codes or systems*

*in regulation of tax assessment and collection , " They relate to taxpayers " The latter, "non taxpayers "without their scope*

*No procedure is prescribed for Non Taxpayers and no attempt is made to annul any rights and remedies*

*in due course of law .with them ( non taxpayers ) Congress does not assume to deal and they are neither of the subject nor the object of the revenue laws*

**Corpus Juris Secundum** , CJS ,  Vol 85 ss1701  All persons within the terms  of the income tax statute are subject to the tax   no person not specially described in the statue imposing the tax or not clearly within the meaning of the general terms , which the statute employs is subject to taxation  a statue may not be extended by implication to make liable persons other then those within the terms made liable by the statue  see

Note the following

reg ss31 3402(f) (2)-1 withholding exemption[**certificate[s ]**  is plural ]

see reg 31.3402 (n) -1 starting with ,   OR   if the statement describe in 31-3402 (n) -1 are true with respect to an individual , he may furnish his employer with a signed withholding exemption certificate which contains such statements **in liue of the first mentioned certificate Not the w-4 however** , title 26 reg 1-1441-5 for subtitle A chapter 3 allows a statement of

<u>citizenship to be given to employer concerning such taxes being withheld under this chapter 3 subtitle A, see CFR Reg 1-1441-5 states claiming to be a person not subject to withholding for the purpose of chapter 3 of the code an individual written statement that he or she is a citizen or resident of the united states may be relied upon by the payer of the income as proof that such individual is a citizen statement shall be furnished to the withholding agent in duplicate such letter shall be sent to Philadelphia IRS with letter of transmittal income taxes are to whom they apply see **subtitle A liability 7701 IRC**</u>

<u>subtitle C taxes are employment for SSA installments truthfully and my understanding **they are voluntary to citizen who wish to participate**</u> no law requires a citizen to mandate his property to this program for benefits or entitlements however once in program vesting takes place after 7 years still a citizen may withhold his property without pains or punishments however the defendants starting with the

Employer Kennedy and Rossi and Union of Carpenters its agents Art Sisko, and his supervisor and local 107 must show that the Plaintiff is a Taxpayer or liable for the said tax. of subtitle A, C , that being Income Taxes > C employment taxes The fact they defendants do not try to explain in there pleading instead lawyers claim plaintiff interfered with the Carpenter Agreement and that it must be intrepid and that makes it a federal issue this is foolish and is a violation on standing in state court We should also see 6109 , title 26 CFR at 301 6109-1 (b)(c) (2) (i)(ii) (iii) and (iv) to who must have numbers (c) *requirement to furnish another's number* every person required , is the point all standing does not apply to plaintiff

Plaintiff is demanding jurisdiction be brought back to state court /the

defendants can not compel plaintiff too include and /or Alteration , or compelling signature on the from IRS , W-4.or any other contract , see **Starr Vs Alexander & Alexander ing  974 f2d 1020 (8th cir 1992)** contracts must be interpreted according to the intention of the parties , see **Hills materials co vs, Rice 982 f2d 514 ( fed cir 1992)** wherever possible courts should look in plain language of contracts to resolve any question of fact or interpretation  under said Carpenters Agreement  the authority  is beyond the agents or union  to  allowed , to force signature , or punish, a  plaintiff . It is clear language that state there must be a lawful law to require such  whereby the Carpenters  Agreement doesn't in fact state what documents are required however they would have to be required by law to apply under such agreement when in fact the agreement  does not states nor list any  document in particular  leaving a member to ask for the law ? ] however  Employee are allowed to fill out, sign , place information freely on  forms such as w-4  or **not** at there **own risk** unless required by law ( this being the heart of the question here within this law suit .as well as damages to plaintiff see **United States Vs Malinowski 347 F supp 347 at 352**  also see , **In RE Workers compensation refund , 46 f3d 813 (8th cir 1995)** state a contractual clause purporting to waive constitutional rights must be clear and unambiguous  the signing of w-4 as defendants pleading require under **3402(f) (3) specifies** when it takes effect in general first pay period employee may , However it only applies to **those required** to show whom is required you must look elsewhere in the code, CFR,  as to subtitle C  employment  A question for defendants to answer as they require it , subtitle A  taxes income taxes liability is found in  , see 7701 withholding agent .this information also given to union and defendants  subtitle A  taxes have nothing to do with