**Form Steven Roland Drury / july 12 /2004**

**Affidavit of Truth**

cert mail # _7099 3400 0016 2384 0379_

**Drury Vs The New England Regional Council of Carpenters et al**

**Case # 4:03 -cv-11422-F.D.S  file under rule 5.1 ,5.2 local rules**

**Withholding from Wages at Source and  Authority**

---

Version 1.01 030205

The purpose of this working file is to consolidate authorities relating to withholding income taxes from wages at the source as prescribed by Chapter 24 of the Internal Revenue Code. Regulations reproduced in this document are current through October 2002 except for the former 26 CFR § 1.1441-5. Authorities texts are not altered except for underscoring added to emphasize and draw attention to portions of any given authority. Comments and annotations are provided in footnotes. None of the authorities cited in this file have their own footnotes. Drury objects to the defendants statements in there pleading that he a citizen with constitutional rights has to provide an SS# to work within the 50 states he also objects to having to sign or not be allowed to provide in lieu of a w-4 documents , attachments to the said w-4 , which he is not allowed to do due to union and signatory contractors within the state of massachusetts said kennedy and rossi for one  with and working in concert with  the union agents are refuseing him work refurrals out of the hall which he relies upon exclusively , they continue to date to refuse to allow Drury work,  Whereby he is so restricted he has been unemployed for over 3 years 2 mo without a job and has suffer great losses  The union has a hiring hall which is not exclusive  hiring hall however the union agents in there  acts  keep Drury at bay  form work  , refuseing him hearing and request  letter  the union agent Brother Art sisko  known  at local 107 keep stateing that drury  refuses to sign w-4 however Drury  has and was introduceing  attachments to the w-4  which where not accepted by the signatory company or the union  as to repesentation  by said agents they have remove him for following the the regulation  in the CFR  and under title 26and demand by way ot loss of employment

the Drury sign the w-4 documents   Drury can not sign the form as to wording within  as it would not be true , **citizen can not be held To peoage** however this is what is happing  Drury also states that the by laws require that he be paid in lawful money which he is not violation within and  under the constitution of carpenters by laws

Authorities in this Affidavit  demonstrate that (1) government employers and personnel are the only ones subject to withholding Subtitle A income taxes from wages under authority of Chapter 24 of the Internal Revenue Code and (2) only nonresident aliens and foreign juristic entities construed as employees are subject to mandatory withholding. Additionally, the Treasury Financial Management Service must issue a Form 8655 Reporting Agent Authorization certificate before any employer is authorized to withhold from wages.

Most authorities reproduced in this file are regulations, which appear in numerical order.

**Internal Revenue Manual, CD version, January 1999 edition**

Department of the Treasury – Internal Revenue Service

Withholding from Wages at Source Authorities

3.0.258.4 (11/21/97)

### Review of Forms 8655[1]

The Financial Management Service is responsible for contacting and training Federal agencies and issuing the FedTax User Guide and installation diskette.

(2) Each agency is given a special Form 8655, Reporting Agent Authorization, with instructions to complete and sign the form and fax or mail to the Andover Service Center.

(a.) The Form 8655 is pre-printed with the Financial Systems Division of FMS identified as the Reporting Agent with an EIN of 00-000000000

(b.) If an agency wishes to submit payments under multiple Agency Location Codes (ALC's), each office should prepare and submit a separate Form 8655. All ALC's for an EIN will be allowed to send payments, but only the office designated as the parent will be able to file the Form 941.

(c.) Form 8655 is used by Andover to add the agency to FedTax, and to update the magnetic tape indicator on the Taxpayer Information File (TIF).

(3) Andover will review the Form 8655 for completeness and accuracy.

(a.) The User ID is required for an agency to be established on FedTax. This should have been entered on the top of Form 8655 by FMS or the agency.

(b.) Be sure to verify the EIN and name of the agency to ensure consistency with the BMF before adding the record to FedTax. Remember that the first four significant characters of the name line will be used as the name control for payment and return processing. This name control must match the name control of the agency on the master file.

(c.) Review the payroll information to ensure that the proper dates will be established on FedTax. Normally, payroll dates should start at the beginning of a quarter.

(d.) If any required information is unclear or missing, call the contact person listed on the Form 8655 for clarification.

(e.) Verify the Agency Location Code and User ID with the Financial Management Service by calling 202-874-8270. FMS must also add the FedTax option to the agency's GOALS profile.

---

[1] This section of the Internal Revenue Manual is extremely important as the Internal Revenue Service is not the delegate of the Secretary of the Treasury as the term "delegate" is defined in 26 U.S.C. § 7701(a)(12)(A). The Director of the Office of Management and Budget has general authority for settling accounts of the United States, whether obligations of or to. See 31 U.S.C. § 3702 and Public Law 104-316. Collection authority has been delegated to the Treasury Financial Management Service (FMS) so far as government agencies and personnel are concerned. The Internal Revenue Service functions in an ancillary capacity to provide certain limited services to FMS in income tax administration under authority of Chapter 24 of the Internal Revenue Code, which applies only to government agencies and personnel. See definitions of "employee" and "employer" in regulations below. Until FMS provides an "employer" with the Form 8655 Reporting Agent Authorization certificate, the employer completes it, and files it with the Andover Service Center, there is no authority to withhold income taxes at the source. There are no internal revenue districts in States of the Union that have been established in compliance with requirements of 26 U.S.C. § 7621 and Executive Order #10289, as amended, so IRS lacks general venue (geographical) jurisdiction for administration of taxes imposed by Chapters 1, 2 & 21 within States of the Union. See 26 CFR § 601.101 for IRS jurisdiction solely within internal revenue districts.

## 26 U.S.C. § 31

### § 31. Tax withheld on wages[2].

(a) Wage withholding for income tax purposes.

(1) In general. The amount withheld as tax under chapter 24 shall be allowed to the recipient of the income as a credit against the tax imposed by this subtitle.

(2) Year of credit. The amount so withheld during any calendar year shall be allowed as a credit for the taxable year beginning in such calendar year. If more than one taxable year begins in a calendar year, such amount shall be allowed as a credit for the last taxable year so beginning.

(b) Credit for special refunds of social security tax.

(1) In general. The Secretary may prescribe regulations providing for the crediting against the tax imposed by this subtitle of the amount determined by the taxpayer or the Secretary to be allowable under section 6413(c) as a special refund of tax imposed on wages. The amount allowed as a credit under such regulations shall, for purposes of this subtitle, be considered an amount withheld at source as tax under section 3402.

(2) Year of credit. Any amount to which paragraph (1) applies shall be allowed as a credit for the taxable year beginning in the calendar year during which the wages were received. If more than one taxable year begins in the calendar year, such amount shall be allowed as a credit for the last taxable year so beginning.

(c) Special rule for backup withholding. Any credit allowed by subsection (a) for any amount withheld under section 3406 shall be allowed for the taxable year of the recipient of the income in which the income is received.


### Former 26 CFR § 1.1441-5

§ 1.1441-5 Claiming to be a person not subject to withholding.[3] [Revised in calendar 2000]

(a) *Individuals.* For purposes of chapter 3 of the Code, an individual's written statement that he or she is a citizen or resident of the United States may be relied upon by the payer of the income as proof that such individual is a citizen or resident of the United States. This statement shall be furnished to the withholding agent in duplicate. An alien may claim residence in the United States by filing Form 1078 with the withholding agent in duplicate in lieu of the above statement.

(b) *Parnerships and corporations.* For purposes of chapter 3 of the Code a written statement from a partnership or corporation claiming that it is not a foreign partnership or foreign corporation may be relied upon by the withholding agent as proof that such partnership or corporation is domestic. This statement shall be furnished to the withholding agent in duplicate. It shall contain the address of the taxpayer's office or place of business in the United States and shall be signed by a member of the

---

[2] Income taxes withheld from wages under authority of Chapter 24 of the Internal Revenue Code are credited against liabilities imposed by Chapters 1 & 2, which are in Subtitle A. Chapter 24 does not impose a tax as such. If there is no liability arising from Chapter 1 or 2, there is no liability for qualified state, county or municipal tax, either.

[3] This regulation was replaced after implementation of the IRS reorganization and restructuring act of 1998, but essentially the same requirements are included in the current § 1.1441 series of regulations. However, rather than making the naked declaration required by this regulation, the citizen or resident of the United States is supposed to provide a "withholding agent" with a Form W-9 to secure exemption from withholding at the source. Regulation catchlines are part of the regulation where catchlines for United States Code sections are not part of U.S.C. sections.

~~partnership~~ or by an officer of the corporation. The official title of the corporate officer shall also be given.

(c) *Disposition of statement and form.* The duplicate copy of each statement and form filed pursuant to this section shall be forwarded with a letter of transmittal to Internal Revenue Service Center, Philadelphia, PA 19255. The original statement shall be retained by the withholding agent.

(d) *Definitions.* For determining whether an alien individual is a resident of the United States see §§ 301.7701(b)-1 through 301.7701(b)-9 of this chapter. An individual with respect to whom an election to be treated as a resident under section 6013(g) is in effect is not, in accordance with § 1.1441-1, a resident for purposes of this section. For definition of the terms "foreign partnership" and "foreign corporation" see section 7701(a)(4) and (5) and § 301.7701-5 of this chapter. For definition of the term "United States" and for other geographical definitions relating to the Continental Shelf see section 638 and § 1.638-1.


### 26 CFR § 31.3121(e)-1

{HYPERLINK                                          "http://www.westlaw.com/TOC/Default.wl?rs=
1.0&vr=2.0&DB=CFR&DocName=CF004714002&FindType=V&ReferencePositionType=T&ReferenceP
osition=S31.3121(E)-1" }[4]

(a) When used in the regulations in this subpart, the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, the Territories of Alaska and Hawaii before their admission as States, and (when used with respect to services performed after 1960) Guam and American Samoa.

(b) When used in the regulations in this subpart, the term "United States", when used in a geographical sense, means the several states (including the Territories of Alaska and Hawaii before their admission as States), the District of Columbia, the Commonwealth of Puerto Rico, and the Virgin Islands. When used in the regulations in this subpart with respect to services performed after 1960, the term "United States" also includes Guam and American Samoa when the term is used in a geographical sense. The term "citizen of the United States" includes a citizen of the Commonwealth of Puerto Rico or the Virgin Islands, and, effective January 1, 1961, a citizen of Guam or American Samoa.


