UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEVEN DRURY<br>       Plaintiff,<br><br>       v.<br><br>THE NEW ENGLAND REGIONAL<br>COUNCIL OF CARPENTERS,<br>CARPENTERS LOCAL UNION NO. 107,<br>THOMAS HARRINGTON, ART SISKO,<br>SIMON JAMES, and KENNEDY & ROSSI,<br>INC.,<br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br>03-11422-FDS |

MEMORANDUM & ORDER

**SAYLOR, J.**

This is an action purporting to arise under the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, § 11I.  Plaintiff Steven Drury is a carpenter and a member of The New England Regional Council of Carpenters, Carpenters Local Union No. 107.  Defendants are the union and three union officials (collectively, the "Union Defendants") and Kennedy & Rossi, Inc., a construction company that briefly employed Drury on a project.   Drury has refused to provide his social security number to prospective employers, including Kennedy & Rossi, purportedly on the basis of his religious beliefs.  Not surprisingly, that position led to his termination from Kennedy & Rossi and his subsequent inability to obtain work from other employers.

On May 30, 2003, Drury, proceeding *pro se*, filed a complaint in Worcester Superior Court alleging that defendants violated the Massachusetts Civil Rights Act in various respects.

1

Defendants removed the case to this Court on the grounds that the matter in fact arises under federal law notwithstanding plaintiff's characterization of the cause of action. Mr. Drury has filed a motion to remand to state court. For the reasons set forth below, this Court has federal question jurisdiction over this action, and the motion to remand is denied.

Defendants have also filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on multiple grounds. Although it is true that *pro se* litigants are generally held to less stringent standards than members of the bar, such litigants are not granted special license to waste the time and resources of their opponents or the Court pursuing meritless claims. Here, the underlying premise of Mr. Drury's complaint – that he "rescinded" his social security number based on his "religious" beliefs, and therefore need not provide that number (or any other tax identification number) to prospective employers – is frivolous on its face. Moreover, and in any event, the complaint is also time-barred, having been filed well beyond the relevant six-month limitations period. For that latter reason, and without further reference to the merits of plaintiff's tangled claims, defendants' motion to dismiss for failure to state a claim is granted.

**I.     Background[1]**

Steven Drury has been a member in good standing of the Carpenters Local Union No. 107 for 22 years. During those years, Drury relied upon referrals from the union in order to obtain employment. In June 2000, Art Sisko, a union representative, called Drury and informed him of

---

[1] The complaint in this case is confusing and, at times, indecipherable. The facts set forth in this section are derived from the Court's interpretation of the complaint and various subsequent filings by the plaintiff, of which the Court takes judicial notice. Of course, in ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir. 2000).

an opportunity to work on a project in Groton, Massachusetts, for Kennedy & Rossi, a construction company located in Lexington, Massachusetts. Kennedy & Rossi was one of the companies with whom the union had entered into a collective bargaining agreement governing the terms and conditions of employment of union members.

After working on the project for three days and providing the employer with documents of identification, including an affidavit of citizenship, Kennedy & Rossi asked Drury to provide his social security number for purposes of completing IRS Form W-4 and INS Form I-9. Drury refused, on the purported basis that he has "rescinded" his social security in accordance with his religious beliefs.[2] Kennedy & Rossi told Drury that he could not remain employed with the company if he refused to provide his social security number. Drury signed the two forms but persisted in his refusal to provide his social security number. Kennedy & Rossi then discharged him.

Although he notified the union of his dispute with the employer, the union declined to represent him in that dispute. Drury claims that he repeatedly asked union officials to provide legal authority requiring him to provide his social security number to an employer; the union cited

---

[2] The basis of Mr. Drury's "religious" objection to the use of his social security number is not entirely clear, as most of his filings contain rambling "tax protestor" arguments unrelated to religion. To the extent that religion is referenced, it appears that Mr. Drury is contending that social security numbers constitute the "mark of the beast" within the meaning of the Book of Revelation. *See* plaintiff's motion entitled Supportive Argument to Jurisdiction (state) & (short) Brief in Support of Law Suit and Motions [sic] (Docket No. 25). Even assuming that Mr. Drury holds such a belief sincerely, he is not thereby relieved of his obligation to provide tax identification numbers to prospective employers. "The mere possession of religious convictions which contradict the relevant concerns of a political society does not relieve the citizen from the discharge of political responsibilities . . . ." *Employment Div., Dept. of Human Resources of Or. v. Smith*, 494 U.S. 872, 879 (1990) (quoting *Minersville School Dist. Bd. of Ed. v. Gobitis*, 310 U.S. 586, 594-95 (1940)).