### 26 CFR § 31.3401(a)-3

{HYPERLINK                                          "http://www.westlaw.com/TOC/Default.wl?rs=
1.0&vr=2.0&DB=CFR&DocName=CF004715200&FindType=V&ReferencePositionType=T&ReferenceP
osition=S31.3401(A)-3" }

(a) In general. Notwithstanding the exceptions to the definition of wages specified in section

---

[4] These definitions of "State", "United States" and "citizen" are applicable to Social Security taxes. Note that taxes imposed by Chapter 21 applied to Alaska and Hawaii prior to their being admitted to the Union but not after. The Social Security Act of 1935, as amended, was an "Act of Congress" applicable only to territories and insular possessions of the United States, exclusive of States of the Union. The U.S. Supreme Court overturned Congress' first effort to impose a social welfare tax in 1935 prior to enactment of the Social Security Act of 1935, the rationale being that the U.S. Constitution does not authorize taxing one for the benefit of another. See *Railroad Retirement Board v. Alton Railroad Co.*, 295 U.S. 330, 55 S.Ct. 758 (1935). See distinction between "laws of the United States" and "Acts of Congress" at 28 U.S.C. § 1366. The former apply to States of the Union where the latter apply to territories and possessions of the United States. Definitions of "employee" and "employer" at 26 U.S.C. §§ 3401(c) & (d), and regulations below, evidence the character of an "Act of Congress" that isn't applicable to States of the Union.

3401(a) and the regulations thereunder, the term "wages" includes the amounts described in paragraph (b)(1) of this section with respect to which there is a voluntary withholding agreement in effect under section 3402(p). References in this chapter to the definition of wages contained in section 3401(a) shall be deemed to refer also to this section (§ 31.3401(a)-3).

(b) Remuneration for services. (1) Except as provided in subparagraph (2) of this paragraph, the amounts referred to in paragraph (a) of this section include any remuneration for services performed by an employee for an employer which, without regard to this section, does not constitute wages under section 3401(a). For example, remuneration for services performed by an agricultural worker or a domestic worker in a private home (amounts which are specifically excluded from the definition of wages by section 3401(a)(2) and (3), respectively) are amounts with respect to which a voluntary withholding agreement may be entered into under section 3402(p). See § § 31.3401(c)-1 and 31.3401(d)-1 for the definitions of "employee" and "employer".

(2) For purposes of this paragraph, remuneration for services shall not include amounts not subject to withholding under § 31.3401(a)- 1(b)(12) (relating to remuneration for services performed by a permanent resident of the Virgin Islands), § 31.3401(a)-2(b) (relating to fees paid to a public official), section 3401(a)(5) (relating to remuneration for services for foreign government or international organization), section 3401(a)(8)(B) (relating to remuneration for services performed in a possession of the United States (other than Puerto Rico) by citizens of the United States), section 3401(a)(8)(C) (relating to remuneration for services performed in Puerto Rico by citizens of the United States), section 3401(a)(11) (relating to remuneration other than in cash for service not in the course of employer's trade or business), section 3401(a)(12) (relating to payments from or to certain tax-exempt trusts, or under or to certain annuity plans or bond purchase plans), section 3401(a)(14) (relating to group-term life insurance), section 3401(a)(15) (relating to moving expenses), or section 3401(a)(16)(A) (relating to tips paid in any medium other than cash).

### 26 CFR § 31.3401(c)-1

{HYPERLINK                                              "http://www.westlaw.com/TOC/Default.wl?rs=
1.0&vr=2.0&DB=CFR&DocName=CF004715200&FindType=V&ReferencePositionType=T&ReferenceP
osition=S31.3401(C)-1" }

(a) The term "employee" includes every individual performing services if the relationship between him and the person for whom he performs such services is the legal relationship of employer and employee. The term includes officers and employees, whether elected or appointed, of the United States, a State, Territory, Puerto Rico, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any one or more of the foregoing.[5]

(b) Generally the relationship of employer and employee exists when the person for whom services are performed has the right to control and direct the individual who performs the services, not only as to the result to be accomplished by the work but also as to the details and means by which that result is accomplished. That is, an employee is subject to the will and control of the employer not only as

---

[5] The underscored portion of the regulation more or less duplicates the definition of "employee" at 26 U.S.C. § 3401(c). The terms "includes" and "including" are at once expansive and constrictive. When a term is defined by example, it may apply to the class that includes the example but may not go beyond that class. For example, if someone were sent to the store to buy fruit, and whoever gave the order specified oranges, lemons, etc., the buyer could theoretically purchase grapefruit and limes but not peaches, apples and bananas. Examples in the "employee" definition apply to government personnel but not people who own and/or work at private enterprise. Note the number of exclusions in this section and the previous section. The Internal Revenue Code definition of "includes" and "including is at 26 U.S.C. § 7701(c).

to what shall be done but how it shall be done. In this connection, it is not necessary that the employer actually direct or control the manner in which the services are performed; it is sufficient if he has the right to do so. The right to discharge is also an important factor indicating that the person possessing that right is an employer. Other factors characteristic of an employer, but not necessarily present in every case, are the furnishing of tools and the furnishing of a place to work to the individual who performs the services. In general, if an individual is subject to the control or direction of another merely as to the result to be accomplished by the work and not as to the means and methods for accomplishing the result, he is not an employee.

(c) Generally, physicians, lawyers, dentists, veterinarians, contractors, subcontractors, public stenographers, auctioneers, and others who follow an independent trade, business, or profession, in which they offer their services to the public, are not employees.

(d) Whether the relationship of employer and employee exists will in doubtful cases be determined upon an examination of the particular facts of each case.

(e) If the relationship of employer and employee exists, the designation or description of the relationship by the parties as anything other than that of employer and employee is immaterial. Thus, if such relationship exists, it is of no consequence that the employee is designated as a partner, coadventurer, agent, independent contractor, or the like.

(f) All classes or grades of employees are included within the relationship of employer and employee. Thus, superintendents, managers and other supervisory personnel are employees. Generally, an officer of a corporation is an employee of the corporation. However, an officer of a corporation who as such does not perform any services or performs only minor services and who neither receives nor is entitled to receive, directly or indirectly, any remuneration is not considered to be an employee of the corporation. A director of a corporation in his capacity as such is not an employee of the corporation.

(g) The term "employee" includes every individual who receives a supplemental unemployment compensation benefit which is treated under paragraph (b)(14) of § 31.3401(a)-1 as if it were wages.

(h) Although an individual may be an employee under this section, his services may be of such a nature, or performed under such circumstances, that the remuneration paid for such services does not constitute wages within the meaning of section 3401(a).

## 26 CFR § 3401(d)-1

{HYPERLINK                                   "http://www.westlaw.com/TOC/Default.wl?rs= 1.0&vr=2.0&DB=CFR&DocName=CF004715200&FindType=V&ReferencePositionType=T&ReferenceP osition=S31.3401(D)-1" }

(a) The term "employer" means any person for whom an individual performs or performed any service, of whatever nature, as the employee of such person.

(b) It is not necessary that the services be continuing at the time the wages are paid in order that the status of employer exist. Thus, for purposes of withholding, a person for whom an individual has performed past services for which he is still receiving wages from such person is an "employer."

(c) An employer may be an individual, a corporation, a partnership, a trust, an estate, a joint-stock company, an association, or a syndicate, group, pool, joint venture, or other unincorporated organization, group or entity. A trust or estate, rather than the fiduciary acting for or on behalf of the trust or estate, is generally the employer.

(d) The term "employer" embraces not only individuals and organizations engaged in trade or business, but organizations exempt from income tax, such as religious and charitable organizations, educational institutions, clubs, social organizations and societies, as well as the governments of the United States, the States, Territories, Puerto Rico, and the District of Columbia, including their agencies,

instrumentalities, and political subdivisions.

(e) The term "employer" also means (except for the purpose of the definition of "wages") any person paying **wages on behalf of a nonresident alien individual, foreign partnership, or foreign corporation,"** not engaged in trade or business within the United States" (including Puerto Rico as if a part of the United States).

(f) If the person for whom the services are or were performed does not have legal control of the payment of the wages for such services, the term "employer" means (except for the purpose of the definition of "wages") the person having such control. For example, where wages, such as certain types of pensions or retired pay, are paid by a trust and the person for whom the services were performed has no legal control over the payment of such wages, the trust is the "employer."

(g) The term "employer" also means a person making a payment of a supplemental unemployment compensation benefit which is treated under paragraph (b)(14) of § 31.3401(a)-1 as if it were wages. For example, if supplemental unemployment compensation benefits are paid from a trust which was created under the terms of a collective bargaining agreement, the trust shall generally be deemed to be the employer. However, if the person making such payment is acting solely as an agent for another person, the term "employer" shall mean such other person and not the person actually making the payment.

(h) It is a basic purpose to centralize in the employer the responsibility for withholding, returning, and paying the tax, and for furnishing the statements required under section 6051 and § 31.6051-1. The special definitions of the term "employer" in paragraphs (e), (f), and (g) of this section are designed solely to meet special or unusual situations. They are not intended as a departure from the basic purpose.

## 26 CFR § 31.3402(f)(2)-1

{HYPERLINK                               "http://www.westlaw.com/TOC/Default.wl?rs=
1.0&vr=2.0&DB=CFR&DocName=CF004715200&FindType=V&ReferencePositionType=T&ReferenceP
osition=S31.3402(F)(2)-1" }

(a) On commencement of employment. On or before the date on which an individual commences employment with an employer, the individual shall furnish the employer with a signed withholding exemption certificate relating to his marital status and the number of withholding exemptions which he claims, which number shall in no event exceed the number to which he is entitled, or, if the statements described in § 31.3402(n)-1 are true with respect to an individual, he may furnish his employer with a signed withholding exemption certificate which contains such statements.[6] [ in lieu of the first mentioned certificates ] For form and contents of such certificates, see § 31.3402(f)(5)-1. The employer is required to request a withholding exemption certificate from each employee, but if the employee fails to furnish such certificate, such employee shall be considered as a single person claiming no withholding exemptions.