Article 8, section 5 of the collective bargaining agreement, which provides that an employer may require an employee to fill out any forms required by federal or state law.[3]

Drury filed a grievance with the union based upon his termination from Kennedy & Rossi. In a letter dated June 21, 2000, the union refused to process Drury's grievance, advising him that the collective bargaining agreement permits employers to mandate that employees fill out any forms required by law, including Forms I-9 and W-4.[4]  Moreover, the union advised Drury that, given his persistent refusal to fill out federally mandated forms, it would no longer provide him with employment referrals.[5]  As a result, at the time he filed this complaint, Drury had been unemployed for 14 months.

On May 30, 2003, Drury filed a complaint in Worcester Superior Court alleging that the Union Defendants and Kennedy & Rossi had violated his civil rights under Mass. Gen. Laws ch. 12, § 11I.  In particular, Drury claims that the Union Defendants breached their duty "of union

---

[3] Article 8, § 5 of the collective bargaining agreement states, in relevant part, "[c]arpenters shall not be required to fill out or sign any forms, whether before or after being hired, except those required by Federal and State law . . . ."  Although the collective bargaining agreement is not attached to the complaint, it is referenced therein, *see* Compl. ¶ 9, and thus properly considered when deciding a motion to dismiss.  *See Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33-34 (1st Cir. 2001).

[4] "The I-9 is required by 8 U.S.C. § 1324(b)(1)(A) and serves as an attestation that the employer has examined the employment authorization and identification documents of the employee to verify work eligibility."  *See System Mgmt., Inc. v. Loiselle*, 91 F. Supp. 2d 401, 413 (D. Mass. 2000).  Likewise, employees are required by law to complete the Form W-4.  *See U.S. v. Waldeck*, 909 F.2d 555, 559 (1st Cir. 1990) (noting that the W-4 Form states "[t]he law requires that you complete Form W-4 so that your employer can withhold Federal income tax from your pay.").

[5] Although the union's June 20, 2000 letter is not attached to the complaint, it is referenced therein, *see* Compl. ¶ 13, and thus may be considered by the court on a motion to dismiss.  *See id.*

representation and responsibilities" based on their alleged failure to process his grievance and refusal to provide him with employment referrals.[6] *See* Compl. ¶ 13. Drury further appears to claim that Kennedy & Rossi violated his civil rights by requiring him to supply his social security number and wrongfully terminating him for his refusal to do so.

## II. Analysis

### A. Drury's Motion to Remand

On July 30, 2003, the Union Defendants and Kennedy & Rossi removed this matter to this Court, alleging that the case arises under federal law within the meaning of 28 U.S.C. § 1331. On August 15 and 25, 2003, respectively, Drury filed an "emergency" motion to remand and a motion to remand this case to Worcester Superior Court, claiming that the collective bargaining agreement at issue is "a state agreement which provides for the jurisdiction of the state court." The question of whether removal is proper depends upon whether this Court has original jurisdiction over the dispute. *See* 28 U.S.C. § 1441(b) (2004).

Under the well-pleaded complaint rule, whether a case "arises under" federal law ordinarily must be determined from the face of the plaintiff's complaint. *See Franchise Tax Bd. of the State of California v. Constr. Laborers Vacation Tr. for Southern California*, 463 U.S. 1, 9-10 (1983). Nonetheless, a complaint which, on its face, states a cause of action under state law, may present a cause of action "arising under" federal law where (1) a substantial, disputed question of federal law is a necessary element of the state law claim or (2) the state law claim is actually a claim under federal law. *See id.* at 13.

---

[6] Drury also alleges that the individual defendants "illegally" gave Kennedy & Rossi his "rescinded" social security number. *See* Compl. at ¶ 13.