Reg ss 3402(f) (2) -1 ]

pages 61,706

**as the law has not change the regs left out of 1996 CFRform 1995 was this importan OR pervision**

**[ IN Lieu of the first mentioned certicates ] then you are directed to 31.3402 (f) (5) -1 , keeping in mind**

---

[6] The current Form W-4 has the exemption statements prescribed by § 31.3402(n)-1 so the appropriate space needs to be checked if the statements are true and nothing more needs to be added to the form.

**that subtitle A taxes in reg 1.1441-5 instructs to give your employer a statement of citizenship and to include the required statements in 3402 (n)**

(b) Change in status which affects calendar year. (1) If, on any day during the calendar year, the number of withholding exemptions to which the employee is entitled is less than the number of withholding exemptions claimed by him on the withholding exemption certificate then in effect, the employee must within 10 days after the change occurs furnish the employer with a new withholding exemption certificate relating to the number of withholding exemptions which the employee then claims, which must in no event exceed the number to which he is entitled on such day. The number of withholding exemptions to which an employee is entitled decreases, for example, for any one of the following reasons:

(i) The employee's wife (or husband) for whom the employee has been claiming a withholding exemption (a) is divorced or legally separated from the employee, or (b) claims her (or his) own withholding exemption on a separate certificate.

(ii) In the case of an employee whose taxable year is not a calendar year, the employee's wife (or husband) for whom the employee has been claiming a withholding exemption dies in that portion of the calendar year which precedes the first day of the taxable year of the employee which begins in the calendar year in which the spouse dies.

(iii) The employee finds that no exemption for his taxable year which begins in, or with, the current calendar year will be allowable to him under section 151(e) in respect of an individual claimed as a dependent on the employee's withholding exemption certificate.

(iv) It becomes unreasonable for the employee to believe that his wages for an estimation year will not be more, or that the determinable additional amounts for each item under § 31.3402(m)-1 for an estimation year will not be less, than the corresponding figure used in connection with a claim by him under section 3402(m) of a withholding allowance to such an extent that the employee would no longer be entitled to such withholding allowance.

(v) It becomes unreasonable for an employee who has in effect a withholding exemption certificate on which he claims a withholding allowance under section 3402(m), computed on the basis of the preceding taxable year, to believe that his wages and the determinable additional amounts for each item under § 31.3402(m)-1 in such preceding taxable year or in his present taxable year will entitle him to such withholding allowance in the present taxable year.

(2) If, on any day during the calendar year, the number of withholding exemptions to which the employee is entitled is more than the number of withholding exemptions claimed by him on the withholding exemption certificate then in effect, the employee may furnish the employer with a new withholding exemption certificate on which the employee must in no event claim more than the number of withholding exemptions to which he is entitled on such day.

(3) If, on any day during the calendar year, the statements described in § 31.3402(n)-1 are true with respect to an employee, such employee may furnish his employer with a withholding exemption certificate which contains such statements.[7]

(4) If, on any day during the calendar year, it is not reasonable for an employee, who has furnished his employer with a withholding exemption certificate which contains the statements described in § 31.3402(n)-1, to anticipate that he will incur no liability for income tax imposed under subtitle A (as defined in § 31.3402(n)-1) for his current taxable year, the employee must within 10 days after such day furnish the employer with a new withholding exemption certificate which does not contain such statements. If, on any day during the calendar year, it is not reasonable for such an employee whose

---

[7] An exempt W-4 may be filed at any time.

liability for income tax imposed under subtitle A is determined on a basis other than the calendar year to so anticipate with respect to his taxable year following his current taxable year, the employee must furnish the employer with a new withholding exemption certificate which does not contain such statements within 10 days after such day or on or before the first day of the last month of his current taxable year, whichever is later.

(c) Change in status which affects next calendar year. (1) If, on any day during the calendar year, the number of exemptions to which the employee will be, or may reasonably be expected to be, entitled under sections 151 and 3402(m) for his taxable year which begins in, or with, the next calendar year is different from the number to which the employee is entitled on such day, the following rules shall be applicable:

(i) If such number is less than the number of withholding exemptions claimed by the employee on a withholding exemption certificate in effect in such day, the employee must, on or before December 1 of the year in which the change occurs, unless such change occurs in December, furnish his employer with a new withholding exemption certificate reflecting the decrease in the number of withholding exemptions. If the change occurs in December, the new certificate must be furnished within 10 days after the change occurs. The number of exemptions to which an employee is entitled for his taxable year which begins in, or with, the next calendar year decreases, for example, for any of the following reasons:

(a) The spouse or a dependent of the employee dies.

(b) The employee finds that it is not reasonable to expect that an individual claimed as a dependent on the employee's withholding exemption certificate will qualify as a dependent of the employee for such taxable year.

(c) It becomes unreasonable for an employee who has in effect a withholding exemption certificate on which he claims a withholding allowance under section 3402(m) to believe that his wages and the determinable additional amounts for each item under § 31.3402(m)-1 for his taxable year which begins in, or with, the next calendar year will entitle him to such withholding allowance for such taxable year.

(ii) If such number is greater than the number of withholding exemptions claimed by the employee on a withholding exemption certificate in effect on such day, the employee may, on or before December 1 of the year in which such change occurs, unless such change occurs in December, furnish his employer with a new withholding exemption certificate reflecting the increase in the number of withholding exemptions. If the change occurs in December, the certificate may be furnished on or after the date on which the change occurs.

(2) If, on any day during the calendar year, it is not reasonable for an employee, who has furnished his employer with a withholding exemption certificate which contains the statements described in § 31.3402(n)-1 and whose liability for such tax is determined on a calendar-year basis, to anticipate that he will incur no liability for income tax imposed under subtitle A (as defined in § 31.3402(n)-1) for his taxable year which begins with the next calendar year, the employee must furnish his employer with a new withholding exemption certificate which does not contain such statements, on or before December 1 of the first-mentioned calendar year. If it first becomes unreasonable for the employee to so anticipate in December, the new certificate must be furnished within 10 days after the day on which it first becomes unreasonable for the employee to so anticipate.

(3) Before December 1 of each year, every employer should request each of his employees to file a new withholding exemption certificate for the ensuing calendar year, in the event of change in the employee's exemption status since the filing of his latest certificate.[8]

---

[8] A W-4, whether exempt or otherwise, has continuous effect unless the employer or the employee is aware of the employee having a status change. There is no requirement to file a new exempt W-4 every year.

(d) Inclusion of account number on withholding exemption certificate. Every individual to whom an account number has been assigned shall include such number of any withholding exemption certificate filed with an employer. For provisions relating to the obtaining of an account number, see § 31.6011(b)-2.

(e) Invalid withholding exemption certificates. Any alteration of or unauthorized addition to a withholding exemption certificate shall cause such certificate to be invalid[9]; see paragraph (b) of § 31.3402(f)(5)-1 for the definitions of alteration and unauthorized addition. Any withholding exemption certificate which the employee clearly indicates to be false by an oral statement or by a written statement (other than one made on the withholding exemption certificate itself) made by him to the employer on or before the date on which the employee furnishes such certificate is also invalid.[10] For purposes of the preceding sentence, the term "employer" includes any individual authorized by the employer either to receive withholding exemption certificates, to make withholding computations, or to make payroll distributions. If an employer receives an invalid withholding exemption certificate, he shall consider it a nullity for purposes of computing withholding; he shall inform the employee who submitted the certificate that it is invalid, and shall request another withholding exemption certificate from the employee. If the employee who submitted the invalid certificate fails to comply with the employer's request, the employer shall withhold from the employee as from a single person claiming no exemptions (see § 31.3402(f)(2)-1(a)); if, however, a prior certificate is in effect with respect to the employee, the employer shall continue to withhold in accordance with the prior certificate.

(f) Applicability of withholding exemption certificate to qualified State individual income taxes. The withholding exemption certificate shall be used for purposes of withholding with respect to qualified State individual income taxes as well as Federal tax.[11] For provisions relating to the withholding exemption certificate with respect to such State taxes, see paragraph (d)(3)(i) of § 301.6361-1 of this chapter (Regulation on Procedure and Administration).

(g) Submission of certain withholding certificates--(1) General rule. With respect to withholding exemption certificates received after November 30, 1986, an employer shall submit, in accordance with paragraph (g)(3) of this section, a copy of any withholding exemption certificate, together with a copy of any written statement received from the employee in support of the claims made on the certificate, which is received from the employee during the reporting period (even if the certificate is not in effect at the end of the quarter) if the employee is employed by that employer on the last day of the reporting period and if--

(i) The total number of withholding exemptions (within the meaning of section 3402(f)(1) and the regulations thereunder) claimed on the certificate exceeds 10, or

(ii) The certificate indicates that the employee claims a status exempting the employee from withholding, and the exception provided by paragraph (g)(2) of this section does not apply.[12]

---

[9] **The terms "alteration" or "unauthorized addition" to the form pertain to the face of the form itself. An employee's affidavits and supporting authorities may be stapled or otherwise attached to the form. The employer is required to send all employee support material with an exempt W-4 when it is sent to IRS, anyway so whether support material is attached or under a cover letter is a moot issue.**

[10] **Other than alterations or unauthorized additions to the W-4 form itself, the only reasons an employer may reject an exempt W-4 include oral or written statements by the employee indicating that he is knowingly making a false claim by claiming to be exempt.**

[11] **An exempt W-4 applies to qualified State as well as Federal income tax withholding. The cited regulation is included in this file.**

[12] Virtually all exempt W-4 withholding certificates, along with statements and other support material, must be sent to the Internal Revenue Service. This requirement presupposes the "employer" has been authorized to withhold via the FMS 8655 withholding authorization certificate and is a government

(2) Exception. A copy of the certificate shall not be submitted under paragraph (g)(1)(ii) of this section if the employer reasonably expects, at the time the certificate is received, that the employee's wages (under chapter 24 of the Code) from that employer shall not then usually exceed $200 per week.

(3) Rules for submission--(i) In general. The reporting period is a calendar quarter. Copies required to be submitted under paragraph (g)(1) of this section shall be submitted at the time and place of filing Form 941 or 941E for the reporting period, or Form 941-M for the last month of the reporting period. Form 941, 941E or 941-M shall be used, in accordance with the instructions for the form, to transmit the copies.