The complaint in this case, while purporting to state a claim under Mass. Gen. Laws ch. 12, § 11I, in essence alleges violations concerning (1) the Union Defendants' duty of representation and (2) Kennedy & Rossi's right to terminate Drury based upon his refusal to provide his social security number, an issue governed by the terms of the collective bargaining agreement. Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), confers exclusive federal jurisdiction over disputes concerning the violation of contracts between an employer and a labor organization.[7]  *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985); *BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers of Am.*, 132 F.3d 824, 829 (1st Cir. 1997). Indeed, the United States Supreme Court has determined that § 301 expresses a federal policy "that the substantive law to apply in § 301 cases 'is federal law, which the courts must fashion from the policy of our national labor laws.'" *Allis-Chalmers*, 471 U.S. at 209 (quoting *Textile Workers v. Lincoln Mills*, 353 U.S. 448 (1957)).

Accordingly, § 301 preempts a state law claim "if the resolution of that claim depends upon the meaning of a collective-bargaining agreement." *BIW Deceived*, 132 F.3d at 829 (internal quotes and citation omitted). The state law claim need not be a claim for breach of contract. *See Allis-Chalmers*, 471 U.S. at 210-11 (extending preemption to state law tort claims); *Marsman v. W. Electric Co.*, 719 F. Supp. 1128, 1141 (D. Mass. 1988) (claims under Mass. Gen. Laws ch. 12, §§ 11H and 11I preempted by federal labor law). A state law claim can depend upon the meaning of a collective bargaining agreement in one of two ways: (1) the claim

---

[7] Section 301 of the LMRA, 29 U.S.C. § 185(a) states, in relevant part,

[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties . . . .

may allege the violation of a duty that arises from the agreement itself or (2) the claim may require a court to interpret a specific provision of the agreement.  *See BIW Deceived*, 132 F.3d at 829-30.  Preemption also can occur in claims alleging a union's breach of the duty of fair representation.  *Id.* at 830.  A union's duty of fair representation implicates § 9(a) of the National Labor Relations Act, 29 U.S.C. § 159 (a), and thus claims based on that duty are governed by federal law.[8]  *See id.*

In the instant case, Drury's claims against the Union Defendants, although couched in terms of violations of his state civil rights, are clearly claims for breach of the duty of fair representation.  Accordingly, those claims are preempted by federal labor law and were properly removed to this Court under 28 U.S.C. § 1441.  Likewise, Drury's claim against Kennedy & Rossi is also preempted because it would require a court to determine whether the company had the right to instruct Drury to provide his social security number on the Forms I-9 and W-4 and whether it was permitted to terminate him for his refusal to provide such information.  Those rights are governed by the collective bargaining agreement and thus properly decided under federal labor law.[9]  *See Flibotte v. Pa. Truck Lines, Inc.*, 131 F.3d 21, 26-27 (1st Cir. 1997)

---

[8] Section 9(a) of the NLRA, 29 U.S.C. § 159(a), states, in relevant part,

> [r]epresentatives designated or selected for the purposes of collective bargaining . . . shall be the exclusive representatives of all the employees . . . for the purposes of collective bargaining in respect to rates of pay, wages, hours . . . or other conditions of employment . . . .

[9] Drury's claim against Kennedy & Rossi was also properly removed to this Court pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367(a), because that claim arose from the same nucleus of operative facts as Drury's other claims.  *See BIW Deceived*, 132 F.3d at 833-34 ("A federal court that exercises federal question jurisdiction over a single claim may also assert supplemental jurisdiction over all state-law claims that arise from the same nucleus of operative facts.").  Likewise, this Court has supplemental jurisdiction over any claims under Mass.

(holding that plaintiff's negligence claims against his employer (based on his termination) were preempted by § 301 because the merit of those claims could be determined only be reference to the employer's rights and responsibilities under the collective bargaining agreement).

### III.    The Motions To Dismiss

####    A.    Standard of Review

A court should not dismiss a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "unless it appears, beyond doubt, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 34 (1st Cir. 2002)(citing *Roeder v. Alpha Indus., Inc.*, 814 F.2d 22, 25 (1st Cir. 1987) and quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint, and matters of which judicial notice can be taken. *Nollet v. Justices of the Trial Court of Mass.*, 83 F. Supp. 2d 204, 208 (D. Mass. 2000) *aff'd*, 248 F.3d 1127 (1st Cir. 2000) (unpublished opinion).  Further, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir. 2000).