(ii) Option. At the choice of the employer, copies required to be submitted under paragraph (g)(1) of this section may be submitted earlier and for shorter reporting periods than a calendar quarter. In such case, the employer shall submit the copies to the service center where the employer would file a Form 941 or 941E and shall include with the submission a statement showing the employer's name, address, employer identification number, and the number of copies of withholding exemption certificates submitted. However, in no event shall a copy be submitted later than the time for filing the report required to be submitted for the calendar quarter reporting period under subdivision (i) of this paragraph (g)(3).

(iii) First report. The first submission of copies shall include a copy of any certificate required to be submitted under paragraph (g)(1) of this section which is received by the employer on or after April 1, 1980.

(4) Other withholding exemption certificates. An employer shall also submit a copy of any currently effective withholding exemption certificate (or make the original certificate available for inspection), together with a copy of any written statement received from the employee in support of the claims made on the certificate, upon written request of the Internal Revenue Service. This request of the Service may relate either to one or more named employees or to one or more reasonably segregable units of the employer. In this regard, the Service may, by written notice, advise the employer that a copy of each new withholding exemption certificate received from one or more named employees, or from one or more reasonably segregable units of the employer, which is required, under this paragraph (g) to be submitted to the Service is to be submitted to the District Director. The employer shall then submit to the District Director a copy of each such new certificate of each such employee immediately after the employer receives the new certificate from the named employee.

(5) Computation of withholding. (i) <u>Until receipt of written notice from the Internal Revenue Service that a certificate, a copy of which was submitted under this section, is defective, that certificate is effective and the employer shall withhold on the basis of the statements made in that certificate, unless that certificate must be disregarded under the provisions of paragraph (g)(5)(vi) of this section.</u>[13]

(ii) <u>The Internal Revenue Service may find that a copy of a withholding exemption certificate submitted contains a materially incorrect statement or it may determine, after written request to the employee for verification of the statements on the certificate, that it lacks sufficient information to determine if the certificate is correct.</u>[14] If the Internal Revenue Service so finds or determines and notifies

---

agency most exempt W-4 withholding certificates will eventually be reviewed by IRS.

[13] Once an employer receives an exempt W-4, he must immediately stop withholding from wages except where an employee has made oral or written statements indicating fraud or has defaced the W-4. He may resume withholding only on notice by the Internal Revenue Service.

[14] The IRS agent or officer responsible for reviewing an exempt W-4 must either approve the certificate or comply with requirements of the Administrative Procedures Act (5 U.S.C. §§ 551 et seq.) in order to make an adverse determination. He must base his decision on "findings of fact and conclusions of law" (see the underscored "based upon its findings" terminology in paragraph (iii) immediately following this paragraph. The employee must be contacted and offered the opportunity to correct erroneous facts, if such exist, and the IRS decision-maker, who bears the burden of proving liability, must comply with provisions of 5 U.S.C. §§ 553 through 557 generally. The employee has the right to appeal adverse

the employer in writing that the certificate is defective, the employer shall then consider the certificate to be defective for purposes of computing amounts of withholding.

(iii) If the Internal Revenue Service notifies the employer that the certificate is defective, the Internal Revenue Service will, based upon its findings, advise the employer that the employee either is not entitled to claim a status exempting the employee from withholding or is not entitled to claim a total number of withholding exemptions in excess of a number specified by the Internal Revenue Service in the notice, or both. The Internal Revenue Service will also specify the Internal Revenue Service office to be contacted for further information.

(iv) The Internal Revenue Service will provide the employer with a copy for the employee of each notice it furnishes to the employer under this paragraph (g)(5) in addition to the notice furnished to the employer for his own use. The Internal Revenue Service will also mail a similar notice to the employee at the address of the employee as shown on the certificate under review.

(v) The employer shall promptly furnish the employee who filed the defective certificate, if still in his employ, with a copy of the written notice of the Internal Revenue Service with respect to the certificate and may request another withholding exemption certificate from the employee. The employer shall withhold amounts from the employee on the basis of the maximum number specified in the written notice received from the Service.

(vi) If and when the employee does file any new certificate (after an earlier certificate of the employee was considered to be defective), the employer shall withhold on the basis of that new certificate (whenever filed) as currently effective only if the new certificate does not make a claim of exempt status or of a number of withholding exemptions which claim is inconsistent with the advice earlier furnished by the Internal Revenue Service in its written notice to the employer.[15] If any new certificate does make a claim which is inconsistent with the advice contained in the Service's written notice to the employer, then the employer shall disregard the new certificate, shall not submit that new certificate to the Service, and shall continue to withhold amounts from the employee on the basis of the maximum number specified in the written notice received from the Service.

(vii) If the employee makes a claim on any new certificate that is inconsistent with the advice in the Service's written notice to the employer, the employee may specify on such new certificate, or by a written statement attached to that certificate, any circumstances of the employee which have changed since the date of the Service's earlier written notice, or any other circumstances or reasons, as justification or support for the claims made by the employee on the new certificate.[16] The employee may then submit that new certificate and written statement either to (A) the Internal Revenue Service office specified in the

decisions prior to adverse IRS order being enforced. Simply sending notice to an employer claiming that an adverse decision has been made, without providing facts and law to support the claim, constitutes defective procedure, particularly if the employee hasn't been afforded the opportunity to dispute the decision via the administrative appeal process prescribed by the Administrative Procedures Act.

[15] An employer can comply with this paragraph only in the event that there is adequate evidence that there has been findings of fact and conclusions of law contrary to the employee's claims. If the IRS officer or agent responsible for the adverse decision doesn't include findings required by paragraph (iii) with his adverse order, the employer doesn't have legal footing adequate to shield himself if the employee elects to pursue redress via litigation. At a minimum, the employer should request a national office technical advice memorandum to resolve the issue – see 26 CFR §§ 601.105, 601.106 & 601.201; 26 U.S.C. § 6110.

[16] This paragraph confirms that affidavits, statements and the like can be attached to the W-4 without causing them to be defective. The paragraph also prescribes the mode of contesting an adverse IRS ruling, but there is no ruling until the IRS officer or agent responsible for instructing an employer to dishonor an exempt W-4 submits findings contrary to facts and law submitted by an employee to support his exempt W-4.

notice earlier furnished to the employer under this paragraph (g)(5), or to (B) the employer, who must then submit a copy of that new certificate and the employee's written statement (if any) to the Internal Revenue Service office specified in the notice earlier furnished to the employer. The employer shall continue to disregard that new certificate and shall continue to withhold amounts from the employee on the basis of the maximum number specified in the written notice received from the Service unless and until the Internal Revenue Service by written notice (under paragraph (g)(5)(iii) of this section) advises the employer to withhold on the basis of that new certificate and revokes its earlier written notice.

(6) Definition of employer. For purposes of this paragraph (g), the term "employer" includes any individual authorized by the employer to receive withholding exemption certificates, to make withholding computations, or to make payroll distributions.

## 26 CFR § 31.3402(f)(3)-1

{HYPERLINK                                                    "http://www.westlaw.com/TOC/Default.wl?rs=
1.0&vr=2.0&DB=CFR&DocName=CF004715200&FindType=V&ReferencePositionType=T&ReferenceP
osition=S31.3402(F)(3)-1" }

(a) <u>A withholding exemption certificate furnished the employer in any case in which no previous withholding exemption certificate is in effect with such employer, shall take effect as of the beginning of the first payroll period ending, or the first payment of wages made without regard to a payroll period, on or after the date on which such certificate is so furnished.</u>[17]

(b) A withholding exemption certificate furnished the employer in any case in which a previous withholding exemption certificate is in effect with such employer shall, except as hereinafter provided, take effect with respect to the first payment of wages made on or after the first status determination date which occurs at least 30 days after the date on which such certificate is so furnished. However, at the election of the employer, except as hereinafter provided, such certificate may be made effective with respect to any payment of wages made on or after the date on which such certificate is so furnished and before such status determination date.

(c) A withholding exemption certificate furnished the employer pursuant to section 3402(f)(2)(C) (see paragraph (c) of § 31.3402(f)(2)-1 or paragraph (b)(2)(ii) of § 31.3402(f)(1)-1) which effects a change for the next calendar year, shall not take effect, and may not be made effective, with respect to the calendar year in which the certificate is furnished. A withholding exemption certificate furnished the employer by an employee who determines his income tax liability on a basis other than a calendar-year basis, as required by paragraph (b)(4) of § 31.3402(f)(2)-1, which effects a change for the employee's next taxable year, shall not take effect, and may not be made effective, with respect to the taxable year of the employee in which the certificate is furnished.

(d) For purposes of this section, the term "status determination date" means January 1, May 1, July 1, and October 1 of each year.

## 26 CFR § 31.3402(f)(4)-1[18]

{HYPERLINK                                                    "http://www.westlaw.com/TOC/Default.wl?rs=
1.0&vr=2.0&DB=CFR&DocName=CF004715200&FindType=V&ReferencePositionType=T&ReferenceP
osition=S31.3402(F)(4)-1" }

---

[17] An exempt W-4 immediately takes effect.

[18] This subpart applies to exemption certificates prior to December 31, 1981. See next subpart for exemption certificates after December 31, 1981.

(a) In general. Except as provided in paragraphs (b) and (c) of this section, a withholding exemption certificate which takes effect under {HYPERLINK "http://www.westlaw.com/Find/Default.wl?rs= 1.0&vr=2.0&DB=1000546&DocName=26USCAS3402&FindType=L" }, or which on December 31, 1954, was in effect under section 1622(h) of the Internal Revenue Code of 1939, shall continue in effect with respect to the employee until another withholding exemption certificate takes effect under {HYPERLINK "http://www.westlaw.com/Find/Default.wl?rs= 1.0&vr=2.0&DB=1000546&DocName=26USCAS3402&FindType=L" }. Paragraphs (b) and (c) of this section are applicable only for withholding exemption certificates furnished by the employee to the employer before January 1, 1982. See § 31.3402(f)(4)-2 for the rules applicable to withholding exemption certificates furnished by the employee to the employer after December 31, 1981.