The standard for surviving a motion to dismiss is more forgiving when *pro se* litigants are involved.  In fact, federal courts have determined that *pro se* complaints must be held to "less stringent standards than formal pleadings drafted by lawyers." *Navedo v. Maloney*, 172 F. Supp.2d 276, 283 (D. Mass. 2001) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

---

Gen. Laws ch. 12, § 11I against the individual Union Defendants, to the extent Drury is complaining that they gave Kennedy & Rossi his "rescinded" social security number, or against Kennedy & Rossi for accepting such information.

### B. The Union Defendants

The Union Defendants contend that Drury's claims under Mass. Gen. Laws ch. 12, §11I are time-barred on their face and thus should be dismissed. Claims for breach of a union's duty of fair representation are governed by the same six-month period of limitations as claims under § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). *See DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 169-72 (1983). Here, Drury learned of the union's refusal to process his grievance and decision not to refer him to future employment opportunities at least as early as June, 2000. Because he waited nearly three years to file his complaint based upon the union's breach of its duty of fair representation, Drury's claims are time-barred and should be dismissed.

### C. Kennedy & Rossi

Kennedy & Rossi contend that Drury's claim against them should be dismissed for failure to exhaust administrative remedies as required by the terms of the collective bargaining agreement. Ordinarily, in a dispute between an employee and his employer, the employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement and, subject to limited judicial review, he is bound by the result of those administrative proceedings. *Id.* at 163-64. However, that rule "works an unacceptable injustice when the union representing the employee in the grievance/arbitration procedures acts in such a . . . fashion as to breach its duty of fair representation." *Id.* at 164. In those cases, the employee may bring suit against both the employer and the union regardless of the outcome of the grievance procedures under the collective bargaining agreement. *Id.*

Although, as a formal matter, claims against an employer for violation of the collective

bargaining agreement and claims against a union for breach of the duty of fair representation comprise two causes of action, they are "inextricably interdependent." *Id.* at 164-65. In order to prevail against either the employer or the union, the plaintiff must show that his termination from employment was contrary to the collective bargaining agreement *and* that the union breached its duty of fair representation (otherwise, his claim against the employer would be barred for failure to exhaust his administrative remedies). *Id.* Accordingly, both claims are governed by the same six-month statute of limitations borrowed from § 10(b) of the National Labor Relations Act. *Id.* at 164-65, 169-72.

Here, because, Drury waited nearly three years to bring his claim of improper termination against Kennedy & Rossi, that claim should also be dismissed as time-barred.[10]

## ORDER

For the reasons stated in the foregoing memorandum, plaintiff's motions to remand (Docket Nos. 2, 10) are DENIED, and defendants' motions to dismiss (Docket Nos. 17, 21, 37) are GRANTED. The following additional outstanding motions are DENIED as moot:

(1) Plaintiffs' Emergency Motion to Address Conflict of Interest (Docket No. 3);

(2) Plaintiff's Motion to Preserve all Documents For Discovery (Docket No. 9);

(3) Plaintiff's Motion for an Emergency Preliminary Injunction (Docket No. 11);

---

[10] To the extent that Drury purports to state a claim against either the Union Defendants or Kennedy & Rossi on the grounds that the individual defendants provided the employer with Drury's "rescinded" social security number in violation of 42 U.S.C. § 408 (a)(8), that claim likewise is dismissed. As a threshold matter, 42 U.S.C. §408 (a)(8) is a criminal statute which does not provide for civil relief. Moreover, to the extent that such a claim is not governed by federal labor law (and thus not time-barred), Drury has failed to state a claim under Mass. Gen. Laws ch. 12, § 11I, because he has failed to allege how the provision of his "rescinded" social security number to an employer constitutes threats, intimidation, or coercion which interfered with his ability to exercise his constitutional rights.

(4)   Plaintiff's Motion to Amend Complaint (Docket No. 16);

(5)   Plaintiff's Motion to Suppress Use of "Natgun" Documents by Defense (Docket No. 31);

(6)   Union Defendants' Motion to Defer Responses to Various Filings (Docket No. 33);

(7)   Plaintiff's Emergency Motion for a Preliminary Injunction (Docket No. 40);

(8)   Plaintiff's Emergency Motion for Affidavit of Indigence under Rule 4 (Docket No. 41); and

(9)   Plaintiff's Motion to Split the Case and to Void all Defendants' Motions Due (Docket No. 43).

So Ordered.

/s/ F. Dennis Saylor
F. Dennis Saylor
United States District Judge

Dated: July 28, 2004