(b) Withholding allowances under {HYPERLINK "http://www.westlaw.com/Find/Default.wl?rs= 1.0&vr=2.0&DB=1000546&DocName=26USCAS3402&FindType=L" } for itemized deductions. In no case shall the portion of a withholding exemption certificate relating to withholding allowances under {HYPERLINK "http://www.westlaw.com/Find/Default.wl?rs= 1.0&vr=2.0&DB=1000546&DocName=26USCAS3402&FindType=L" } for itemized deductions be effective with respect to any payment of wages made to an employee--

(1) In the case of an employee whose liability for tax under subtitle A of the Code is determined on a calendar-year basis, after April 30 of the calendar year immediately following the calendar year which was his estimation year for purposes of determining the withholding allowance or allowances claimed on such exemption certificate, or

(2) In the case of an employee to whom paragraph (c)(1) of this section does not apply, after the last day of the fourth month immediately following his taxable year which was his estimation year for purposes of determining the withholding allowance or allowances claimed on such exemption certificate.

(c) Statements under {HYPERLINK "http://www.westlaw.com/Find/Default.wl?rs= 1.0&vr=2.0&DB=1000546&DocName=26USCAS3402&FindType=L" } eliminating requirement of withholding. The statements described in § 31.3402(n)-1 made by an employee with respect to his preceding taxable year and current taxable year shall be deemed to have been made also with respect to his current taxable year and his taxable year immediately thereafter, respectively, until either a new withholding exemption certificate furnished by the employee takes effect or the existing certificate which contains such statements expires. In no case shall a withholding exemption certificate which contains such statements be effective with respect to any payment of wages made to an employee--

(1) In the case of an employee whose liability for tax under subtitle A is determined on a calendar-year basis, after April 30 of the calendar year immediately following the calendar year which was his original current taxable year for purposes of such statements, or

(2) In the case of an employee to whom paragraph (c)(1) of this section does not apply, after the last day of the fourth month immediately following his original current taxable year for purposes of such statements.

## 26 CFR § 31.3402(f)(4)-2

{HYPERLINK "http://www.westlaw.com/TOC/Default.wl?rs= 1.0&vr=2.0&DB=CFR&DocName=CF004715200&FindType=V&ReferencePositionType=T&ReferenceP osition=S31.3402(F)(4)-2" }

(a) In general. Except as provided in paragraphs (b) and (c) of this section, a withholding exemption certificate that takes effect under {HYPERLINK "http://www.westlaw.com/Find/Default.wl?rs= 1.0&vr=2.0&DB=1000546&DocName=26USCAS3402&FindType=L" }, or that on December 31, 1954, was in effect under section 1622(h) of the Internal Revenue Code of 1939, shall continue in effect with respect to the employee until another withholding exemption certificate takes effect under {HYPERLINK

Withholding from Wages at Source Authorities

"http://www.westlaw.com/Find/Default.wl?rs=
1.0&vr=2.0&DB=1000546&DocName=26USCAS3402&FindType=L" }. Paragraphs (b) and (c) of this
section are applicable only for withholding exemption certificates furnished by the employee to the
employer after December 31, 1981. See § 31.3402(f)(4)-1 for the rules applicable to withholding
exemption certificates furnished by the employee to the employer before January 1, 1982.

(b) Withholding allowances under {HYPERLINK "http://www.westlaw.com/Find/Default.wl?rs=
1.0&vr=2.0&DB=1000546&DocName=26USCAS3402&FindType=L" }. See paragraphs (b) and (c) of §
31.3402(f)(2)-1 (relating to withholding exemption certificates) for information as to when an employee
claiming withholding allowances under {HYPERLINK "http://www.westlaw.com/Find/Default.wl?rs=
1.0&vr=2.0&DB=1000546&DocName=26USCAS3402&FindType=L" } and the regulations thereunder
must file a new withholding exemption certificate with his employer.

(c)    Statements    under    {HYPERLINK    "http://www.westlaw.com/Find/Default.wl?rs=
1.0&vr=2.0&DB=1000546&DocName=26USCAS3402&FindType=L" } eliminating requirement of
withholding. The statements described in § 31.3402(n)-1 made by an employee with respect to his
preceding taxable year and current taxable year shall be effective until either a new withholding
exemption certificate furnished by the employee takes effect or the existing certificate that contains such
statements expires. In no case shall a withholding exemption certificate that contains such statements be
effective with respect to any payment of wages made to an employee:

(1) In the case of an employee whose liability for tax under subtitle A is determined on a
calendar year basis, after February 15 of the calendar year following the estimation year, or

(2) In the case of an employee to whom paragraph (c)(1) of this section does not apply, after the
15th day of the 2nd calendar month following the last day of the estimation year.

(d) Estimation year. The estimation year is the taxable year including the day on which the
employee files the withholding exemption certificate with his employer, except that if the employee files
the withholding exemption certificate with his employer and specifies on the certificate that the certificate
is not to take effect until a specified future date, the estimation year shall be the taxable year including
that specified future date.

**26 CFR § 31.3402(f)(5)-1**

{HYPERLINK                                    "http://www.westlaw.com/TOC/Default.wl?rs=
1.0&vr=2.0&DB=CFR&DocName=CF004715200&FindType=V&ReferencePositionType=T&ReferenceP
osition=S31.3402(F)(5)-1" }

(a) Form W-4. Form W-4 is the form prescribed for the withholding exemption certificate
required to be filed under section 3402(f)(2). A withholding exemption certificate shall be prepared in
accordance with the instructions and regulations applicable thereto, and shall set forth fully and clearly
the data therein called for. A withholding exemption certificate that does not set forth fully and clearly
the data therein called for is an invalid withholding exemption certificate under § 31.3402(f)(2)-1(e) (relating
to withholding exemption certificates). Blank copies of paper Forms W-4 will be supplied to employers
upon request to the Internal Revenue Service. In lieu of the prescribed form, employers may prepare and
use a form the provisions of which are identical with those of the prescribed form, but only if employers
also provide employees with all the tables and instructions contained in the Form W-4 in effect at that
time and only if employers comply with all revenue procedures relating to substitute forms in effect at that
time.

(b) Invalid Form W-4. A Form W-4 does not meet the requirements of section 3402(f)(5) or this
section and is invalid if it contains an alteration or unauthorized addition. For purposes of §
31.3402(f)(2)-1(e) and this paragraph--

(1) An alteration of a withholding exemption certificate is any deletion of the language of the

jurat or other similar provision of such certificate by which the employee certifies or affirms the correctness of the completed certificate, or any material defacing of such certificate;

(2) An unauthorized addition to a withholding exemption certificate is any writing on such certificate other than the entries requested (e.g., name, address, and number of exemptions claimed).[19]

(c) Electronic Form W-4--(1) In general. An employer may establish a system for its employees to file withholding exemption certificates electronically.

(2) Requirements--(i) In general. The electronic system must ensure that the information received is the information sent, and must document all occasions of employee access that result in the filing of a Form W-4. In addition, the design and operation of the electronic system, including access procedures, must make it reasonably certain that the person accessing the system and filing the Form W-4 is the employee identified in the form.

(ii) Same information as paper Form W-4. The electronic filing must provide the employer with exactly the same information as the paper Form W-4.

(iii) Jurat and signature requirements. The electronic filing must be signed by the employee under penalties of perjury.

(A) Jurat. The jurat (perjury statement) must contain the language that appears on the paper Form W-4. The electronic program must inform the employee that he or she must make the declaration contained in the jurat and that the declaration is made by signing the Form W-4. The instructions and the language of the jurat must immediately follow the employee's income tax withholding selections and immediately precede the employee's electronic signature.

(B) Electronic signature. The electronic signature must identify the employee filing the electronic Form W-4 and authenticate and verify the filing. For this purpose, the terms "authenticate" and "verify" have the same meanings as they do when applied to a written signature on a paper Form W-4. An electronic signature can be in any form that satisfies the foregoing requirements. The electronic signature must be the final entry in the employee's Form W-4 submission.

(iv) Copies of electronic Forms W-4. Upon request by the Internal Revenue Service, the employer must supply a hardcopy of the electronic Form W-4 and a statement that, to the best of the employer's knowledge, the electronic Form W- 4 was filed by the named employee. The hardcopy of the electronic Form W-4 must provide exactly the same information as, but need not be a facsimile of, the paper Form W-4.

(3) Effective date--(i) In general. This paragraph applies to all withholding exemption certificates filed electronically by employees on or after January 2, 1997.

(ii) Special rule for certain Forms W-4. In the case of an electronic system that precludes the filing of Forms W-4 required on commencement of employment and Forms W-4 claiming more than 10 withholding exemptions or exemption from withholding, the requirements of paragraph (c)(2)(iii) of this section will be treated assatisfied if the Form W-4 is filed electronically before January 1, 1999.

## 26 CFR § 31.3402(f)(6)-1

{HYPERLINK                                    "http://www.westlaw.com/TOC/Default.wl?rs=
1.0&vr=2.0&DB=CFR&DocName=CF004715200&FindType=V&ReferencePositionType=T&ReferenceP

---

[19] **As previously seen, an employee's affidavits, statements of law and the like can be attached to an exempt W-4. Regardless, employers are required to submit all support material an employee provides with his exempt W-4 so whether it is attached or not is irrelevant.**

osition=S31.3402(F)(6)-1" }[20]

A nonresident alien individual (other than, in regard to wages paid after February 28, 1979, a nonresident alien individual treated as a resident under section 6013(g) or (h)) subject to withholding under section 3402 is on any 1 day entitled under section 3402(f)(1) and § 31.3402(f)(1)-1 to the number of withholding exemptions corresponding to the number of personal exemptions to which he is entitled on such day by reason of the application of section 873(b)(3) or section 876, whichever applies. Thus, a nonresident alien individual who is not a resident of Canada or Mexico and who is not a resident of Puerto Rico during the entire taxable year, is allowed under section 3402(f)(1) only one withholding exemption.

## 26 CFR § 31.3402(n)-1

{HYPERLINK                                              "http://www.westlaw.com/TOC/Default.wl?rs=
1.0&vr=2.0&DB=CFR&DocName=CF004715200&FindType=V&ReferencePositionType=T&ReferenceP
osition=S31.3402(N)-1" }

Notwithstanding any other provision of this subpart, an employer shall not deduct and withhold any tax under chapter 24 upon a payment of wages made to an employee after April 30, 1970, if there is in effect with respect to the payment a withholding exemption certificate furnished to the employer by the employee which contains statements that--

(a) The employee incurred no liability for income tax imposed under subtitle A of the Code for his preceding taxable year; and

(b) The employee anticipates that he will incur no liability for income tax imposed by subtitle A for his current taxable year.[21]

For purposes of section 3402(n) and this section, an employee is not considered to incur liability for income tax imposed under subtitle A if the amount of such tax is equal to or less than the total amount of credits against such tax which are allowable to him under part iv of subchapter A of chapter 1 of the Code, other than those allowable under section 31 or 39. For purposes of section 3402(n) and this section, "liability for income tax imposed under subtitle A" shall include liability for a qualified State individual income tax which is treated pursuant to section 6361(a) as if it were imposed by chapter 1 of the Code. An employee is not considered to incur liability for such a State income tax if the amount of such tax does not exceed the total amount of the credit against such tax which is allowable to him under section 6362(b)(2)(B) or (C) or section 6362(c)(4). For purposes of this section, an employee who files a joint return under section 6013 is considered to incur liability for any tax shown on such return. An employee who is entitled to file a joint return under such section shall not certify that he anticipates that he will incur no liability for income tax imposed by subtitle A for his current taxable year if such statement would not be true in the event that he files a joint return for such year, unless he filed a separate return for his preceding taxable year and anticipates that he will file a separate return for his current taxable year.

For rules relating to invalid withholding exemption certificates, see § 31.3402(f)(2)-1(e), and for

---

[20] W-9 withholding certificates are mandatory for nonresident aliens.

[21] These two statements are included on the W-4 withholding certificate. If they are true, simply check the box and complete the rest of the form as required. Note that both statements refer to liability for Subtitle A income taxes. Refer to the former 26 CFR § 1.1441-5, reproduced above. All citizens and residents were required to do to stop withholding agents from withholding from payments, whether wages or otherwise, is to declare their status as citizens or residents of the United States. If someone was a citizen or resident of the United States last year, and expects to maintain citizen or resident status through the coming year, he or she would not be subject to tax imposed by Chapters 1 or 2 of the Internal Revenue Code. The government disbursement officer, acting in the dual capacity of a withholding agent, would be required to quit withholding.

Withholding from Wages at Source Authorities

rules relating to submission to the Internal Revenue Service of withholding exemption certificates claiming a complete exemption from withholding, see § 31.3402(f)(2)-1(g).

Example 1. Employee A, an unmarried, calendar-year basis taxpayer, files his income tax return for 1970 on April 15, 1971. A has adjusted gross income of $1,200 and is not liable for any tax. He had $180 of income tax withheld during 1970. A anticipates that his gross income for 1971 will be approximately the same amount, and that he will not incur income tax liability for that year. On April 20, 1971, A commences employment and furnishes his employer an exemption certificate stating that he incurred no liability for income tax imposed under subtitle A for 1970, and that he anticipates that he will incur no liability for income tax imposed under subtitle A for 1971. A's employer shall not deduct and withhold on payments of wages made to A on or after April 20, 1971. Under paragraph (c) of § 31.3402(f)(4)-1, unless A files a new exemption certificate with his employer, his employer is required to deduct and withhold upon payments of wages to A made on or after May 1, 1972. (Under § 31.3402(f)(3)-1(b), if A had been employed by his employer prior to April 20, 1971, and had furnished his employer a withholding exemption certificate not containing the statements described in § 31.3402(n)-1 prior to furnishing the withholding exemption certificate containing such statements on April 20, 1971, his employer would not be required to give effect to the new certificate with respect to payments of wages made by him prior to July 1, 1971 (the first status determination date which occurs at least 30 days after April 20, 1971). However his employer could, if he chose, make the new certificate effective with respect to any payment of wages made on or after April 20 and before July 1, 1971.)

Example 2. Assume the facts are the same as in example (1) except that for 1970 A has taxable income of $8,000, income tax liability of $1,630, and income tax withheld of $1,700. Although A received a refund of $70 due to income tax withholding of $1,700, he may not state on his exemption certificate that he incurred no liability for income tax imposed by subtitle A for 1970.

### 26 CFR § 301.6361-1

{HYPERLINK                               "http://www.westlaw.com/TOC/Default.wl?rs= 1.0&vr=2.0&DB=CFR&DocName=CF004727778&FindType=V&ReferencePositionType=T&ReferenceP osition=S301.6361-1" }

(a) In general. In the case of any State which has in effect a State agreement (as defined in paragraph (a) of § **301.**6361-4), the Commissioner of Internal Revenue shall collect and administer each qualified tax (as defined in paragraph (b) of § **301.**6361-4) of such State. No fee or other charge shall be imposed upon any State for the collection or administration of any qualified tax of such State or any other State. In any such case of collection and administration of qualified taxes, the provisions of subtitle F (relating to procedure and administration), subtitle G (relating to the Joint Committee on Taxation), and chapter 24 (relating to the collection of income tax at source on wages), and the provisions of regulations thereunder, insofar as such provisions relate to the collection and administration of the taxes imposed on the income of individuals by chapter 1 (and the civil and criminal sanctions provided by subtitle F, or by title 18 of the United States Code (relating to crimes and criminal procedure), with respect to such collection and administration) shall apply to the collection and administration of qualified taxes as if such taxes were imposed by chapter 1, except to the extent that the application of such provisions (and sanctions) are modified by regulations issued under subchapter E (as defined in paragraph (d) of § **301.**6361-4). Any extension of time which is granted for the making of a payment, or for the filing of any return, which relates to any Federal tax imposed by subtitle A (or by subtitle C with respect to filing a return) shall constitute automatically an extension of the same amount of time for the making of the corresponding payment or for the filing of the corresponding return relating to any qualified tax.

(b) Returns of qualified taxes. Every individual, estate, or trust which has liability for one or more qualified taxes for a taxable year--

(1) Shall file a Federal income tax return at the time prescribed pursuant to section 6072(a) (whether or not such return is required by section 6012), and shall file therewith on the prescribed form a

return under penalties of perjury for each tax which is--

(i) A qualified resident tax imposed by a State of which the taxpayer was a resident, as defined in § 301.6362-6, for any part of the taxable year;

(ii) A qualified nonresident tax imposed by a State within which was located the source or sources from which the taxpayer derived, while not a resident of such State and while not exempt from liability for the tax by reason of a reciprocal agreement between such State and the State of which he is a resident, 25 percent or more of his aggregate wage and other business income, as defined in paragraph (c) of § 301.6362-5, for the taxable year; or

(iii) A qualified resident or nonresident tax with respect to which any amount was currently collected from the taxpayer's income (including collection by withholding on wages or by payment of estimated income tax), as provided in paragraph (f) of § 301.6362-6, for any part of the taxable year; and

(2) Shall declare (in addition to the declaration required with respect to the return of the Federal income tax and in the place and manner prescribed by form or instructions thereto) under penalties of perjury that, to the best of the knowledge and belief of the taxpayer (or, in the case of an estate or trust, of the fiduciary who executes the Federal income tax return), he has no liability for any qualified tax for the taxable year other than any such liabilities returned with the Federal income tax return (pursuant to subparagraph (1) of this paragraph (b)). Such declaration shall constitute a return indicating no liability with respect to each qualified tax other than any such tax for which liability is so returned. A Federal income tax return form which is filed but which does not contain such declaration shall constitute a Federal income tax return only if the taxpayer in fact has no liability for any qualified State tax for the taxable year.

(c) Credits--(1) Credit for tax of another State or political subdivision--(i) In general. A credit allowable under a qualified tax law against the tax imposed by such law for a taxpayer's tax liability to another State or a political subdivision of another State shall be allowed if the requirements of subdivision (ii) of this subparagraph are met, and if the credit meets the requirements of paragraph (c) of § 301.6362-4. Such credit shall be allowed without regard to whether the tax imposed by the other State or subdivision thereof is a qualified tax, and without regard to whether such tax has been paid.

(ii) Substantiation of tax liability for which a credit is allowed. If the liability which gives rise to a credit of the type described in subdivision (i) of this subparagraph is with respect to a qualified tax, then the fact of such liability shall be substantiated by filing the return on which such liability is reported. If such liability is not with respect to a qualified tax, then the Commissioner may require a taxpayer who claims entitlement to such a credit to complete a form to be submitted with his return of the qualified tax against which the credit is claimed. On such form the taxpayer shall identify each of the other States (the liabilities to which were not substantiated as provided in the first sentence of this subdivision) or political subdivisions to which the taxpayer reported a liability for a tax giving rise to the credit, furnish the name or description of each such tax, state the amount of the liability so reported with respect to each such tax and the beginning and ending dates of the taxable period for which such liability was reported, and provide such other information as is requested in the form or in the instructions thereto. In addition, the taxpayer shall agree on such form to notify the Commissioner in the event that the amount of any tax liability (or portion thereof) which is claimed as giving rise to a credit of the type described in subdivision (i) of this subparagraph is changed or adjusted, whether as a result of an amended return filed by the taxpayer, a determination by the jurisdiction imposing the tax, or in any other manner.

(2) Credit or withheld qualified tax. An individual from whose wages an amount is withheld on account of a qualified tax shall receive a credit for such amount against his aggregate liability for all such qualified taxes and the Federal income tax for the taxable year, whether or not such tax has been paid over to the Federal Government by the employer. The credit shall operate in the manner provided by section 31(a) of the Code and the regulations thereunder with respect to Federal income tax withholding.

(d) Collection of qualified taxes at source on wages--(1) In general. Except as otherwise provided in subparagraph (2) of this paragraph, every employer making payment of wages to an employee described

in such subparagraph shall deduct and withhold upon such wages the amount prescribed with respect to the qualified tax designated in such subparagraph. The amounts prescribed for withholding with respect to each such qualified tax shall be published in Circular E (Employer's Tax Guide) or other appropriate Internal Revenue Service publications. See paragraph (f)(1) of § **301**.6362-7 with respect to civil and criminal penalties to which an employer shall be subject with respect to his responsibilities relating to qualified taxes.

(2) Specific withholding requirements. An employer shall deduct and withhold upon an employee's wages the amount prescribed with respect to a qualified tax with respect to which such employee is subject to the current collection provisions pursuant to paragraph (f) of § **301**.6362-6, unless:

(i) In the case of a qualified resident tax, the employee's services giving rise to the wages are performed in another State, and such other State or a political subdivision thereof imposes a nonresident tax on such employee with respect to which the withholding amount exceeds the prescribed withholding amount with respect to such qualified resident tax, and the State imposing such qualified resident tax grants a credit against it for such nonresident tax.

(ii) In the case of a qualified nonresident tax, either:

(A) Residents of the State in which the employee resides are exempt from liability for the qualified nonresident tax imposed by the State from sources within which his wage income is derived, by reason of an interstate compact or agreement to which the two States are parties, or

(B) The State in which the employee resides imposes a qualified resident tax on such employee with respect to which the prescribed withholding amounts exceed the prescribed withholding amounts with respect to the qualified nonresident tax imposed by the State from sources within which his wage income is derived, and the State in which he resides grants a credit against its qualified resident tax for such qualified nonresident tax.

If the nonresident tax described in subdivision (i) of this subparagraph is a qualified nonresident tax imposed by a State, then the reference in such subdivision to the State in which the services are performed shall be construed as a reference to the State from sources within which the wage income is derived, within the meaning of paragraph (d)(1) of § **301**.6362-5.

(3) Forms, procedures, and returns relating to withholding with respect to qualified taxes--(i) Forms W-4 and W-4P. Forms W-4 (Employee's Withholding Allowance Certificate) and W-4P (Annuitant's Request for Income Tax Withholding), shall include information as to the State in which the employee resides, and shall be used for purposes of withholding with respect to both Federal and qualified taxes. An employee shall show on his Form W-4 the State in which he resides for purposes of this paragraph, and shall file a new Form W-4 within 10 days after he changes his State of residence. An employee who fails to meet either of the requirements set forth in the preceding sentence, with the intent to evade the withholding tax imposed with respect to a qualified tax, shall be subject to the penalty provided in section 7205 of the Code. An employer shall be responsible for determining the State within which are located the sources from which the employee's wage income is derived for purposes of this paragraph; and, if the employee does not file a Form W-4, the employer shall assume for such purposes that the employee resides in that State.[22] When an employer and an employee enter into a voluntary withholding agreement pursuant to § 31.3402(p)-1, the employer shall withhold the amount prescribed with respect to the qualified resident tax imposed by the State in which the employee resides, as indicated on Form W-4. Similarly, if an annuitant requests withholding with respect to his annuity payments pursuant to section 3402(o)(1)(B) of the Code, the payer shall withhold the whole dollar amount specified by the annuitant with respect to a qualified resident tax, provided that the combined withholding with respect to Federal and qualified taxes on each annuity payment shall be a whole dollar amount not less

---

[22] Although this is pretty convoluted, it's obvious that an employee isn't really required to file a W-4. Not filing a W-4 and filing an exempt W-4 would have the same effect – nothing would be withheld because the employee would be assumed to be a citizen or resident of the forum state.

than $5, and that the net amount of any annuity payment received by the payee shall not be reduced to less than $10.

(ii) Forms W-2 and W-2P. Forms W-2 (Wage and Tax Statement) and W-2P (the corresponding form for annuities) shall show:

(A) The total amount withheld with respect to the Federal income tax;

(B) The total amount withheld with respect to qualified taxes;

(C) The name of each State imposing a qualified tax in which the employee (or annuitant) resided during the taxable year, as shown on Form W-4 (or W-4P);

(D) The name of each State imposing a qualified nonresident tax within which were located sources from which the employee's wage income was derived during a period of the taxable year in which he was not shown as a resident of such State on Form W-4, and the amount of the employee's wage income so derived; and

(E) The name of each State or locality that imposes an income tax which is not a qualified tax and with respect to which the employer withheld on the employee's wage income for the taxable year, and the amount of wage income with respect to which the employer so withheld.

(iii) Requirements relating to deposit and payment of withheld tax. Rules relating to the deposit and remittance of withheld Federal income and FICA taxes, including those prescribed in section 6302 of the Code and the regulations thereunder, shall apply also to amounts withheld with respect to qualified taxes. Thus, an employer's liability with respect to the deposit and payment of withheld taxes shall be for the combined amount of withholding with respect to Federal and qualified taxes. The Federal Tax Deposit form shall separately indicate:

(A) The combined total amount of Federal income, FICA, and qualified taxes withheld;

(B) The combined total amount of qualified taxes withheld; and

(C) The total amount of qualified taxes withheld with respect to each electing State.

Data indicating the total amount of tax deposits processed by the Internal Revenue Service with respect to the qualified taxes of an electing State will be available to that State upon request on as frequent as a weekly basis. These data will be available no later than 10 working days after the end of the calendar week in which the deposits were processed by the Service.

(iv) Employment tax returns. Forms 941 (Employer's Quarterly Federal Tax Return), 941-E (Quarterly Return of Withheld Income Tax), 941-M (Employer's Monthly Federal Tax Return), 942 (Employer's Quarterly Tax Return for Household Employees), and 943 (Employer's Annual Tax Return for Agricultural Employees), shall indicate the total amount withheld with respect to each qualified tax, as directed by such forms or their instructions.[23]

(e) Criminal penalties. A criminal offense committed with respect to a qualified tax shall be treated as a separate offense from a similar offense committed with respect to the Federal tax. Thus, for example, if a taxpayer willfully attempts to evade both the Federal tax and a qualified tax by failing to report a portion of his income, he shall be considered as having committed two criminal offenses, each subject to a separate penalty under section 7201. See also § 301.6362-7(f) with respect to criminal penalties.[24]

---

[23] This grouping of returns constitutes the only returns IRS has authority to file as substitute returns under authority of 26 U.S.C. § 6020(b). There is no corresponding authority to file substitute Form 1040 (individual) 1041 (trust) or 1120 (corporation/business) returns. These returns are required by government disbursement officers on behalf of their respective departments or agencies.

[24] Under state-federal agreements, the federal authority has complete responsibility for collecting

(f) Allocation of amounts collected with respect to tax and criminal fines-- (1) In general. The aggregate amount that has been collected from a taxpayer (including amounts collected by withholding) in respect of liability for both one or more qualified taxes and the Federal income tax for a taxable year shall be allocated among the Federal Government and the States imposing qualified taxes for which the taxpayer is liable in the proportion which the taxpayer's liability for each such tax bears to his aggregate liability for such year to all of such taxing jurisdictions with respect to such taxes. A reallocation shall be made either when an amount is collected from the taxpayer or his employer or is credited or refunded to the taxpayer, subsequent to the making of the initial allocation, or when a determination is made by the Commissioner that an error was made with respect to a previous allocation. However, any such allocation or reallocation shall not affect the amount of a taxpayer's or employer's liability to either jurisdiction, or the amount of the assessment and collection which may be made with respect to a taxpayer or employer. Accordingly, such allocations and reallocations shall not be taken into consideration for purposes of the application of statutes of limitation or provisions relating to interest, additions to tax, penalties, and criminal sanctions. See example 4 in subparagraph (4) of this paragraph (e). In addition, any such allocation or reallocation shall not affect the amount of the deduction to which a taxpayer is entitled under section 164 for a year in which he made payment (including payments made by withholding) of an amount which was designated as being in respect of his liability for a qualified tax. However, to the extent that an amount which was paid by a taxpayer and designated as being in respect of his liability for a qualified tax is allocated or reallocated in such a manner as to apply it toward the taxpayer's liability for the Federal income tax, such allocation or reallocation shall be treated as a refund to the taxpayer of an amount paid in respect of a State income tax, and shall be included in the gross income of the taxpayer to the extent appropriate under section 111 and the regulations thereunder in the year in which the allocation or reallocation is made. See section 451 and the regulations thereunder. Similarly, to the extent that an amount which was paid by a taxpayer and designated as being in respect of his Federal income tax liability is allocated or reallocated in such a manner as to apply it toward his liability for a qualified tax, such allocation or reallocation shall be treated as a payment made by the taxpayer in respect of a State income tax, and shall be deductible under section 164 in the year in which the allocation or reallocation is made. The Internal Revenue Service shall notify the taxpayer in writing of any allocation or reallocation of tax liabilities in a proportion other than that of the respective tax liabilities shown on the taxpayer's returns.

(2) Amounts of collections and liabilities. For purposes of this paragraph the aggregate amount that has been collected from a taxpayer or his employer in respect of tax liability shall include the amounts of interest provided in chapter 67, and additions to tax and assessable penalties provided in chapter 68, which are collected with respect to such tax; but shall not include criminal fines provided in chapter 75, or in title 18 of the United States Code, which are collected with respect to offenses relating to such tax. (See subparagraph (3) of this paragraph (e) with respect to the treatment of such criminal fines.) However, for purposes of this paragraph, the amount of the taxpayer's liability for each tax shall exclude his liability for such interest additions to tax, and assessable penalties with respect to such tax, and his liability for criminal fines imposed with respect to offenses relating to such tax. For purposes of this paragraph, the amount of the taxpayer's liability for each tax shall be computed by taking credits into account, except that there shall be no reduction for any amounts paid on account of such liability, whether by means of withholding, estimated tax payment, or otherwise.

(3) Special rules relating to criminal fines. (i) Except as otherwise provided in subdivision (ii) of this subparagraph, when a criminal charge is brought against a taxpayer with respect to a taxable year pursuant to chapter 75, or to title 18 of the United States Code, or to a corresponding provision of a qualified tax law, alleging that an offense was committed against the United States with respect to the

---

and distributing qualified state, county and municipal taxes. The federal government also prosecutes crimes and collects through civil litigation. See 26 CFR §§ 301.6361-1 through 301.6365-2 and 31 CFR Part 215 for particulars relating to federal-state agreements and their effect on collection, distribution and enforcement.

Withholding from Wages at Source Authorities

Federal income tax or against a State with respect to a qualified tax, and an amount of money is collected by the Federal Government as a fine as a result of such charge, then the Federal Government shall remit an amount to each State, if any, which is an affected jurisdiction. The amount remitted to each such State shall bear the same proportion to the total amount collected as a fine as the taxpayer's liability with respect to the qualified taxes of that State bears to the aggregate of the taxpayer's income tax liabilities to all affected jurisdictions for the taxable year, as determined under subparagraphs (1) and (2) of this paragraph (e). For purposes of this subparagraph, an affected jurisdiction is (A) a jurisdiction with respect to the tax of which a criminal charge described in the preceding sentence was brought for the taxable year, or (B) a jurisdiction with respect to the Federal income tax or the qualified tax of which the acts or omissions alleged in such a criminal charge would constitute the basis for the bringing of a criminal charge for the same taxable year. However, in no case shall the amount received by an affected State, or the amount of the excess of the amount received by the Federal Government over the amount of its remissions to States, with respect to a fine exceed the maximum fine prescribed by statute for the offense against that jurisdiction with respect to which a criminal charge was brought, or with respect to which the bringing of a criminal charge could have been supported on the basis of the acts or omissions alleged in a criminal charge brought. For purposes of this subparagraph, the amount collected as a fine as a result of a criminal charge shall include amounts paid in settlement of an actual or potential liability for a fine, amounts paid pursuant to a conviction and amounts paid pursuant to a plea of guilty or nolo contendere.

(ii) If a criminal charge described in the first sentence of subdivision (i) of this subparagraph is actually brought with respect to the income tax of every affected jurisdiction with respect to the taxable year, and if a Court adjudicates on the merits the taxpayer's liability for a fine to each such jurisdiction, and includes in its decree a direction of the amount, if any, to be paid as a fine to each such jurisdiction, then that decree shall govern the allocation of the amount of money collected by the Federal Government as a fine with respect to the taxable year.

(4) Examples. The application of this paragraph may be illustrated by the following examples:

Example 1. The total combined amount of State X qualified tax and Federal income tax collected from A, a resident of State X, for the taxable year is $5,100. The amounts of A's liabilities for such taxes for that year are $800 to State X and $4,000 to the Federal Government. Since A's tax liability to State X is one-sixth of the combined tax liability ($4,800), one-sixth ($50) of the amount to be refunded to A ($300) is chargeable against State X's account, and five-sixths ($250) is chargeable against the Federal Government's account.

Example 2. Assume the same facts as in example 1 except that the total amount collected from A is $4,500. Since A's liabilities for the State X tax and the Federal tax are one-sixth and five-sixths, respectively, of the combined tax liability, the Federal Government shall pay over to State X one-sixth ($750) of the amount actually collected from A, and the Federal Government shall retain five-sixths ($3,750).

Example 3. The total amount of State X qualified tax, State Y qualified tax, and Federal income tax collected from B, a resident of State X who is employed in State Y, for the taxable year is $5,500. The amounts of B's liabilities for such taxes for that year are: $250 for the State X tax (after allowance of a credit for State Y's qualified tax), $750 for the State Y tax, and $4,000 for the Federal tax. Since B's liability for the State X tax ($250) is 5 percent of the combined tax liability ($5,000), his liability for the State Y tax ($750) is 15 percent of such combined liability, and his liability for the Federal tax ($4,000) is 80 percent of such combined liability, the total amount to be refunded to B ($500) shall be chargeable in the following manner: 5 percent ($25) against State X's account, 15 percent ($75) against State Y's account, and 80 percent ($400) against the Federal Government's account.

Example 4. C is liable for $2,000 in Federal income tax and $500 in State X qualified tax (a resident tax) for the taxable year. However, on his Federal income tax return for such year, C erroneously described himself as a resident of State Y (which does not have a qualified tax), and he filed with such return his declaration to the effect that he had no qualified tax liability for the year. Accordingly, C paid only $2,000 for his Federal tax liability, and such amount was retained in the account of the Federal Government. Subsequently, C's error is discovered. The amount collected by the Federal Government

from C for such year must be allocated between the Federal Government and State X in proportion to C's tax liability to both. Accordingly, the Federal Government must pay over to State X the amount of $400 (which is 1/5 ($500/$2,500) of $2,000 collected). If the Federal Government collects from C the additional $500 owed, it will retain $400 of such amount and pay the remaining $100 to State X. Similarly, if the Federal Government collects from C any interest, or any additions to tax or assessable penalties under chapter 68, 4/5 of the amount of such collections shall be retained by the Federal Government and 1/5 of such amount shall be paid over to State X. However, notwithstanding the allocation of the funds between the taxing jurisdictions, C's liability for the $500 retains its character as a liability for State X tax. Therefore, any interest, additions to tax, or assessable penalties imposed with respect to the State X tax shall be imposed with respect to C's full $500 liability for such tax, notwithstanding the fact that amounts collected with respect to such items shall be allocated 4/5 to the Federal Government.

Example 5. A criminal charge is brought against D pursuant to chapter 75, alleging that he willfully evaded the payment of Federal income tax by failing to report interest income derived from obligations of the United States. D enters a plea of non contendere to the charge and pays $2,500 as a fine to the Federal Government. The act alleged in the criminal charge would not support the bringing of a criminal charge under a State law corresponding to chapter 75, or to title 18 of the United States Code, with respect to the qualified tax of any State; accordingly, the United States is the only affected jurisdiction, and no remittances shall be made to any State with respect to the amount collected by the Federal Government as a fine.

Example 6. A criminal charge is brought against E pursuant to chapter 75, alleging that he willfully attempted to evade the assessment of liability for both Federal income tax and the qualified tax of State X by filing false and fraudulent income tax returns. E's case is settled upon the condition that he pay a fine in the amount of $5,000. As determined pursuant to subparagraph (2) of this paragraph, E's liabilities for the taxable year are in the amounts of $7,200 to the Federal Government and $800 to State X. Accordingly, after the Federal Government collects the fine, $500 ($5,000+$800x$8,000) is remitted to State X.

Example 7. Assume the same facts as in example 6, except that E is tried and convicted on both charges, and pursuant to court decree he pays to the United States a fine of $6,000 with respect to each charge, or a total of $12,000. Because a criminal charge was brought with respect to each affected jurisdiction, and the allocation of the total amount paid as a fine was specifically imposed by a court decree, the direction of the Court shall govern the allocation. Accordingly, after the Federal Government collects the fines it pays over $6,000 to the account of State X.

## 26 CFR § 601.104

{HYPERLINK                              "http://www.westlaw.com/TOC/Default.wl?rs=
1.0&vr=2.0&DB=CFR&DocName=CF004732043&FindType=V&ReferencePositionType=T&ReferenceP
osition=S601.104" }

(a) Collection methods--(1) Returns. Generally, an internal revenue tax assessment is based upon a return required by law or regulations to be filed by the taxpayer upon which the taxpayer computes the tax in the manner indicated by the return. Certain taxpayers who choose to use the Optional Tax Tables may elect to have the Internal Revenue Service compute the tax and mail them a notice stating the amount of tax due. If a taxpayer fails to make a return it may be made for the taxpayer by a district director or other duly authorized officer or employee. See section 6020 of the Code and the regulations thereunder. Returns must be made on the forms prescribed by the Internal Revenue Service. Forms are obtainable at the principal and branch offices of district directors of internal revenue. Forms are generally mailed to persons whom the Service has reason to believe may be required to file returns, but failure to receive a form does not excuse failure to comply with the law or regulations requiring a return. Returns, supplementary returns,

statements or schedules, and the time for filing them, may sometimes be prescribed by regulations issued under authority of law by the Commissioner with the approval of the Secretary of the Treasury or the Secretary's delegate. A husband and wife may make a single income tax return jointly. Certain affiliated groups of corporations may file consolidated income tax returns. See section 1501 of the Code and the regulations thereunder.

(2) Withholding of tax at source. <u>Withholding at the source of income payments is an important method used in collecting taxes.</u> For example, in the case of wage earners, the income tax is collected in large part through the withholding by employers of taxes on wages paid to their employees. The tax withheld at the source on wages is applied as a credit in payment of the individual's income tax liability for the taxable year. In no case does withholding of the tax relieve an individual from the duty of filing a return otherwise required by law. <u>The chief means of collecting the income tax due from nonresident alien individuals and foreign corporations having United States source gross income which is not effectively connected with the conduct of a trade or business in the United States is the withholding of the tax by the persons paying or remitting the income to the recipients. The tax withheld is allowed as a credit in payment of the tax imposed on such nonresident alien individuals and foreign corporations.</u>[25]

(3) Payments of estimated tax. Any individual who may reasonably expect to receive gross income for the taxable year from wages or from sources other than wages, in excess of amounts specified by law, and who can reasonably expect his or her estimated tax to be at least $200 in 1982, $300 in 1983, $400 in 1984, and $500 in 1985 and later is required to make estimated tax payments. Payments of estimated tax are applied in payment of the tax for the taxable year. A husband and wife may jointly make a single payment which may be applied in payment of the income tax liability of either spouse in any proportion they may specify. For taxable years ending on or after December 31, 1955, the law requires payments of estimated tax by certain corporations. See section 6154 of the Code.

[1] Regulations in 26 CFR Part 601 are the Internal Revenue Service procedural regulations required by the Administrative Procedures Act. Although somewhat convoluted, 26 CFR § 601.104(a)(3) verifies that Subtitle A income taxes must be withheld at the source, i.e., from wages and other payments to nonresident aliens and foreign juristic entities. **There is no mention of withholding at the source or from the wages of citizens and residents of the United States. When read in the context of other authorities included this file, IRS Publications 15 & 515 and Form 1040 instructions, this regulation restates the obvious.**

25

Withholding from Wages at Source Authorities

Certifcate of Service

I Steven Roland Drury hereby certifyand sware to the above facts  that I caused a copy of the foregoing to be sent by Cert U.S Mail----    _7 099  3400   0016   2354   0394_    / or by fax  on this day july 13, 2004 to the following  to , Mr .  Christopher N Souris ESQ  of Krakow & Souris , LLC 255 friend street , boston , Ma , 02114

and  to Mr .  Liam T oconnell  ESQ of Holland & night ,10 st james Avenue

boston , Massachusetts 02116  and the united States  Federal  jurisdictional Court in  worcester massachusetts  in the case # 4:03 cv-11422_

_[signature]_

Steven Roland Drury  in propria persona

c/o 18 drury lane , templeton ,

massachusetts , republic  01468

date 07/13/2004